UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- X
HEIDI BOULES, M.D., MIA CASTRO, M.D.,   :
ASHLEY ELTORAI, M.D., JODI-ANN   :
OLIVER, M.D., LORI-ANN OLIVER, M.D. and   :  Index No.: 3:20-cv-00330 (JBA)
ELIZABETH REINHART, M.D.,   :
  :
       Plaintiffs,   :
  :
   v.   :
  :   **FORM 26(f) REPORT OF**
YALE UNIVERSITY, YALE NEW HAVEN   :   **PARTIES' PLANNING MEETING**
HOSPITAL, INC. and MANUEL LOPES   :
FONTES, M.D, in his individual and professional   :
capacities,   :
  :
       Defendants.   :
------------------------------------------------------------- X

Date Complaint Filed:   March 12, 2020

Date Complaint Served:   March 17, 2020 as to Defendant Yale University and Defendant Manuel Lopes Fontes, M.D.;.Defendant Yale New Haven Hospital, Inc. was served on March 16, 2020.

Date of Defendants' Appearances:   Yale University: March 30, 2020
               Manuel Lopes Fontes, M.D.:  March 13, 2020
               Yale New Haven Hospital, Inc.: April 6, 2020

   Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on Thursday, April 9, 2020. The participants were:

     Tanvir H. Rahman, Esquire for plaintiffs, Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D.
     Patrick M. Noonan, Esquire for defendant, Yale University
     Robert B. Mitchell, Esquire for defendant, Manuel Lopes Fontes, M.D.
     Sarah R. Skubas, Esquire for defendant, Yale New Haven Hospital, Inc.

**I.      CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certifies that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

   **A.      Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over Plaintiffs' federal law claims against Defendants Yale University and Yale New Haven Hospital, Inc. pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq* ("Title IX").  While Plaintiffs claim that the Court has supplemental jurisdiction over State claims brought against Defendant Fontes; Defendant Fontes does not agree that any such permissive jurisdiction should be exercised in this case.

   **B.      Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF CASE**

   **A.      Claims of Plaintiffs:**

The Plaintiffs, Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D., allege that the Defendants Yale University and Yale New Haven Hospital, Inc. deprived them of their rights under Title IX. All six Plaintiffs claim that they were sexually harassed by Defendant Manuel Lopes Fontes, M.D., and that, after complaining about Dr. Fontes' sexual harassment to officials at Yale

University and Yale New Haven Hospital, Inc., Drs. Castro and Eltorai were then subjected to retaliation for their complaints.  In addition, Dr. Eltorai alleges that Defendants discriminated against her based upon her pregnancy and then retaliated against her for registering a pregnancy discrimination complaint.  Plaintiffs also allege intentional tort claims against Dr. Fontes for assault, battery and invasion of privacy.

      **B.**     **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

Defendant, Yale University, denies all of Plaintiffs' claims.  Yale University did not discriminate against the Plaintiffs; they properly followed all of the University's procedures in addressing the allegations made by the Plaintiffs.

Defendant, Manuel Lopes Fontes, M.D., denies all of Plaintiffs' claims and will assert affirmative defenses to Plaintiffs' claims in his response to the Complaint or as may be proven at trial.  He reserves the right to add and subtract affirmative defenses as may be indicated by the course of discovery.

Defendant, Yale New Haven Hospital, Inc., denies all material allegations in Plaintiffs' Complaint and will assert defenses to Plaintiffs' claims as set forth in its Response to the Complaint or to be proven at trial.  Defendant Yale New Haven Hospital, Inc. reserves the right to add additional or other defenses, or to delete or withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.

      **C.**     **Defenses and Claims of Third-Party Defendants:**  This is not applicable.

**IV.**    **STATEMENT OF UNDISPUTED FACTS**

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and were unable to agree to any undisputed facts at this time.

V.     **CASE MANAGEMENT PLAN**

    A.     **Coronavirus Considerations**

On March 20, 2020, Connecticut Governor Ned Lamont issued Executive Order No. 7H ("EO No. 7H"), directing that all non-essential businesses reduce their in-person workforce by one hundred percent no later than March 23, 2020, because of the Coronavirus global health crisis. As of the filing of this Joint Report, EO No. 7H is still in effect. Additionally, all parties involved in this litigation are healthcare providers who are directly impacted by COVID-19. As demonstrated below, the parties wish to take into account EO No. 7H and its workplace restrictions when proposing deadlines in the Case Management Plan. In light of EO No. 7H and the uncertainty surrounding the ongoing pandemic, the parties respectfully request the right to seek modifications to the deadlines set forth herein for good cause.

    B.     **Initial Disclosures**

The parties agree to comply with the Initial Discovery Protocol for Employment Cases Alleging Adverse Action (the "Protocol").

    C.     **Scheduling Conference**

        1.     The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

        2.     The parties prefer that a scheduling conference, if one is required, be conducted by telephone.

D. **Early Settlement Conference**

    1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2. The parties do not request an early settlement conference.

    3. If and when a settlement conference is held, the parties prefer a settlement conference with a Magistrate Judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E. **Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1. Plaintiffs should be allowed until 90 days following receipt of releases of jurisdiction from the CHRO and right to sue notices from the EEOC or until August 10, 2020 (whichever date is later) to file motions to join additional parties and to file motions to amend the pleadings. Motions to join additional parties and to amend the pleadings filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    2. Defendants should be allowed until August 10, 2020 to file motions to join additional parties and until 2 weeks after any motion to file an amended complaint to respond to such motion. Motions to join additional parties or to respond to the complaint filed after the foregoing dates will require, in

addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**F.      Discovery**

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case:"

1. The parties anticipate that discovery will be needed on all factual allegations of the Complaint and the Plaintiffs' damages claims.

2. All written and electronic discovery requests will be commenced by May 1, 2020 and complete (not propounded) by October 1, 2020 with the exception of discovery requests for information learned during depositions.

3. Absent good cause and/or agreement of the parties, discovery will be conducted in phases, with document discovery first (with the exception of discovery related to information learned during depositions), followed by fact witness depositions, which in turn will be followed by expert disclosure and depositions of expert witnesses (if any).

4. A damages analysis will be provided by any party seeking damages no later than September 1, 2020

5. The parties anticipate that Plaintiffs will require a total of 10 depositions of fact witnesses and that Defendants will require a total of 8 to 15 depositions of fact witnesses each. Fact depositions will commence by October 2, 2020 and be completed by March 1, 2021. The parties reserve all rights pursuant to Fed. R. Civ. P. 30.

6. The parties do not request permission to serve more than 25 interrogatories upon each plaintiff or each defendant.

7. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than 14 days following the fact deposition end date as set forth in paragraph V(F)(5). Depositions of any such experts will be completed with one month thereafter.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than one month following the fact deposition end date as set forth in paragraph V(F)(5), or one month following the depositions of Plaintiff's experts, whichever date is later, as set forth in paragraph V(F)(7). Depositions of such experts will be completed within 21 days thereafter.

9. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

    a. Parties will preserve relevant and responsive ESI, including all ESI from any potentially relevant custodians, and continue routine

      computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information.

b.     Parties will produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Fed. R. Civ. P. 26(b)(2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery.

c.     ESI responsive to discovery requests will be produced in either hard copy or in pdf or TIFF format on compact discs or other appropriate storage media, or through email or a file transfer protocol (FTP), except for spreadsheets which are to be produced electronically, in native file format.

d.     Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable.

e.     Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown, unless otherwise agreed to by the parties.

f.     Plaintiffs shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiffs' possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

g.     Defendants shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendants' possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.[1]

---

[1] Plaintiffs will also be seeking, and hereby put Defendants on notice of their intent to seek, documents and information: (i) concerning or relating to the allegations of the Complaint in Defendants' possession custody or control for the time period commencing January 1, 2015 to the present and not merely from two years prior to the filing of the Complaint to the present; (ii) pertaining to Dr. Fontes' prior employment at and/or connected to Duke University and Cornell University; (iii) pertaining to any accusations and/or investigations into sexual misconduct or gender-based discrimination or harassment concerning employees/personnel at Yale University

10. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: The parties shall preserve all relevant non-electronically stored records. The parties shall take steps to prevent the destruction of potentially relevant non-electronically stored records. Unless otherwise agreed to by the parties, all such documents produced in accordance with a discovery request shall be provided in PDF format.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

   a. If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party

---

School of Medicine and Yale New Haven Hospital from January 1, 2005 to the present; and (iv) without any temporal limitation, documents and information pertaining to Dr. Fontes' application to work at Yale University or Yale New Haven Hospital. Defendants Fontes and Yale New Haven Hospital, Inc. dispute such documents are reasonably calculated to lead to admissible evidence.

disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

### G.  OTHER SCHEDULING ISSUES

Not applicable.

### H.  SUMMARY JUDGMENT MOTIONS

Summary judgment motions, which must comply with Local Rule 56, will be filed by or before 2 months from the date that all discovery is completed.

### I.  JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

## VI.  TRIAL READINESS

The case will be ready for trial within 30 days of the filing of a joint trial memorandum. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiffs, Mia Castro, M.D., Heidi Boules, M.D.,
Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D.,
Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D.**

By: /s/ Tanvir H. Rahman                  Date: April 23, 2020
Douglas H. Wigdor, Esq.
Michael J. Willemin, Esq.
Tanvir H. Rahman, Esq.
WIGDOR LLP
85 Fifth Avenue
New York, NY 10003
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
trahman@wigdorlaw.com
T: 212-257-6800
F: 212-257-6845
(All admitted *pro hac vice*)

Todd. D. Steigman, Esq.
MADSEN, PRESTLEY & PARENTEAU, LLC
402 Asylum Street
Hartford, CT 06103
tsteigman@mppjustice.com
T: 860- 246-2466
F: 860-246-1794
Federal Bar Number: ct26875

**Defendant, Yale University**

By:/s/Patrick M. Noonan                   Date: April 23, 2020
Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
PNoonan@ddnctlaw.com
T: 203-458-9168
F: 203-458-4424
Federal Bar Number: ct00189

**Defendant, Manuel Lopes Fontes, M.D.**

By:/s/ Robert B. Mitchell                      Date: April 23, 2020
Robert B. Mitchell, Esq.
Mitchell & Sheahan, P.C.
999 Oronoque Lane, Suite 203
Stratford, CT 06614
rbmitchell@mitchellandsheahan.com
T: 203-873-0240
F: 203-873-0235
Federal Bar Number: ct30226

**Defendant, Yale New Haven Hospital**

By:/s/ Sarah R. Skubas,                       Date: April 23, 2020
Sarah R. Skubas, Esq.
Jackson Lewis
90 State House Sq., 8th Fl.
Hartford, CT 06103-3708
sarah.skubas@jacksonlewis.com
T: 860-522-0404
F: 860-247-1330
Federal Bar Number: ct28327