# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Tanvir H. Rahman**
trahman@wigdorlaw.com

April 27, 2020

**VIA ECF**

The Honorable Janet Bond Arterton
Senior United States District Judge for the District of Connecticut
Richard C. Lee United States Court House
141 Church Street - Room Number 118
New Haven, Connecticut 06510

      Re:    Castro, M.D., *et al*. v. Yale University, *et al.*; Case No.: 3:20-cv-00330 (JBA)

Dear Judge Arterton:

We represent Plaintiffs in the above-referenced matter and write in response to Defendant Manual Lopes Fontes, M.D.'s motion for a Telephonic Pre-Filing Conference concerning his proposed motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) (the "Proposed Motion"). See Dkt. No. 27. The Court has scheduled a telephonic conference in regards to the Proposed Motion on May 13, 2020. See Apr. 24, 2020 Dkt. Txt. Order. For the foregoing reasons, the Proposed Motion has no merit and will be futile; therefore, pursuant to Rule 1, it should be withdrawn.

This is an employment discrimination, sexual harassment and retaliation case brought by six female anesthesiologists who all presently work at Defendants Yale University and Yale New Haven Hospital (together, the "Yale Defendants"), and were supervised by Defendant Fontes. Dkt. No. 1 at ¶¶ 18-27. Each of the Plaintiffs alleges that she was sexually harassed by Defendant Fontes, whose unlawful conduct against these women included forced kissing, grabbing, coercive hugging, uninvited touching and/or unwanted sexual propositioning. See id. at ¶¶ 76-161. Plaintiffs allege that the Yale Defendants violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX") by discriminating against them based on their sex. See id. at ¶¶ 162-170. Two of the plaintiffs also allege that they were unlawfully retaliated against after raising complaints against Defendant Fontes, in further violation of Title IX. See id. at ¶¶ 171-175. All six plaintiffs also allege tort claims of battery, assault and invasion of privacy against Defendant Fontes. See id. at ¶¶ 176-185.

Notably, all six plaintiffs have filed Charges of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") (the "Charges"), which were cross-filed with the Connecticut Commission on Human Rights and Opportunities (the "CHRO"). Id. at ¶¶ 12-13. Plaintiffs will seek Notices of Right to Sue from the EEOC and Requests for Release of

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

The Honorable Janet Bond Arterton
April 27, 2020
Page 2

Jurisdiction from the CHRO when each agency's administrative waiting period expires.[1]  Id. at ¶ 14.  Upon receipt, Plaintiffs will seek leave to amend their Complaint to assert causes of action for discrimination, sexual harassment and retaliation under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e et seq. ("Title VII"), and under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-51 et seq. ("CFEPA").  Id. at ¶ 14.

Defendant Fontes' Proposed Motion seeks dismissal of the tort claims alleged against him on the basis that the Court should not exercise supplemental jurisdiction because the claims purportedly do not overlap with Plaintiffs' Title IX claims.  This is obviously incorrect.  The tort claims are, in fact, related and inextricably tied to Plaintiffs' Title IX claims.  Indeed, Plaintiffs each allege that they were sexually harassed and unwantedly touched, grabbed and/or kissed by Defendant Fontes, who was their supervisor.  Each Plaintiff's Title IX claims, therefore, arose directly from the tortious acts that Plaintiffs accuse Defendant Fontes of committing (i.e., battery, assault and invasion of privacy).  Accordingly, supplemental jurisdiction over these tort claims is appropriate.

However, even arguendo Defendant Fontes' position has merit -- which ab initio it does not -- the Proposed Motion will ultimately be an exercise of futility because Defendant Fontes will be a defendant in this action regardless of the disposition of his Proposed Motion.  Unlike Title IX or Title VII, individuals, such as Defendant Fontes, may be held liable under CFEPA.  See, e.g., Conn. Gen. Stat. § 46a-60(b)(5) ("It shall be a discriminatory practice … [f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel, incite compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so").  Plaintiffs intend to assert CFEPA causes of actions against the Yale Defendants and Dr. Fontes in this action as soon as the CHRO releases jurisdiction over the claims.[2]  Plaintiffs respectfully submit that this Court should exercise supplemental jurisdiction over Plaintiffs' CFEPA claims, which undeniably overlap with Plaintiffs' claims under Title IX and Title VII.

Furthermore, Rule 1 supports this Court's exercise of supplemental jurisdiction over the tort claims alleged against Defendant Fontes and concomitantly should impel Defendant Fontes to withdraw his Proposed Motion.  Rule 1 requires that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Here, even if, arguendo, the Court both grants

---

[1]  Plaintiffs' Charges were filed either on December 4, 2019 or December 5, 2019.  Id. at ¶ 12.  Therefore, the 180-day waiting period before a complainant may request a Notice of Right to Sue from the EEOC and a Release of Jurisdiction from the CHRO will end on June 1 and June 2, 2020, respectively.  Of course, either agency has the discretion to conclude its administrative process earlier if it so chooses.

[2]  Given that the CHRO's 180-day waiting period with respect to its jurisdiction over Plaintiffs' CFEPA claims will expire on June 1 and June 2, respectively, the Proposed Motion, to the extent it goes forward, will likely not be fully briefed and ripe for a determination by the time Plaintiffs are able to assert CFEPA claims in this action.



Defendant Fontes' Proposed Motion and declines to exercise supplemental jurisdiction over Plaintiffs' tort claims, Plaintiffs will still have the ability to re-file their tort claims in state court. See Silvera v. Conn. Dept. of Corrections, 726 F.Supp.2d 183, 199–200 (D.Conn. 2010) (declining to exercise supplemental jurisdiction over and dismissing, without prejudice, state law claims to allow plaintiff to file claims in state court).  Then, once the CHRO releases jurisdiction over their CFEPA claims, Plaintiffs will seek leave to add CFEPA claims against the Yale Defendants and Defendant Fontes in this action, which, respectfully, we anticipate the Court granting.  As a result, two courts would then be simultaneously adjudicating Plaintiffs' claims against Defendant Fontes, with both actions involving the same parties and arising out of the same set of facts and controversies.  Such an outcome will certainly not promote the "just, speedy, and inexpensive determination" of Plaintiffs' claims.  Rather, such a scenario would lead to quite the opposite, as it would cause needless delay, an unnecessary waste of scarce resources (both judicial and private) and the real risk of inconsistent judgments.

Lastly, any (as yet unidentified) "divergent interests" between the Yale Defendants and Defendant Fontes, see Dkt. No. 27 at 3 of 5, and any distinctions between the types of proof vis-a-vis the federal and state claims asserted herein, see id., can be adequately addressed by the Court.  Indeed, it is beyond cavil that federal courts routinely adjudicate both federal and state claims in the same action, even when parties with "divergent interests" are involved.

For the foregoing reasons, Defendant Fontes' Proposed Motion is meritless and futile; accordingly, it should be withdrawn.  We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Tanvir H. Rahman