**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | |
| MIA CASTRO, M.D., HEIDI BOULES, M.D, | : | CIVIL ACTION NO. |
| ASHLEY ELTORAI, M.D., JODI-ANN | : | 3:20-cv-00330-JBA |
| OLIVER, M.D., LORI-ANN OLIVER, M.D., | : | |
| AND ELIZABETH REINHART, M.D. | : | |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, YALE NEW HAVEN | : | |
| HOSPITAL, INC., AND MANUEL LOPES | : | |
| FONTES, M.D. | : | |
| | : | |
| DEFENDANTS | : | MAY 6, 2020 |

**YALE UNIVERSITY'S MOTION FOR**
**A TELEPHONIC PRE-FILING CONFERENCE**

Pursuant to the Pretrial Preferences of Judge Janet Bond Arterton governing dispositive

motions, the defendant, Yale University, hereby moves for a pre-filing conference before filing

the following motions: (1) a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, seeking the dismissal of the plaintiffs' sex-based employment discrimination

and retaliation claims under Title IX on the grounds that (a) Title VII is the plaintiffs' exclusive

remedy; (b) the retaliation claims are legally insufficient because the plaintiffs have not alleged

an adverse employment action; and (c) in the alternative, the hostile work environment claims

asserted by Drs. Lori-Ann and Jodi-Ann Oliver are legally insufficient because they do not

allege severe and pervasive harassment by Dr. Fontes, which is required to state a claim for

hostile work environment; and (2) a motion to strike pursuant to Rule 12(f) of the Federal Rules

**DONAHUE, DURHAM & NOONAN, P.C.**
CONCEPT PARK   •   741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168   •   FAX: (203) 458-4424
JURIS NO. 415538

of Civil Procedure, requesting that Paragraphs 28 through 50 of the plaintiffs' Complaint—which describe in detail several prior sexual misconduct lawsuits brought against Yale University by parties not involved in the present litigation, as well as findings from a survey regarding sexual harassment of undergraduate students at Yale University—are "irrelevant, immaterial and impertinent" within the meaning of Rule 12(f).  Due to the current health crisis, Yale University requests a telephonic, rather than an in-person, conference.

I.    **BRIEF FACTUAL BACKGROUND**

The plaintiffs, Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D., initiated the present action against Yale University, Yale New Haven Hospital, and Manuel Lopes Fontes, M.D., by way of a Complaint dated March 12, 2020.  All six plaintiffs are female anesthesiologists.  Drs. Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver are attending physicians employed by Yale University; Dr. Castro is an anesthesiology fellow; and Dr. Reinhart is a third-year resident. (Id., at ¶¶ 4, 18-23, 24.) Both are employed by Yale New Haven Hospital.  In their Complaint, the plaintiffs allege that they were sexually harassed by the co-defendant, Dr. Manuel Lopes Fontes, during the course of their employment.  (Id.)

II.   **GROUNDS FOR MOTION TO DISMISS AND MOTION TO STRIKE**

A.   *Motion to Dismiss*

i.   *Title VII is the Plaintiffs' Exclusive Remedy.*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Yale University seeks to dismiss the plaintiffs' Title IX claims because Title IX does not contain an implied right of action to bring an employment discrimination claim.  Accordingly, the vast majority of District Courts in the Second Circuit have found that Title VII provides the *exclusive* remedy

for individuals alleging employment discrimination on the basis of sex.  See e.g., Gayle v. Children's Aide College Prep Charter School, 2019 U.S. Dist. LEXIS 126997, at *14-17 (S.D.N.Y. July 29, 2019) ("An overwhelming majority of district courts in this Circuit have found that an implied private right of action *does not* exist under Title IX for employees alleging gender discrimination in the terms and conditions of their employment"); Philpott v. New York, 252 F. Supp. 3d 313, 318-19 (S.D.N.Y. 2017) (Hellerstein, J.) ("I join many other courts in this district and hold that employment discrimination claims are not actionable under Title IX"); Carter v. City of Syracuse Sch. Dist., 2012 U.S. Dist. LEXIS 36612, at *3-4 (N.D.N.Y. Aug. 8, 2016) (Scullin, J.) (". . . Title VII provides the exclusive means under which a plaintiff may recover for employment discrimination on the basis of sex"); Summa v. Hofstra Univ., 2011 U.S. Dist. LEXIS 37975, at *17-18 (E.D.N.Y. Apr. 7, 2011) (Wall, J.) ("Based upon my review of the applicable case law, I am persuaded that the better argument is to limit an employee's avenue of redress to Title VII"); Towers v. State Univ. of N.Y. at Stony Brook, 2007 U.S. Dist. LEXIS 37373, at *3-4 (E.D.N.Y. May 21, 2007) (Block, J.) ("The Court agrees with those courts that have held that Title IX cannot be used to circumvent the remedial scheme of Title VII"); Mehrhoff v. William Floyd Union Free Sch. Dist., 2005 U.S. Dist. LEXIS 46326 *25 (E.D.N.Y. August 22, 2005) (Seybert, J.) (dismissing Title IX claims, observing that "many district courts in the Second Circuit have agreed with the Fifth Circuit which held that Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex'"); Gardner v. St. Bonaventure Univ., 171 F. Supp. 2d 118, 128 (W.D.N.Y. 2001) (Foschio, J.) ("the court finds that no private right of action exists for employees of federally funded educational institutions who are the victims of employment discrimination"); George v. Liverpool Cent. Sch. Dist., 2000 U.S. Dist.

LEXIS 14793 *38 (N.D.N.Y. September 29, 2000) (Mordue, J.) ("Therefore, the Court finds that Title VII provides the exclusive means for plaintiff to recover against defendant in her employment discrimination claims and dismisses her claims brought under Title IX"); <u>Vega v. State Univ. of N Y. Bd. of Trustees</u>, 2000 U.S. Dist. LEXIS 4749, at *3 (S.D.N.Y. Apr. 13, 2000) (Cote, J.) ("This Court agrees with the Fifth Circuit and numerous district courts that have held that Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex"); <u>Burrell v. City University of New York</u>, 995 F. Supp. 398 (S.D.N.Y. 1998) (Sweet, J.) ("Title VII is meant to offer the exclusive remedy for employment discrimination based on sex").

Consistent with the overwhelming majority of District Courts in this Circuit, just over one month ago, Judge Dooley dismissed the sex-based discrimination and retaliation claims asserted under Title IX by a former Wesleyan University professor.  <u>See</u>, <u>Othon v. Wesleyan University</u>, 2020 U.S. Dist. LEXIS 53580 (D. Conn. Mar. 27, 2020) (Dooley, J.)  After providing a thorough analysis of relevant precedents from the Supreme Court and other Circuits, Judge Dooley concluded that "there is no private remedy under Title IX for employment discrimination claims," and granted Wesleyan University's motion to dismiss. <u>Id.</u>, at *22.

Likewise, three years earlier, in <u>Uyar v. Seli</u>, 2017 U.S. Dist. LEXIS 30853 (D. Conn. Mar. 6, 2017), Judge Bryant dismissed the plaintiff's Title IX sexual harassment claims against Yale University, stating:

> Title VII is Plaintiff's exclusive remedy . . . Title IX was not intended to enable employees of educational institutions complaining of gender discrimination to bypass the remedial scheme congress established in Title VII.  Because all of the

> allegations in the Complaint relate to the Plaintiff's employment,
> Count IV must be dismissed.

(Internal quotation marks omitted)  Id., *16, citing Urie v. Yale Univ., 331 F. Supp. 2d 94, 97-98 (D. Conn. 2004).

Judge Bryant's holding in Uyar echoed Judge Chatigny's reasoning in Urie v. Yale University, 331 F. Supp. 2d 94 (D. Conn. 2004).  In that case, Judge Chatigny dismissed the Title IX gender discrimination claims brought against Yale University by a former student and teaching fellow at the Divinity School, stating: "I conclude that the allegations of the complaint fail to state a claim for relief based on teacher-student harassment, and that the exclusive remedy for the discrimination plaintiff claims to have suffered while a teaching fellow is provided by Title VII of the Civil Rights Acts of 1964."  Id., at *95.

Yale University submits that the present plaintiffs' gender discrimination and retaliation claims brought under Title IX should be dismissed in accordance with Othon, Uyar, and Urie, and the vast majority of district courts within the Second Circuit which have addressed this issue.

> ii.  *The Plaintiffs' Retaliation Claims are Legally Insufficient Because They Have Failed to Allege That Yale University Took an Adverse Employment Action Against Them.*

The plaintiffs' retaliation claims should be dismissed because they have not alleged that they suffered an adverse employment action, one of the necessary elements to state a claim for discriminatory retaliation.  To establish a *prima facie* case of retaliation under Title IX, the plaintiffs must allege facts to support each of the following elements: (1) they engaged in protected activity of which Yale University was aware, (2) Yale University took an adverse employment action against them, and (3) a causal connection exists between the

5

protected activity and the adverse employment action. <u>Jordan v. Corning Community College</u>, 2011 U.S. Dist. LEXIS 107289, at *14 (W.D.N.Y. Sep. 22, 2011) (Telesca, J.); <u>Paulino v. N.Y. Printing Pressman's Union, Local Two</u>, 301 Fed. Appx. 34, 37 (2d Cir. 2008) (Sack, J.).  The Second Circuit has concluded that "[a] plaintiff sustains an adverse employment action if he or she endures 'a materially adverse change' in the terms and conditions of employment." <u>Galabya v. New York City Bd. of Educ.</u>, 202 F.3d 636, 640 (2nd Cir. 2000) (Parker, J.).  To rise to the level of "materially adverse," "a change in working conditions must be more than a mere inconvenience or an alteration of job responsibilities." <u>Id.</u>  "A materially adverse change in working conditions might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other [such] indices . . . ." <u>Id.</u>, at *640.

The present plaintiffs have not alleged that they were terminated, demoted, or suffered a decrease in salary or benefits; according to the plaintiffs' Complaint, the adverse employment action allegedly taken by Yale University was "failing to properly investigate their claims of discrimination and sexual assault in retaliation of their protected activity." (Complaint, at ¶ 172.)  The Second Circuit has established that "an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint." <u>Fincher v. Depository Trust & Clearing Corp.</u>, 604 F.3d 712, 721 (2d Cir. 2010) (Sack, J.). <u>See also</u>, <u>Kelly v. New York State Office of Mental Health</u>, 200 F. Supp. 3d 378, 404-05 (E.D.N.Y. 2016) (Matsumoto, J.) ("[P]laintiff's allegation that defendants failed to investigate her complaints of discrimination on the basis of her alleged disability fails to state

an adverse employment action"); <u>Petyan v. New York City Law Dep't</u>, 2015 U.S. Dist. LEXIS 53380, at *11 (S.D.N.Y. Apr. 23, 2015) (Cott, J.) ("[F]ailure to properly investigate [plaintiff's] claim does not constitute an adverse employment action"); <u>Hong Yin v. N. Shore LIJ Health Sys.</u>, 20 F. Supp. 3d 359, 374 (E.D.N.Y. 2014) (Hurley, J.) (finding, in discrimination context, that "an employer's failure to investigate discrimination claims is not an adverse employment action").   Since the plaintiffs have failed to allege an adverse employment action taken against them by Yale University, their retaliation claims are legally insufficient and must be dismissed.

> ### iii. The Hostile Work Environment Claims Asserted by Drs. Lori-Ann and Jodi-Ann Oliver are Legally Insufficient Because the Alleged Harassment Cannot be Considered "Severe" and "Pervasive."

If the Court is disinclined to dismiss all the plaintiffs' claims for the reasons identified above, Yale University moves, in the alternative, to dismiss the hostile work environment claims asserted by Drs. Jodi-Ann and Lori-Ann Oliver on the ground that the conduct they have alleged is neither "severe" nor "pervasive" as a matter of law.  To prevail on their Title IX hostile work environment claims based on the alleged conduct of Dr. Fontes, the plaintiffs must show that his conduct "[was] so severe, pervasive, and objectively offensive" that it altered the conditions of their employment. <u>See</u>, <u>Davis v. Monroe County Board of Education</u>, 526 U.S. 629, 633 (1999) (O'Connor, J.).  "Indeed, a single instance of sexual harassment is typically insufficient to establish liability under Title IX unless the conduct consists of extreme sexual assault or rape."  <u>Carabello v. N.Y.C. Dep't of Educ.</u>, 928 F. Supp. 2d 627, 643 (E.D.N.Y. 2013) (Azrack, J.).

Neither Dr. Lori-Ann Oliver nor Dr. Jodi-Ann Oliver has alleged harassment by Dr. Fontes that meets that threshold requirement.  Both plaintiffs have alleged that Dr. Fontes

acted inappropriately on just two specific occasions: (1) during a retreat "in or around 2016"; and (2) during a dinner in 2019.  (Complaint, at ¶¶ 131, 133.)  The conduct alleged in 2016 falls outside the three-year statute of limitations applicable to Title IX claims.  See, Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004) (per curiam) ("While we have not yet had occasion to determine the appropriate statute of limitations for Title IX claims, our sister circuits that have confronted the issue have concluded that Title IX claims are most closely analogous to personal injury actions and, therefore, have borrowed the state statute of limitations for personal injury actions"); Aslin v. University of Rochester, 2019 U.S. Dist. LEXIS 146873, at *44 (W.D.N.Y. Aug. 28, 2019) (Vilardo, J.) ("A three-year statute of limitations period applies to Title IX claims"); Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir. 1994) (Kearse, J.) (applying three-year statute of limitations contained in Conn. Gen. Stat. Section 52-577 when applicable statute did not specify limitations period). Therefore, the only alleged inappropriate conduct that falls within the statute of limitation is that which occurred during the 2019 dinner, when Drs. Lori-Ann and Jodi-Ann Oliver both claim that Dr. Fontes kissed them on the lips, and Dr. Jodi-Ann Oliver claims that he flirted with her. (Complaint, at ¶¶ 134-136.) Drs. Lori-Ann and Jodi-Ann Oliver cannot prevail on their claims against Yale University based on that conduct alone.  As noted above, District Courts in this Circuit have held that a single, isolated occurrence of alleged inappropriate behavior is not sufficient to establish liability under Title IX unless it involved "extreme sexual assault or rape."  The allegations of the present complaint fall far short of that exacting standard.  See, Brodsky ex rel. S.B. v. Trumbull Bd. of Educ., 2009 U.S. Dist. LEXIS 8799, at *6 (D. Conn. Jan. 30, 2009) (Dorsey, J.) (finding that one incident of male student touching a female student's breasts and buttocks, and other incidents of name-calling, insults, and physical

harassment, were "not sufficiently pervasive or severe from an objective standpoint"); Carabello v. N.Y.C. Dep't of Educ., 928 F. Supp. 2d 627, 643 (E.D.N.Y. 2013) (Azrack, J.) (holding that one incident of inappropriate sexual touching was not sufficiently severe to state a claim under Title IX); Soriano ex rel. Garcia v. Bd. of Educ. of City of N.Y., 2004 U.S. Dist. LEXIS 21529, at *6 (E.D.N.Y. Oct. 27, 2004) (Gleeson, J.) (finding two separate incidents in which two male students inappropriately touched a female student not sufficiently pervasive under Title IX); Legnani v. Alitalia Linee Aeree Italiane, 1997 U.S. Dist. LEXIS 16151, at *3 (S.D.N.Y. Oct. 16, 1997) (Scheindlin, J.) (four to five instances over a two month period did not establish pervasiveness); Lamar v. Nynex Service Co., 891 F. Sup. 184 (S.D.N.Y. 1995) (Knapp, J.) (five incidents of a sexual nature over the course of approximately seventeen months were too sporadic to constitute sexual harassment as a matter of law).

Further, to the extent that Drs. Lori-Ann and Jodi-Ann Oliver have alleged that "[t]hroughout their employments, Dr. Fontes has repeatedly come up behind each of them and inappropriately and unwantedly touched their backs and shoulders," (Complaint, at ¶ 130), that too is insufficient.  It is well-established that, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A "formulaic recitation of the elements of a cause of action will not do," "[n]or does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement." Id. (quoting Twombly, 550 U.S. at 555, 557).  Since Drs. Jodi-Ann and Lori-Ann Oliver have alleged nothing more than a conclusory statement that Dr. Fontes touched their backs and shoulders, they have not

stated a hostile work environment claim, nor can the Court possibly determine from that conclusory statement that the conduct was sufficiently severe and pervasive that it meets the exacting standard required for stating a hostile work environment claim.  Touching the back and shoulders does not, on its face, constitute sexually charged behavior.  See e.g., Lucas v. South Nassau Communities Hospital, 54 F. Supp. 2d 141, 147 (E.D.N.Y. 1998) (Seybert, J.) (holding that the sexual misconduct alleged, including touching the plaintiff's back or shoulder briefly on five to seven unidentified occasions, did not constitute sufficiently severe conduct that it altered the conditions of the plaintiff's employment); Buddle v. Heublein, Inc., 613 F. Supp. 491, 492 (S.D.N.Y. 1985) (Stewart, J.) (defendant's off-color jokes and touching of plaintiff's knee and shoulder did not constitute sexual harassment, but were "only a reflection of his bumptious personality"); Lamar v. Nynex Service Co., 891 F. Supp. 184, 185 (S.D.N.Y. 1995) (Knapp, J.) (supervisor's touching of plaintiff's hand while observing that she "looked really hot," combined with vulgar sexual remarks on four other occasions was "too mild and innocuous to constitute sexual harassment as a matter of law"); Gregg v. New York State Dept. of Taxation & Finance, 1999 U.S. Dist. LEXIS 5415, at *1 (S.D.N.Y. Apr. 15, 1999) (Mukasey, J.) (four minor instances of offensive touching, including a "pat[] on the behind," was not sufficiently severe or pervasive to alter the conditions of plaintiff's employment).  The present complaint is simply too vague and conclusory to satisfy the standard for pleading a hostile work environment claim.  See, Martinetti v. Mangan, 2019 U.S. Dist. LEXIS 45320, at *14-15 (S.D.N.Y. Mar. 19, 2019) (Karas, J.) (dismissing the plaintiff's Title IX claims and stating, "Although Plaintiff alleges a sexual assault, she has pled no facts explaining what exactly occurred, preventing the Court from determining whether the alleged assault was the type of attack that

is sufficiently serious to state a claim under Title IX"). Accordingly, Yale University submits that the discrimination claims asserted by Drs. Lori-Ann and Jodi-Ann Oliver should be dismissed.

### B. Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Yale University also moves to strike Paragraphs 28 through 50 of the plaintiffs' Complaint. (See, Complaint, at ¶¶ 28-50.) In Paragraphs 28 through 48, the plaintiffs recite in great detail, four sexual misconduct cases previously brought against Yale University by parties not involved in the subject lawsuit. (Id., at ¶¶ 28-48.) In those paragraphs, the plaintiffs identify each Yale University employee accused of sexual misconduct by name, and then relate, in great detail, the allegations of sexual misconduct. (Id., at ¶¶ 20-48.) In Paragraphs 48 through 50, the plaintiffs list the findings from an anonymous survey conducted by the Association of American Universities regarding the presence of sexually harassing behaviors among undergraduate students – not employees – at Yale College. (Id., at ¶¶ 48-50.)

The allegations asserted in Paragraphs 28 through 48 regarding prior sexual misconduct cases are irrelevant, immaterial and impertinent to the plaintiffs' claims. The individual plaintiffs have asserted claims for sex-based discrimination and retaliation based on specific, discrete acts of alleged inappropriate behavior by Dr. Fontes. None of the incidents alleged in Paragraphs 28 through 48 have any similarity to the claims of the present plaintiffs. Neither they nor Dr. Fontes were in any way connected to those prior claims of sexual harassment, and none of them resulted in any adjudication of wrongdoing by anyone. They are therefore irrelevant to the instant action; and evidence about those prior claims will not be admissible in this action. The mere fact that four sexual misconduct cases were previously brought against

Yale University by third-parties involving actors other than Dr. Fontes, does not make it any more or less probable that the instant plaintiffs were discriminated and retaliated against.  See e.g., Correction Officers Benevolent Assn. v. Kralik, 226 F.R.D. 175, 177 (S.D.N.Y. 2005) (Robinson, J.) (holding that past litigation involving the parties and "[p]rior settlement agreements, no matter how similar the litigation, are irrelevant to this case or the facts giving rise thereto"); Smith v. AVSC International, Inc., 148 F. Supp. 2d 302 (S.D.N.Y. 2001) (Sweet, J.) (specific allegations about the supervisor's behavior toward other employees were not relevant to the plaintiff's claims).

Similarly, the statistics described in Paragraphs 48 through 50--which involve an anonymous survey which queried Yale College undergraduate *students*, not Medical Center employees, as to their perception of sexual assault on campus--are entirely irrelevant to the hostile work environment claims asserted by the present plaintiffs. Even if the undergraduate students believed they were the victims of sexual assault (most often by other students), that would not make it any more or less likely that the physicians at the Medical Center who filed the present complaint were subjected to a hostile work environment.  And an anonymous survey concerning that subject would clearly be inadmissible to prove the present plaintiffs' claims. See, Tucker, 936 F. Supp. 2d 1, 25 (Haight, J.) (granting motion to strike  because the allegations were irrelevant, and "[t]o allow such irrelevant allegations to remain would unduly prejudice Defendants").

Since the prior sexual misconduct cases and statistics recited by the plaintiffs will not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," that evidence is inadmissible.  See, Fed. R. Evid. 401.  Evidence of prior sexual misconduct cases and sexual

harassment at Yale University is further inadmissible because it constitutes character evidence under Federal Rule of Evidence 404(b). <u>See</u>, Fed. R. Evid. 404(b)(1); <u>Gethers v. McDonald</u>, 2017 U.S. Dist. LEXIS 65676, at *6 (D. Conn. May 1, 2017) (Bryant, J.) ("to the extent Plaintiff seeks to offer his coworkers' experiences with alleged discrimination as evidence of a pattern or practice of discriminatory employment practices, such evidence is inadmissible").

Evidence of the four prior sexual misconduct cases against Yale University is also inadmissible under Fed. R. Evid. 406 because, taken together, they are insufficient to establish a pattern or habit.  <u>See</u>, <u>Zubulake v. UBS Warburg LLC</u>, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005) (Scheindlin, J.) ("It is only when examples offered to establish such a pattern of conduct or habit are numerous enough to base an inference of systematic conduct, that examples are admissible"); <u>McCarrick v. NYC Off-Track Betting Corp.</u>,1995 U.S. Dist. LEXIS 5849, at *5 (S.D.N.Y. May 3, 1995) (Kram, J.) (excluding testimony regarding "discrimination against several individuals under varying circumstances" as "not the sort of repeated conduct covered by Rule 406").

If the allegations contained in Paragraphs 28 through 50 are permitted to remain, Yale University will suffer prejudice; there exists a significant danger that the jury will base its assessment of liability on remote events involving other employees or students, and will become angered by the allegations and seek to punish Yale University for conduct unrelated to the claims asserted in this action.  District Courts in the Second Circuit have held that, if "[r]etention of the allegation will prejudice the defendant, or if it serve[s] no purpose except to inflame the reader, then it should be stricken." <u>See</u> <u>e.g.</u>, <u>Impulsive Music v. Pomodoro</u>

13

Grill, Inc., 2008 U.S. Dist. LEXIS 94148, at *7 (W.D.N.Y. Nov. 19, 2008) (Telesca, J.).

Accordingly, Paragraphs 28 through 50 should be stricken.

**III.**   **CONCLUSION**

For the reasons stated, Yale University respectfully requests that the Court grant its

Motion for a Telephonic Pre-Filing Conference in order to permit the filing of a Motion to

Dismiss and Motion to Strike.

                                          **THE DEFENDANT,**
                                          **YALE UNIVERSITY**


                                          By:_____/s/_____
                                          PATRICK M. NOONAN – CT00189
                                          KRISTIANNA L. SCIARRA – CT30223
                                          DONAHUE, DURHAM & NOONAN, P.C.
                                          Concept Park
                                          741 Boston Post Road, Suite 306
                                          Guilford, CT  06437
                                          Telephone:  (203) 458-9168
                                          Fax:          (203) 458-4424
                                          Email:  pnoonan@ddnctlaw.com
                                                      ksciarra@ddnctlaw.com



                            **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.



                            _____/s/_____
                                    Patrick M. Noonan