# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| MIA CASTRO, M.D., HEIDI BOULES, M.D., | : | CIVIL NO.: 3:20-CV-330-JBA |
| ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, | : | |
| M.D., LORI-ANN OLIVER, M.D., AND | : | |
| ELIZABETH REINHART, M.D. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, YALE NEW HAVEN | : | |
| HOSPITAL, INC., AND MANUEL LOPES | : | |
| FONTES, M.D. | : | |
| Defendants. | : | MAY 5, 2020 |
| | : | |

## DEFENDANT YALE NEW HAVEN HOSPITAL, INC.'S MOTION FOR PRE-FILING CONFERENCE REGARDING ITS ANTICIPATED MOTION TO DISMISS

Pursuant to the Pretrial Preferences of Senior United States District Court Judge Janet Bond Arterton ("Pretrial Preferences") regarding dispositive motions, Defendant Yale New Haven Hospital, Inc. ( "YNHH") respectfully moves for a teleconference in anticipation of filing a Motion to Dismiss Counts One and Two against YNHH, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in the Complaint filed by Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D. ("Plaintiffs"). Dismissal of claims against YNHH is appropriate because: (1) even if Title IX of the Education Amendments of 1972 ("Title IX") applies here, which YNHH does not concede, Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver are not students or employees of YNHH; (2) even if construed otherwise, Title VII provides Plaintiffs their exclusive remedy; and (3) Plaintiffs fail to allege a *prima facie* case of discrimination, hostile work environment and retaliation.

## I.    Claims against YNHH in the Complaint

Plaintiffs Boules, Eltorai and both Olivers are professor employees of co-Defendant Yale

University with medical privileges only as attending physicians at YNHH.  (Compl. ¶¶18, 20-22).

Plaintiff Castro is a pediatric anesthesiology fellow employed by YNHH.  (Compl. ¶19).  Plaintiff

Reinhart is an anesthesiology resident employed by YNHH.  (Compl. ¶23).[1]  Co-Defendant Dr.

Manuel Fontes is a professor, former Vice Chair of Diversity, Equity and Inclusion (amongst other

former titles) at Yale University.  (Compl. ¶27).  In Count One of their Complaint, Plaintiffs allege

that YNHH and Yale University discriminated against them in violation of Title IX based on their

sex, including sexual harassment.  In Count Two of the Complaint, Plaintiffs Castro and Eltorai

allege that YNHH and Yale University retaliated against them in violation of Title IX.  While the

Complaint raises other claims against Defendant Fontes, no other claims are asserted against

YNHH.

## II.     Grounds for a Motion to Dismiss the Claims against YNHH

YNHH believes a Motion to Dismiss is proper for the following reasons.

### A.     Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver Are Not Covered by Title IX Because They Are Not YNHH's Students or Employees.

Without conceding that Title IX applies to YNHH[2], Title IX's scope is limited to

individuals who have some direct relationship to an educational program receiving Federal

financial assistance, which the majority of Plaintiffs fail to demonstrate on the face of the

Complaint.  At a minimum, Title IX requires that Plaintiffs demonstrate a *direct relationship* with

a qualifying educational program at YNHH.  *See* 20 U.S.C. § 1681(a) (prohibiting discrimination

---

[1] At times, the Complaint improperly equates Yale New Haven Hospital, Inc. (an entirely separate entity) with Yale University, further demonstrating why dismissal is appropriate for failure to properly plead factual allegations as to YNHH as outlined herein.  At a minimum, Defendants are entitled to know which allegations are directed at whom.

[2] YNHH in no way concedes that Title IX is applicable here.  YNHH's primary objective is offering medical care and services to its patients, not to engage in "the business of providing education" as contemplated by Title IX's limited scope.  *See* 20 U.S.C. § 1687(3)(A)(ii).  The allegations that YNHH serves, in part, as a teaching hospital does not convert it into the type of entity that can be held liable for discrimination under Title IX.  *See O'Connor v. Davis*, 126 F.3d 112, 117-18 (2d Cir. 1997) (finding that the defendant hospital did not qualify as an "education program" as contemplated by Title IX because its "primary purpose' [wa]s in no sense to educate," even though it provided on-the-job vocational training to the plaintiff).

by "any education program or activity receiving Federal financial assistance"); *see also Burgess v. Harris Beach PLLC*, 346 Fed. Appx. 658, 661 (2d Cir. 2009) (affirming dismissal of Title IX retaliation claims against an entity because it had no "direct relationship" with the plaintiff).  Here, Plaintiffs Boules, Eltorai and both Olivers are employed by co-Defendant Yale University and, at best, have medical privileges as attending physicians at YNHH.  *See* Compl. ¶¶18, 20-22.  The relationships that these four plaintiffs have with YNHH, let alone any qualifying education program at YNHH, are too attenuated to maintain Title IX claims against YNHH.  *See Burgess*, 346 Fed. Appx. at 661; *Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 398 (S.D.N.Y. 2019) ("Because [the plaintiff's] allegations establish that he was neither a student nor an employee of Defendants" during the relevant time period," he fails to allege facts sufficient to demonstrate that Title IX affords him a right to relief for that discrimination").

     **B.**    **Title VII Provides Plaintiffs Their Exclusive Remedy.**

Even if taking a broad reading of the Complaint to suggest that YNHH did have some employment relationship with all Plaintiffs, claims of discrimination or retaliation arising out of such an alleged relationship are subject to Title VII of the Civil Rights Act of 1964 ("Title VII"), not Title IX.  District courts in the Second Circuit, including the United States District Court for the District of Connecticut, have squarely considered this issue and have concluded that Title VII is the exclusive remedy for employees alleging discrimination or retaliation.  *See Othon v. Wesleyan Univ.*, No. 3:18-cv-00958 (KAD), 2020 U.S. Dist. LEXIS 53580, *22 (D. Conn. March 27, 2020) (after extensive legal discussion of the issue, determining that "this Court agrees with those courts that have concluded that there is no private remedy under Title IX for employment discrimination claims" and granting defendant's motion to dismiss).

C.      **Plaintiffs Fail to Allege a *Prima Facie* Case of Discrimination or Retaliation against YNHH.**

Even if able to survive the foregoing deficiencies, Plaintiffs' Title IX claims also fail for failure to plead.  First, Plaintiffs' allegations primarily focus on co-Defendants' alleged wrongdoing and are devoid of sufficient factual amplification *as to YNHH*; therefore, the claims against YNHH should be dismissed.  *See, e.g.*, Compl. ¶¶ 28-50, 6-75 (alleging wrongdoing as to Yale University only or co-Defendant Fontes' actions in the context of his position at Yale University – not YNHH); *see also Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 406-07 (S.D.N.Y. 2008) (granting certain defendants' motion to dismiss all claims against them because they "were not involved in the alleged discriminatory activity.")  Indeed, the crux of Plaintiffs' claims is that Dr. Fontes engaged in behavior that was ignored; yet, Plaintiffs have not, nor could they, allege that they put *YNHH* on notice of any alleged wrongdoing that YNHH then failed to investigate, and they fail to meet the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Second, even if Plaintiffs' factual allegations as to Yale University can be construed to encompass some action (or inaction) by YNHH (which they cannot), Plaintiffs fail to demonstrate any adverse employment action by YNHH to sustain a claim of discrimination or retaliation.  *See* Compl. ¶¶18-23 (generally conceding that all Plaintiffs remain employed with no allegations of materially adverse changes to the terms and conditions of their employment, if any, by YNHH).

Third, as to claims of hostile work environment, Plaintiffs fail to plead sufficient factual allegations within the statute of limitations to demonstrate they were subjected to severe or pervasive conduct required to sustain a claim.  Instead, allegations of Plaintiff Jodi-Ann Oliver concern alleged conduct occurring in the context of her employment with Yale University dating back to 2016 (beyond the applicable three-year statute of limitations).  (Compl. ¶131).  Even if

4

construed to be timely, the factual allegations do not give rise to the level required to plead a claim of hostile work environment, as they merely amount to one alleged touch followed by an isolated incident of purported comments, a hug, and a kiss on one day three years later all in the context of her employment with Yale University. (Compl. ¶¶131, 136). The factual allegations of Plaintiff Lori-Ann Oliver give even less rise to an actionable hostile work environment, as they equate one single sporadic incident of an alleged kiss during her employment with Yale University. (Compl. ¶136). Similarly, Plaintiffs Boules and Eltorai fail to plead sufficient factual allegations establishing that they were subjected to severe or pervasive conduct as employees of Yale University. (Compl. ¶¶78-82) (Plaintiff Boules alleging, at most, two touches, one hug, and two kisses); (Compl. ¶¶118-126) (Plaintiff Eltorai alleging no more than one touch, two hugs, one massage, and one instance of being spoon fed). Plaintiff Castro's sole factual allegations, which are not even alleged as being against YNHH, involve purportedly being touched one time on her shoulders or waist, which is insufficiently severe or pervasive to plead a hostile work environment claim. (Compl. ¶85). As for Plaintiff Reinhart, her factual allegations are not primarily against YNHH. (Compl. ¶¶139, 141-143) (alleging being flirted with, kissed, and offered a ride home during a dinner "hosted by representatives from a pharmaceutical company"); (Compl. ¶¶145-148) (alleging being flirted with and touched at a medical "residency graduation ceremony"). Even so, Plaintiff Reinhart's factual allegations amount to comments, and being allegedly touched, massaged once, and kissed once, which cannot, in its totality, be considered sufficiently severe or pervasive conduct. (Compl. ¶¶139-143, 146, 148, 151, 159). Moreover, the Complaint remains devoid of any specific factual allegations suggesting that YNHH is somehow liable for any of this alleged conduct by third parties or by Dr. Fontes who, at best, was an attending physician (not employee) of YNHH. Absent more, Plaintiffs' claims of hostile work environment fail.

III.   **Conclusion**

Based on the above-identified grounds, and other grounds that will be further explored in its projected Motion to Dismiss, Defendant YNHH plans to file a motion to dismiss Counts One and Two against it in this matter.  YNHH respectfully requests a pre-filing conference to discuss its anticipated Motion to Dismiss.  Because this Court has already scheduled a telephonic pre-filing conference, regarding Defendant Fontes' expected motion to dismiss Plaintiffs' claims against him, for May 13, 2020 at 11 a.m., YNHH requests that the pre-filing conference on its motion be held on the same day at the same time.

**DEFENDANT,**
**YALE NEW HAVEN HOSPITAL, INC.**

By:

Sarah R. Skubas (ct28327)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel.: (860) 522-0404
Fax: (860) 247-1330
sarah.skubas@jacksonlewis.com

<u>CERTIFICATION OF SERVICE</u>

This is to certify that on May 5, 2020, a copy of the foregoing was filed electronically.  Notice of

this filing will be sent by email to all parties by operation of the Court's electronic filing system

(or by mail to anyone unable to accept electronic filing).  Parties may access this filing through the

Court's system.


_____

Sarah R. Skubas