EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIA CASTRO, M.D., et al ) | CIVIL ACTION NO: |
| Plaintiff, ) | 3:20-cv-00330 (JBA) |
| ) | |
| v. ) | |
| ) | |
| YALE UNIVERSITY, et al ) | |
| Defendant. ) | June 15, 2020 |

### AFFIDAVIT OF REESE B. MITCHELL

Reese B. Mitchell, having been duly sworn, deposes and states the following:

1. I am over the age of eighteen and I believe in the obligation of an oath.

2. I am an attorney with the law firm of Mitchell & Sheahan, P.C., and counsel of record for Defendant Manuel Fontes, M.D., in the above-captioned case. I make this Affidavit in support of Defendant Fontes' Motion to Dismiss.

3. Attached hereto is a true and accurate copy of the 2019/2020 Worksharing Agreement between the Connecticut Commission on Human Rights and Opportunities ("CHRO") and The U.S. Equal Employment Opportunity Commission ("EEOC"), which I received on May 11, 2020 from the CHRO in response to a Freedom of Information Request, along with a copy of the cover email from Charles Perry, Legal Division, CHRO, attaching same.

_____
Reese B. Mitchell

Subscribed and sworn before me this 15th day of June, 2020

_____
Notary/Commissioner of the Superior Court

ELISA M. ORDAZZO
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 31, 2020

| | |
|---|---|
| **From:** | Perry, Charles |
| **To:** | Reese Mitchell |
| **Cc:** | Francine Parente |
| **Subject:** | RE: CHRO/EEOC Worksharing Agreement FOIA Request |
| **Date:** | Monday, May 11, 2020 2:45:10 PM |
| **Attachments:** | image001.png |
| | 2019 - 2020 Worksharing Agreement EEOC.pdf |

Hi Attorney Mitchell,

Per your FOI request please find attached the Commission's most recent CHRO/EEOC Worksharing Agreement. If you have any questions or need any additional assistance please feel free to contact me.

Sincerely,

Charles Perry, Paralegal Specialist/FOI Officer
Legal Division
Commission on Human Rights and Opportunities
450 Columbus Boulevard, Suite 2
Hartford, CT  06103
Tel:  (860) 541-3438

**From:** Reese Mitchell <ReeseMitchell@mitchellandsheahan.com>
**Sent:** Monday, May 11, 2020 11:35 AM
**To:** Perry, Charles <Charles.Perry@ct.gov>
**Cc:** Francine Parente <FParente@mitchellandsheahan.com>
**Subject:** CHRO/EEOC Worksharing Agreement FOIA Request

Dear Mr. Perry,

Please see the attached FOIA request for a copy of the current Worksharing Agreement between the CHRO and the EEOC. I am sending a hard copy for your records via Federal Express.

If you have any questions, thoughts, or concerns, please feel free to reach out to me by either phone at (203) 243-7948 or via email at reesemitchell@mitchellandsheahan.com

Sincerely,


Reese B. Mitchell
Associate
Mitchell and Sheahan, P.C.
Suite 202
999 Oronoque Lane
Stratford, CT  06614

203-873-0240
reesemitchell@mitchellandsheahan.com
www.mitchellandsheahan.com

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the indicated intended recipient, you are hereby notified that you have received this transmittal in error. Any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please contact us immediately by telephone at 203.873 0240 or e-mail at eordazzo@mitchellandsheahan.com and immediately delete this message and all its attachments.

Attachment 4

## FY 2019 EEOC/FEPA MODEL WORKSHARING AGREEMENT

WORKSHARING AGREEMENT

BETWEEN

<u>CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES</u>

and

<u>THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</u>

<u>New York District</u>

FOR FISCAL YEAR 2019

I.  INTRODUCTION

  A.  The Connecticut Commission on Human Rights and Opportunities, hereinafter referred to as the FEPA, has jurisdiction over allegations of employment discrimination filed against employers of 3 or more or more employees occurring within Connecticut based on race, color, religious creed, age, sex, gender identity or expression, marital status, national origin, ancestry, present or past history of mental disability, intellectual disability, learning disability, physical disability, sexual orientation, pregnancy, sexual harassment, status as a veteran, alienage, blindness, genetic information and criminal record (for state employment and licensing only) pursuant to Conn. Gen. Stat. §§46a-51 through 26a-104.

  The U.S. Equal Employment Opportunity Commission, hereinafter referred to as the EEOC, has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000(e)) (hereinafter referred to as Title VII). The EEOC has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C.§ 621 et. seq.)(ADEA), for unequal wages based on sex under the Equal Pay Act of 1963, as amended (29 U.S.C.§ 206) (EPA), and over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101) (ADA), and over the use or acquisition of genetic information as the basis for employment decisions pursuant to Title II of the Genetic Information Nondiscrimination Act of 2008.

1

B. In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate the State of Connecticut and Federal laws.

II. FILING OF CHARGES OF DISCRIMINATION

A. In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e) (1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement.

B. The FEPA shall take all charges alleging a violation of Title VII, the ADEA, the EPA, GINA or the ADA where both the FEPA and the EEOC have mutual jurisdiction, or where the EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III. A. 1. below, refer them to the EEOC for initial processing.

C. Each Agency will inform individuals of their rights to file charges directly with the other Agency and or assist any person alleging employment discrimination to draft a charge in a manner that will satisfy the requirements of both agencies to the extent of their common jurisdiction.

Normally, once an agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the FEPA within the framework of a mutually agreeable system. Each agency will advise Charging Parties that charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III (DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES).

D. For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form which within statutory limitations, is acceptable in form and content to the EEOC and the FEPA) to draft charges.

E. Within ten calendar days of receipt, each Agency agrees that it will notify both the Charging Party and the Respondent of the dual-filed nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, State, or Local statutes.

III. DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES

In recognition of the statutory authority granted to the FEPA by Section 706(c) and 706(d) of Title VII as amended; and by Title I of the Americans with Disabilities Act, and the transmittal of charges of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, the primary responsibility for resolving charges between the FEPA and the EEOC will be divided as follows:

A. The EEOC and the FEPA will process all Title VII, ADA, GINA, and ADEA charges that they originally receive.

   1. For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

      In addition, the EEOC will initially process the following charges:

      -- All Title VII, ADA, and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FEPA 240 days or more after the date of violation;

      -- All disability-based charges that may not be resolved by the FEPA in a manner consistent with the ADA.

      -- All concurrent Title VII/EPA charges;

      -- All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision-making process;

      -- All charges filed by EEOC Commissioners;

      -- Charges also covered by the Immigration Reform and Control Act;

      -- Complaints referred to the EEOC by the U.S. Department of Justice, Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 CFR § 1640, 1641, and 1691.

      -- Any charge where the EEOC is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The EEOC will notify the FEPA of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

3

   -- Any charge alleging retaliation for filing a charge with the EEOC or for cooperating with the EEOC; and

   -- All charges against Respondents that are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

   2. The FEPA will initially process the following types of charges:

   -- Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

   -- Any charge where the FEPA is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The FEPA will provide the EEOC with an on-going list of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

   -- All charges that allege more than one basis of discrimination where at least one basis is not covered by the laws administered by the EEOC but is covered by the FEPA Ordinance, or where the EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but the FEPA can process that charge.

   -- All charges against Respondents that are designated for initial processing by the FEPA in a supplementary memorandum to this Agreement; and

   -- All disability-based charges against Respondents over which the EEOC does not have jurisdiction.

B. Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

C. Each Agency will on a quarterly basis notify the other of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list a copy of the new charge will be sent to the other Agency's litigation unit within 30 working days.

IV. EXCHANGE OF INFORMATION

A. Both the FEPA and the EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information that may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information,

4

        case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information. With respect to all information obtained from the EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, the ADEA, the ADA and GINA.

    B.    In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

V.    RESOLUTION OF CHARGES

    A.    Both agencies will adhere to the procedures set out in the EEOC's State and Local Handbook, including current revisions thereto.

    B.    For the purpose of according substantial weight to the FEPA final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements; including, but not limited to:

        1.    jurisdictional requirements,

        2.    investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

        3.    relief, if appropriate,

        4.    mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing or consent orders to which the FEPA is a party.

    C.    In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

    D.    For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the charging party has no administrative recourse, appeal, or other avenue of redress available under applicable State and Local statutes.

VI.    IMPLEMENTATION OF THE WORKSHARING AGREEMENT

    A.    Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FEPA will be Tanya A. Hughes. The liaison official for the EEOC will be Amon Kinsey.

B.  The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C.  The agencies agree to work together in furtherance of the EEOC's current Strategic Plan when assessing the allocation of charges under this agreement and to cooperate in compliance and enforcement efforts as well as training, outreach and technical assistance efforts encompassed by the Plan.

D.  The EEOC will provide original forms to be copied by the FEPA, in accordance with the Regulations and the Compliance Manual to be used by the FEPAs in correspondence with Charging Parties and Respondents.

E.  If a dispute regarding the implementation or application of this agreement cannot be resolved by the FEPA and District Office Director, the issues will be reduced to writing by both parties and forwarded to the Director of the Office of Field Programs for resolution.

F.  This Agreement shall operate from the first day of October 2018 to the thirtieth day of September 2019 and may be renewed or modified by mutual consent of the parties.

I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date 10/1/18  _____,
              Kevin Berry, District Director

              U.S. Equal Employment Opportunity Commission
              New York District Office


Date 10/1/18  _____,
              Tanya A. Hughes, Executive Director
              Connecticut Commission on Human Rights & Opportunities

Attachment 5

## FY 2020 EXTENSION OF WORKSHARING AGREEMENT

Inasmuch as there have been no substantive changes in the processes, procedures, statutes, policies or regulations that would adversely affect or substantially alter the work sharing arrangement between the New York District Office and the Connecticut Commission on Human Rights & Opportunities, or that would affect the processing of charges filed under the pertinent Federal, state or local statutes, the parties agree to extend the current work sharing agreement that was executed on 10/1/18 through the FY 2020 Charge Resolution Contract Option Period, from October 1, 2019 through September 30, 2020. The agencies agree to work together in furtherance of the provisions of EEOC's current Strategic Plan when assessing the allocation of charges under this agreement and to cooperate in compliance and enforcement efforts as well as training, outreach and technical assistance efforts encompassed by the Plan. By executing this extension, the parties agree to abide by the confidentiality provisions of GINA as well as the other statutes cited in the agreement. This agreement, as well as the attendant Worksharing Agreement may be reopened and amended by mutual consent of the parties.

_____         October 11, 2019
For the FEPA                          Date

_____         10/11/19
For the EEOC District Office          Date