**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D, ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., AND ELIZABETH REINHART, M.D. | : : : : : | CIVIL ACTION NO. 3:20-cv-00330-JBA |
| PLAINTIFFS | : : | |
| v. | : : | |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., AND MANUEL LOPES FONTES, M.D. | : : : : | |
| DEFENDANTS | : | JUNE 19, 2020 |

**YALE UNIVERSITY'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT**

For the reasons stated in the accompanying memorandum, the defendant, Yale University, hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Rule 7(a) of the Local Rules of this Court, and the prefiling conference held before the Court on May 13, 2020, to dismiss the plaintiffs' sex-based employment discrimination and retaliation claims under Title IX and Title VII asserted in Counts One through Four. Dismissal of all Four Counts is appropriate for the following reasons. With respect to the Title IX claims:

1. All Title IX claims must fail because Title IX does not provide a private remedy for employment discrimination based on sex;

2. Drs. Jodi-Ann and Lori-Ann Oliver's Title IX hostile work environment claims must fail because they have not alleged severe or pervasive harassment by Dr. Manuel Lopes Fontes;

3. Dr. Castro, Boules, Lori-Ann Oliver and Jodi-Ann Oliver's Title IX hostile work environment claims must fail because they have not established that Yale University was on "actual notice" of any alleged wrongdoing; and

4. Drs. Eltorai and Castro's Title IX retaliation claims must fail because they have not alleged an adverse employment action necessary to sustain a Title IX claim.

With respect to the plaintiffs' Title VII claims:

1. All Title VII hostile work environment claims must fail because the plaintiffs have not alleged severe or pervasive harassment by Dr. Fontes;

2. Dr. Castro, Boules, Lori-Ann Oliver and Jodi-Ann Oliver's Title IX hostile work environment claims must fail because they have not established that Yale University was on "actual notice" of any alleged wrongdoing; and

3. Drs. Eltorai and Castro's Title VII retaliation claims must fail because they have not alleged an adverse employment action necessary to sustain a Title VII claim.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Yale University also moves to strike Paragraphs 38 through 61 of the plaintiffs' Amended Complaint—which describe in detail several prior and pending sexual misconduct lawsuits brought against Yale University by parties not involved in the present litigation, as well as findings from a survey regarding sexual harassment of undergraduate students at Yale University—because all of those allegations are "irrelevant, immaterial and impertinent" within the meaning of Rule 12(f).

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Yale University also moves for a more definite statement of the allegations contained in Paragraphs 69-73, 76-77, 82-88, 112 and 198, which reference unnamed physicians dubbed Drs. X and Y who have also allegedly been sexually assaulted by Dr. Fontes. Yale University also moves for a more definite statement of the allegations contained in Paragraphs 91, 101, 107, 118, 136, 138, 140-141, 146-147, 151, 157, 161-162, 164, 171, 176, 179, 180, 184, 190, 194-195, 199-201, which reference various unnamed individuals who have either witnessed the alleged sexual harassment or to whom

complaints were made. Without knowing the names of the individuals mentioned anonymously in all of those paragraphs, Yale University cannot properly respond to the allegations of those paragraphs.

>THE DEFENDANT,
>YALE UNIVERSITY
>
>By: _____/s/_____
>PATRICK M. NOONAN – CT00189
>KRISTIANNA L. SCIARRA – CT30223
>DONAHUE, DURHAM & NOONAN, P.C.
>Concept Park
>741 Boston Post Road, Suite 306
>Guilford, CT  06437
>Telephone:  (203) 458-9168
>Fax:            (203) 458-4424
>Email:  pnoonan@ddnctlaw.com
>            ksciarra@ddnctlaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                /s/
                                                                    Patrick M. Noonan