UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- X
HEIDI BOULES, M.D., MIA CASTRO, M.D., :
ASHLEY ELTORAI, M.D., JODI-ANN :
OLIVER, M.D., LORI-ANN OLIVER, M.D. and : Index No.: 3:20-cv-00330 (JBA)
ELIZABETH REINHART, M.D., :
:
                Plaintiffs, :
:
    v. :
:
YALE UNIVERSITY, YALE NEW HAVEN :
HOSPITAL, INC. and MANUEL LOPES :
FONTES, M.D, in his individual and professional :
capacities, :
:
                Defendants. :
---------------------------------------------------------------- X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO FILE A SECOND AMENDED COMPLAINT**

**MADSEN, PRESTLEY & PARENTEAU, LLC**

Todd D. Steigman (CT 26875)

402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
tsteigman@mppjustice.com

**WIGDOR LLP**

Douglas H. Wigdor
(admitted *pro hac vice*)
Michael J. Willemin
(admitted *pro hac vice*)
Parisis G. Filippatos
(admitted *pro hac vice*)
Tanvir H. Rahman
(admitted *pro hac vice*)

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
pfilippatos@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PROCEDURAL HISTORY ................................................................................................................. 1

ARGUMENT ......................................................................................................................................... 4

I.      LEAVE TO AMEND .................................................................................................................. 4

      A.      As the Court Recognized In Its Direction That a SAC Be Filed, The Efficient Administration of Justice Requires Leave to File the SAC ...................... 4

      B.      The Proposed SAC Is Not Futile ........................................................................ 5

      C.      Defendants Will Not Suffer Substantial (or, Indeed, Any) Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given ................................... 6

CONCLUSION ..................................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

Chouhan v. University of Connecticut Health Center,
  No. 96 Civ. 2439, 2013 WL 6335273 (Conn.Super. Nov. 5, 2013) ............................................ 5

Foman v. Davis,
  371 U.S. 178 (1982) ................................................................................................................ 4, 6

Lyddy v. Bridgeport Board of Educ.,
  No. 06 Civ. 1420 (AHN), 2008 WL 5117679 (D.Conn. Dec. 4, 2008) ...................................... 5

Matter of Oswego Barge Corp.,
  439 F. Supp. 312 (N.D.N.Y. 1977) ............................................................................................. 4

**Other Authorities**

20 U.S.C. §§ 1681 ............................................................................................................................ 1

42 U.S.C. §§ 2000e ......................................................................................................................... 1

Federal Rule of Civil Procedure 15(a) .................................................................................... 1, 4, 7

Plaintiffs Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D. (together, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion for Leave to Amend the Amended Complaint and file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a).  For the reasons set forth herein, the Court should grant leave to Plaintiffs to file a Second Amended Complaint, which adds a cause of action on behalf of each Plaintiff under the Connecticut Fair Employment Practices Act ("CFEPA") because Plaintiffs were previously unable to assert this cause of action as the cause of action had not been released from the jurisdiction of the Connecticut Commission of Human Rights and Opportunities ("CHRO").

## PROCEDURAL HISTORY

On March 12, 2020, Plaintiffs commenced this action alleging workplace discrimination, harassment and retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX") against Defendants Yale University (the "University"), Yale New Haven Hospital, Inc. ("Yale New Haven Hospital," "YNHH," or the "Hospital"), and Manual Lopes Fontes, M.D. ("Dr. Fontes") (all together, "Defendants").  Dkt. No. 1.  On May 29, 2020, Plaintiffs filed an Amended Complaint.  Dkt. No. 44 ("Am. Comp.").

On or about December 5, 2019, Plaintiffs Dr. Boules, Dr. Castro, Dr. Eltorai, and Dr. Reinhart filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") naming all Defendants as respondents and alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); on or about December 6, 2019, Plaintiffs Dr. Jodi-Ann Oliver and Dr. Lori-Ann Oliver filed charges of discrimination with the EEOC naming all Defendants as respondents and alleging violations of Title VII (together, the

"Plaintiffs' EEOC Charges," appended hereto as Exhibit ("Ex.") A). Am. Comp. at ¶ 12. The Plaintiffs' EEOC Charges were dual-filed/cross-filed with the CHRO alleging violations of the CFEPA against all Defendants at or around the same time they were filed with the EEOC. Am. Comp. at ¶ 13. In fact, each Plaintiff's EEOC Charge stated on its Charge of Discrimination form that it was being filed with the "Connecticut Commission on Human Rights and EEOC." See Ex. A. On January 27, 2020, Yale University submitted a position statement in response to Plaintiffs' EEOC Charges denying liability as to Plaintiffs' claims, and expressly acknowledging that it employs Dr. Manuel Fontes (Am. Comp. at ¶ 14) – there was no assertion therein that Yale University would not be representing Dr. Fontes for purposes of Plaintiffs' claims.

Pursuant to a request made by the CHRO (meaning that the CHRO had already been made aware of the existence of Plaintiffs' claims against Defendants), on May 1, 2020, Plaintiffs each completed a CHRO-specific "Charge of Discrimination" form, and incorporated therein the Plaintiffs' EEOC Charges that had already been filed previously with the EEOC and dual-filed/cross-filed with the CHRO (together, the "Plaintiffs' CHRO Charges"). Am. Comp. at ¶ 15. On May 13, 2020, the CHRO served Defendants with Plaintiffs' CHRO Charges, which the CHRO deemed filed on December 6, 2019 – *i.e.*, the date that Plaintiffs' EEOC Charges had been received by the CHRO. Am. Comp. at ¶ 15 ; see also Ex. B (Plaintiffs' CHRO Charges served on Defendant YNHH).[1]

At a May 13, 2020, pre-motion conference with the Court, Plaintiffs were authorized by to file a second or "supplemental amended complaint," which "will reflect the CHRO charges that will have at some point … [garnered] a release … [of] jurisdiction." Ex. C, Transcript of May 13, 2020 Pre-Motion Conference, at 28:7-10. In this context, the Court further instructed

---

[1]   Documents identical to Ex. B were also served on this date by CHRO on Yale University and Dr. Fontes respectively.

2

that any motion to dismiss based on "legal arguments … regarding timeliness of the CHRO [Charges] and effectiveness of the dual filing or work sharing agreement in Connecticut" will then be made.  Ex. C at 28:14-16; see also Ex. C at 32:8-11 ("separately, whatever you want to prepare on the supplemental amended complaint after the CHRO filing is completed … [y]ou're just doing it at two different times.").

On June 11, 2020, the CHRO issued notices of its release of jurisdiction over Plaintiffs' CHRO Charges and authorized Plaintiffs to commence a civil action with respect to their CFEPA claims.  See Ex. D.  On June 12, 2020, Plaintiffs requested Defendants' consent to file the proposed Second Amended Complaint adding claims under the CFEPA.  See Ex. E, Proposed Second Amended Complaint ("SAC").  On June 12, 2020, Counsel for Defendant Dr. Fontes declined to consent on the basis that Plaintiffs did not have a release of jurisdiction and "that the suggested amendments would be improper as to Fontes, at least in part, because they are time barred as to all Plaintiffs except Castro and Reinhart" and "the proposed second amended complaint does not state a cognizable cause of action against him."  See Ex. F.  The same day, Counsel for Defendant YNHH declined to give consent on the grounds that the claims were untimely, could not be sustained in regards to YNHH and there was no release from CHRO.  See Ex. G.  On June 13, 2020, Counsel for Defendant Yale University indicated that he was declining to consent for the same reasons.  See Ex. H.

For the foregoing reasons, the Court should grant Plaintiffs leave to amend their Amended Complaint and submit the proposed SAC.

**ARGUMENT**

I. **LEAVE TO AMEND**

   A. **As this Court Recognized In Its Direction That a SAC Be Filed, The Efficient Administration of Justice Requires Leave to File the SAC**

As detailed *supra* at pp. 2-3, this Court has already authorized the filing of the SAC. Indeed, Rule 15(a) provides that leave to amend "shall freely be given when justice so requires." The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and shall be granted freely absent a showing of undue delay, bad faith or dilatory tactics.  See Foman v. Davis, 371 U.S. 178, 1818 (1982).  The liberal tenor of Rule 15(a) is reinforced by the underlying goals of the Federal Rules of Civil Procedure, namely, that cases are litigated on the merits whenever possible.  Id.; see also Matter of Oswego Barge Corp., 439 F. Supp. 312, 323 (N.D.N.Y. 1977).

Plaintiffs easily meet the standards for leave to amend their pleadings.  For one, the Court has already endorsed the idea that Plaintiffs would file a second or supplemental complaint that includes claims under the CFEPA once the CHRO releases jurisdiction over those claims, at which time Defendants, if they so wished, could challenge the sufficiency of Plaintiffs' CFEPA claims.  The only reason why Plaintiffs' CFEPA claims were not included in the previous two versions of Plaintiffs' complaint was because the CHRO had yet to release jurisdiction over them, although Plaintiffs expressly stated that they intended to seek leave to amend their complaint to add CFEPA claims once they were able to assert the claims in court.  Moreover, it would be inefficient for Plaintiffs' CFEPA claims to be excluded from this action as those claims arise out of the exact same facts and allegations that support Plaintiffs' currently pled Title IX and Title VII claims for gender-based discrimination, sexual harassment, and retaliation, as well as the tort claims for assault, battery and invasion of privacy asserted against Dr. Fontes.

**B.     The Proposed SAC Is Not Futile**

Presumably – although they were directed by this Court to hold their fire until the Rule 12(b)(6) stage -- Defendants are opposing the filing of the SAC as futile based on their untimeliness arguments. Those arguments will fail.

In short, as Ex. B makes clear, the CHRO related back and duly served the Defendants with Plaintiffs' CHRO Charges as of December 6, 2019, which was the date on which the CHRO first received a copy of Plaintiffs' EEOC Charges, was put on notice of Plaintiffs' claims against Defendants, and therefore considered it the date that Plaintiffs' CHRO Charges were filed. See Ex. B. As such, Plaintiffs' CFEPA claims were timely filed with the CHRO pursuant to the relation back doctrine even if the CHRO later requested that Plaintiffs submit separate CHRO-specific forms (to which Plaintiffs enclosed their very same previously-filed EEOC Charges (see Ex. B)) for purposes of merely serving them on Defendants. See, generally, Lyddy v. Bridgeport Board of Educ., No. 06 Civ. 1420 (AHN), 2008 WL 5117679, at *3 (D.Conn. Dec. 4, 2008) ("Pursuant to the relation back doctrine, an amendment adding a new claim relates back to the date of the original pleading if the claim arose out of the same conduct, transaction, or occurrence set forth in the original pleading. Because it appears that the new claims arose out of the same conduct alleged in the original complaint, the new claims would relate back and would thus not be time barred.") (citation omitted). See also Chouhan v. University of Connecticut Health Center, No. 96 Civ. 2439, 2013 WL 6335273, at *3 (Conn.Super. Nov. 5, 2013)("Accordingly, the fact that the plaintiff failed to include an explicit allegation of retaliation in his previous complaint with the CHRO is excusable because the agency had adequate notice to investigate the underlying discriminatory acts at issue. The fact that the plaintiff now characterizes the demotion as retaliatory is of no moment—the factual predicate

5

remains the same. Namely, the plaintiff takes issue with his demotion and feels that it was part and parcel of an overall campaign of discrimination. Consequently, the claims before the court are reasonably related to the previous CHRO filings for purposes of exhaustion.").

### C. Defendants Will Not Suffer Substantial (or, Indeed, Any) Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend

The Supreme Court determined that in the absence of "undue delay, bad faith or dilatory motive," leave to amend should be freely given. Foman, 371 U.S. at 182. Unquestionably, Plaintiffs are not amending their complaint in bad faith or with a dilatory motive, but rather to simply add claims under the CFEPA that arise out of the same set of facts and allegations that have been pled in support of the other claims currently before the Court. Indeed, Plaintiffs reached out to Defendants seeking their consent to file the SAC the very day after they were sent notices from the CHRO indicating that the CHRO was releasing jurisdiction over their CFEPA claims.

Moreover, no prejudice to Defendants exists by Plaintiffs' filing of the SAC. As stated above, the Court has already endorsed the filing of the SAC once the Plaintiffs received their release of jurisdictions from the CHRO, at which time the Defendants would have the opportunity to assert any arguments as to why the CFEPA claims are deficient and/or should be dismissed. Further, as evidenced in the proposed SAC, the core claims alleged by Plaintiffs supporting their CFEPA claims are the exact same claims as described in the Amended Complaint; the only substantive changes to the SAC -- which appear in redline -- are the inclusion of Plaintiffs' CFEPA causes of action as the new fifth, sixth and seventh causes of action. See Ex. E at pp. 58-62. In addition, this litigation is at its early stages, as the parties have yet to exchange discovery, and Defendants filed Rule 12 motions in regards to Plaintiffs'

Amended Complaint just in recent days.  The filing of the SAC will not have any affect, material or otherwise, on the discovery in this case.

In light of the public policy interests underlying Rule 15(a), it is necessary that Plaintiffs be granted leave to amend their pleadings in order to assert their CFEPA claims in this action so that all relevant causes of action arising out of the facts and allegations pled in this action are in one forum in front of one Court case.  Accordingly, for the reasons above, no prejudice exists for Defendants, and Plaintiffs respectfully request that they be granted leave to promptly file the proposed SAC.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to amend their complaint and accept the proposed SAC, and for such other and further relief as this Court deems just and proper.

Dated:  June 22, 2020
New York, New York

Respectfully submitted,

**MADSEN, PRESTLEY & PARENTEAU, LLC**

Todd D. Steigman (CT 26875)

402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
tsteigman@mppjustice.com

**WIGDOR LLP**

By: _____/s/ Tanvir Rahman_____

Douglas H. Wigdor
(admitted *pro hac vice*)
Michael J. Willemin
(admitted *pro hac vice*)
Parisis G. Filippatos
(admitted *pro hac vice*)
Tanvir H. Rahman
(admitted *pro hac vice*)

85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
pfilippatos@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiffs*