UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIA CASTRO, M.D., et al ) | CIVIL ACTION NO: |
| Plaintiff, ) | 3:20-cv-00330 (JBA) |
| ) | |
| v. ) | |
| ) | |
| YALE UNIVERSITY, et al ) | |
| ) | |
| Defendant. ) | June 30, 2020 |

### DEFENDANT MANUEL FONTES M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

Defendant Manual Lopes Fontes, M.D. ("Defendant" or "Defendant Fontes") hereby submits this Memorandum in Opposition to Plaintiffs' Motion to Amend dated June 22, 2020 [Doc. No. 54] which seeks to amend the complaint for a second time, in order to add counts alleging violation of the Connecticut Fair Employment Practices Act ("CFEPA") against all Defendants. Plaintiffs' Motion should be denied because the Commission on Human Rights and Opportunities ("CHRO") has not released its jurisdiction over the charges against Defendant Fontes, and accordingly this Court lacks subject matter jurisdiction over those claims. Additionally, even if the CHRO had issued a release of jurisdiction over those claims, Plaintiffs' proposed amendments as to Defendant Fontes are futile as they fail to state a claim as a matter of law.

### I.   ALLEGATIONS AND PROCEDURAL BACKGROUND

This action arises out of allegations by six Plaintiffs[1] of alleged harassment and discrimination during their employment with Yale University and/or Yale New Haven Hospital, Inc. ("YNNH")

---

[1] Plaintiffs Mia Castro, M.D. ("Plaintiff Castro"), Heidi Boules, M.D. ("Plaintiff Boules"), Ashley Eltorai, M.D. ("Plaintiff Eltorai"), Jodi-Ann Oliver, M.D. and Lori-Ann Oliver, M.D. ("Plaintiffs Oliver") and Elizabeth Reinhart, M.D. ("Plaintiff Reinhart") allege that they are either attending physicians, residents or fellows and employees of the

(sometimes hereinafter collectively referred to as "the Yale Defendants"). Plaintiffs allege violation of Title IX and Title VII as to the Yale Defendants, and assert three state-law claims of assault, battery, and invasion of privacy as to Defendant Fontes. (Amended Complaint dated May 29, 2020 [Doc. No. 44].) Plaintiffs have now sought to amend their Complaint for a second time to assert claims under the Connecticut Fair Employment Practices Act ("CFEPA"). Their Motion should be denied as to Defendant Fontes for the reasons set forth herein.

*Proceedings Before the EEOC*

Plaintiffs apparently filed charges with the Equal Employment Opportunity Commission ("EEOC") on December 4, 2019 and December 5, 2019 alleging violations of Title VII (**not CFEPA**). (Amended Complaint at ¶ 12.)[2] **Defendant Fontes was not served with any such charges and was not a party to those proceedings.** *See Affidavit of Robert B. Mitchell* dated April 28, 2020 [Doc. No. 34-1][3]. Plaintiffs allege they received Notices of Right to Sue from the EEOC on May 1, 2020, and they thereafter asserted causes of action against the Yale Defendants under Title VII. (Amended Complaint at ¶ 16; Counts Three and Four.)

---

Yale Defendants. Plaintiffs allege that Yale University is an academic university that receives financial assistance from the Federal government (Amended Complaint, Doc. No. 44, at ¶ 27) and separately, that YNNH is a private corporation engaged in the business of providing health care, which also receives financial assistance from the Federal government. (Amended Complaint at ¶ 31.)

[2] Plaintiffs' assertion that Defendant Fontes was named as a respondent in the proceedings before the EEOC alleging violation of Title VII (Amended Complaint at ¶ 12) is in contrast to Plaintiffs' implicit admission that no liability can lie against Defendant Fontes under Title VII. *See* Plaintiffs' April 27, 2020 Letter [Doc. No. 32]. In their letter, Plaintiffs acknowledged that, while individual liability may lie under subsection (5) of 46a-60(b), individual liability would **not** lie against Defendant Fontes under Title VII: "*Unlike Title IX or Title VII*, individuals, such as Defendant Fontes, may be held liable under CFEPA. See, e.g., Conn. Gen. Stat. §46a-60(b)(5)." (Emphasis added.) (*See* Doc. No. 32.)

[3] Plaintiffs' argument in their Memorandum of Law in support of their Motion to Amend, that "there was no assertion…that Yale University would not be representing Dr. Fontes" in the EEOC proceedings, is completely nonsensical. It is not incumbent upon a party to assert who they are *not* representing; much less an individual that is not even a respondent to the subject proceedings.

*Proceedings Before the CHRO*

Plaintiffs allege that on or about May 1, 2020, they filed charges against Defendant Fontes with the CHRO, which were served on Defendant Fontes on or about May 13, 2020. (Amended Complaint at ¶ 15.) This was the first time that charges had been filed against, and served on Defendant Fontes, with or by any agency. *See* Affidavit of Manuel Fontes in Support of Motion to Dismiss dated May 8, 2020 [Doc. No 50-3]. The CHRO served Defendant Fontes (through his counsel) with six charges, brought by each of the Plaintiffs named herein, bearing CHRO Nos. as follows:

2030531 – Oliver vs. Manuel Lopes Fontes, M.D.

2030534 – Oliver vs. Manuel Lopes Fontes, M.D.

2030353 – Castro vs. Manuel Lopes Fontes, M.D.

2030540 – Reinhart vs. Manuel Lopes Fontes, M.D.

2030543 – Boules vs. Manuel Lopes Fontes, M.D.

2030546 – Eltorai vs. Manuel Lopes Fontes, M.D[4].

Plaintiffs allege that they similarly filed charges with the CHRO against Yale University and YNNH on or about May 1, 2020. Plaintiffs assert that they have received releases of jurisdiction from the CHRO. However, these releases of jurisdiction, attached as Exhibit D to Plaintiffs' Declaration of Tanvir H. Rahman dated June 22, 2020 [Doc. No. 56-4], do not include any of the charges against Defendant Fontes, which are still pending before the CHRO, and for which no release of jurisdiction has been issued. *See* Affidavit of Robert B. Mitchell dated June 29, 2020, submitted herewith as Exhibit A. As is clear from Plaintiffs' own filing, the releases of jurisdiction issued by the CHRO are for the charges filed against Yale University, **_not Defendant_**

---

[4] See Affidavit of Robert B. Mitchell attached hereto as Exhibit A, with attached notice of charges received from the CHRO on May 14, 2020.

*Fontes*. Only Yale University is listed in the caption of each release of jurisdiction; and, the CHRO Nos. that have been released are as follows (none of which match the CHRO Nos. for the charges against Defendant Fontes):

    2030533 – Jodi-Ann Oliver vs. Yale University

    2030529 – Lori-Ann Oliver vs. Yale University

    2030537 – Castro vs. Yale University

    2030538 – Reinhart vs. Yale University

    2030542 – Boules vs. Yale University

    2030544 - Eltorai vs. Yale University[5]

The CHRO has not released jurisdiction over the claims against Defendant Fontes.

*Proceedings Before this Court*

Plaintiffs originally brought this action by Complaint dated March 12, 2020 [Doc. No. 1] and subsequently amended on May 29, 2020 [Doc. No. 44] against the Yale Defendants and Defendant Fontes. Plaintiffs allege violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and violations of Title VII against the Yale Defendants (Amended Complaint Counts One through Four). Plaintiffs allege three state law claims of assault, battery and invasion of privacy against Defendant Fontes. (Amended Complaint Counts Five through Six).

Between June 17, 2020 and June 19, 2020, each of the Defendants filed motions to dismiss Plaintiffs' Amended Complaint. Now Plaintiffs seek permission to amend their Complaint for a second time based on the release of jurisdiction from the CHRO as to the claims against Yale University. They seek to add three counts under CFEPA: Count Five (discrimination as to all

---

[5] Exhibit D to Declaration of Tanvir H. Rahman dated June 22, 2020 [Doc. No. 56-4].

Defendants); Count Six (retaliation as to all Defendants); and Count Seven (aiding and abetting as to Defendant Fontes). To date, however, the CHRO has not issued a release of jurisdiction as to the charges against Defendant Fontes. Accordingly, this Court lacks jurisdiction over Plaintiffs' CFEPA claims against Defendant Fontes, and Plaintiffs' Motion should be denied.

## II. ARGUMENT

### A. Standard

Although, under ordinary circumstances, leave to amend should be freely given, denial is proper where the proposed amendment would be futile. *Abrahams v. State Connecticut Department of Social Services*, 2018 WL 995106 (D.Conn. Feb. 21, 2018) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is considered "futile" if the amended pleading fails to state a claim, or would be subject to a successful motion to dismiss on some other basis. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Abrahams* at * 6. "Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied." *Donovan v. Am. Skandia Life Assur. Corp.* 217 F.R.D. 325, 325 (S.D.N.Y 2003). Likewise, "[w]here a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility". *Caro v. Fidelity Brokerage Services, LLC*, 2013 WL 3929708 (D.Conn. July 26, 2013). Where, as here, the Court lacks jurisdiction over the proposed amended claims; or separately, where the proposed amendments would be subject to dismissal on some other basis, amendment should be denied.

### B. This Court Lacks Jurisdiction Over Plaintiffs' CFEPA Claims Against Defendant Fontes.

In order to state a claim under CFEPA, Plaintiffs are first required to exhaust their administrative remedies by filing charges with, and obtaining a release of jurisdiction from, the CHRO; failure to do so implicates the Court's subject matter jurisdiction. *Grande v. Hartford Board of Education*, Case No. 19-cv-00184 (KAD), 2020 WL 70815 at *2 (D.Conn. Jan. 7,

2020)[6](failure to obtain a release of jurisdiction from CHRO implicates the Court's subject matter jurisdiction to hear CFEPA claims); *Anderson v. Derby Board of Education*, 718 F.Supp.2d. 258, 272 (D.Conn. 2010); *see also* Conn.Gen.Stat. § 46a-101 ("No action may be brought...unless the complainant has received a release from the commission..."). Moreover, "[w]here a plaintiff has obtained a release for his or her discrimination claims from the CHRO but failed to include a particular defendant in the CHRO complaint, courts of this District have consistently found a lack of subject matter jurisdiction over the claims as to the unnamed defendant." *Anderson*, 718 F.Supp.2d at 273 (citations omitted) (dismissing defendant who was not a respondent in the CHRO proceeding).

Plaintiffs' failure to obtain a release of jurisdiction from the CHRO with respect to the CFEPA claims against Defendant Fontes is therefore fatal to any such claims. Accordingly, their Motion to Amend in order to add claims over which this Court lacks jurisdiction, should be denied.[7]

  C. *Even if the CHRO Had Issued a Release of Jurisdiction as to Defendant Fontes, Amendment Would be Futile, as Plaintiffs Fail to State a Legally Cognizable Claim against Defendant Fontes.*

---

[6] Copies of unpublished decisions are attached hereto as Exhibit C.

[7] Plaintiffs' filings with the EEOC does not provide this Court with jurisdiction over the CFEPA claims. While Plaintiffs contend, in a conclusory fashion, that the EEOC filing was, in fact, a cross filing with the CHRO (Amended Complaint at ¶ 13), they are mistaken as a matter of law. Under the 2019 EEOC/CHRO Work-Sharing Agreement (a copy is attached to the Affidavit of Reese Mitchell submitted herewith as Exhibit B) filing with the EEOC suffices to constitute a filing of all Title VII claims (*i.e*, not CFEPA claims). EEOC filings, however, do not cover allegations that a respondent party has violated CFEPA. Agreement section II.A. states that, "[t]he EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for purposes of Section 706(c) and (e)(1) of Title VII...." No reasonable argument can be made that the Work-Sharing Agreement or the supporting statutory authority gave the EEOC power to accept or hear any claim that might have been made against Defendant Fontes under CFEPA. *See Edwards v. William Raveis Real Estate, Inc.*, Case No. 08-cv-1907 (JCH), 2009 WL 1407233 at *3-4 (D.Conn. May 19, 2009)(reading the Work -Sharing agreement to limit automatic initiation of a CHRO claim upon filing with the EEOC to Title VII claims); *Cenac v. Department of Mental Health and Addiction Services*, 2018 WL 8731549 (D.Conn. Feb. 28, 2018)("plaintiff cites no case in which the filing of an EEOC charge constituted a filing with the CHRO as well. Indeed, prior cases in this district stand for the proposition that under past CHRO-EEOC worksharing agreements, the filing of an EEOC charge does not constitute the filing of a charge with the CHRO as well"); *see also Wellington v. Norwalk Hospital*, Case. No. 3:18-cv-02143 (WWE), 2019 WL 247578 (D.Conn. June 13, 2019) (an EEOC right-to-sue letter is not sufficient to satisfy the exhaustion requirements of the CFEPA).

Plaintiffs' proposed Second Amended Complaint seeks to add a count against all Defendants for discrimination in violation of CFEPA (Count Five); retaliation in violation of CFEPA (Count Six); and aiding and abetting in violation of CFEPA (Count Seven). Plaintiffs fail to identify the specific statutory provisions they allege were violated. A review of any of the provision that they could be relying on makes clear that they cannot state a claim against Defendant Fontes.

> *1. Plaintiffs' Proposed Count Five Fails to State a Claim Against Defendant Fontes Because There is No Individual Supervisory Liability.*

Conn. Gen. Stat. 46a-60(b) provides in relevant part that "[i]t shall be a discriminatory practice in violation of this section:

> (1)   *For an employer*, by the employer or the employer's agent … to … discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex….
>
> (7)   *For an employer*, by the employer or the employer's agent…to discriminate against an employee…on the basis of her pregnancy in the terms or conditions of her employment…[8]
>
> (8)   *For an employer*, by the employer or the employer's agent …to harass any employee, person seeking employment or member on the basis of sex or gender identity or expression…..As used in this subdivision, 'sexual harassment' means any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (A) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (B) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (C) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

(Emphasis added).

Defendant Fontes is not an employer of any of the Plaintiffs. Pursuant to Conn. Gen. Stat § 46a-51, "'Employer' includes the state and all political subdivisions thereof and means any

---

[8] Only Plaintiff Eltorai alleges pregnancy discrimination.

person or employer with three or more persons in such person's or employer's employ." Plaintiffs have alleged that "Dr. Fontes is an employee of and supervisor at Yale University and Yale New Haven Hospital, Inc." (Amended Complaint at ¶ 37.) While they allege in a conclusory fashion that "thus, Dr. Fontes meets the definition of "employer" under all relevant statutes" (*id.* at 37), it is clear from the face of the definition above that that is not the case. Insofar as a supervisor is not included in the definition of "employer", Defendant Fontes is not an employer under CFEPA, and thus cannot be liable under subsections (1), (7) or (8) of the statute by the terms of these sections.

In fact, the Connecticut Supreme Court has expressly held that there is no individual supervisor liability under subsection (1). *Perodeau v. City of Hartford*, 259 Conn. 729, 744 (2002)("we conclude that § 46a-60a(a)(1) [now 46a-60(b)(1)] does not impose liability on individual employees")[9]; *see also Mercer v. Brunt*, 272 F.Supp.2d 181, 188 (D. Conn. 2002)(finding no individual liability in reliance on *Perodeau*); *Grey v. City of Norwalk Bd. of Educ.*, 304 F.Supp.2d 314, 328 (D. Conn. 2004)(same); *Schaefer v. General Elec. Co*, 2008 WL 2001244 at *3 (D. Conn. May 8, 2008)(same); *Levin v. New Haven Board of Education*, 2006 WL 8448012 (D. Conn. Dec. 8, 2006)(same); *Miner v. Town of Cheshire*, 126 F.Supp.2d 184, 203-204 (2000) (there is no individual supervisory liability under sections 46a-60(a)(1)[now 46a-60(b)(1)]); *Barclay v. Michalsky*, 451 F.Supp.2d 386, 401, fn 1 (D. Conn. Sept. 12, 2006)(same).

Likewise, caselaw makes clear that there is no individual supervisor liability under subsection (8) of the statute:

> "The legislature, by failing to extend liability expressly to 'persons' in sections 46a-60(a)(1) and (8) and instead limiting liability in that section, did not intend to hold

---

[9] The Court in *Perodeau* relied in part on federal court authority interpreting the "agent" provision in 42 U.S.C. § 2000e and holding that the purpose of this language was not to create individual liability, but rather to incorporate respondeat superior liability into the statute. 259 Conn. at 739-741.

employees, whether supervisory or not, individually liable. Moreover, the fact that the Connecticut legislature extended liability to 'any person' in other sections of CFEPA, but did not do so in sections 46a-60(a)(1) and (8) is significant. Accordingly, section 46a-60(a)(1) and (8)[10] do not provide for individual supervisory liability."

*Miner v. Town of Cheshire*, 126 F.Supp.2d 184, 203-204 (2000); *see also Bolick v. Alea Group Holdings, Ltd.*, 278 F.Supp.2d 278, 281-282 (D. Conn. 2003)(as (1) and (8) refer to an "employer" specifically, they create no individual supervisory liability); *Denault v. Community Mental Health Affiliates*, 2017 WL 1240435 at * 4 (Conn. Super. Jan. 25, 2017) (no individual liability created by 46a-60(a)(8)). Accordingly, Plaintiffs' proposed amendment asserting discrimination claims against Defendant Fontes under CFEPA would be subject to dismissal and thus completely futile.

   2. *Plaintiffs' Proposed Count Seven Fails to State a Claim Against Defendant Fontes For Aiding and Abetting.*

Likewise, Plaintiffs' proposed new count seven, seeking to assert an aiding and abetting claim against Defendant Fontes, also fails to state a claim as a matter of law. In contrast to subsections (1) and (8), subsection (5) of § 46a-60(b) provides that it shall be a discriminatory practice "*for any person, whether an employer or an employee or not,* to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or attempt to do so." (Emphasis added.) However, Plaintiffs cannot allege a claim for aiding and abetting in this case, because the claims against Defendant Fontes involve allegations that he, himself, sexually harassed Plaintiffs. The courts have held that a sole alleged harasser cannot be held to have "aided and abetted" himself. As Defendant Fontes is the only actor who the Plaintiffs in this case claim allegedly engaged in sexually harassing them, he cannot be held liable for aiding and abetting his own actions. *See Bolick v. Alea Group Holdings, Ltd.*, 278 F.Supp.2d 278, 282 (D. Conn. 2003).

---

[10] The 2017 amendment to this statute re-lettered these sections to become 46a-60(b)(1) and (b)(8). Nor can Plaintiff Eltorai state a claim against Defendant Fontes for pregnancy discrimination under subsection (7) of 46a-60(b), as this, section, like subsections (1) and (8), applies on its face only to employers.

In *Bolick, supra,* the plaintiff brought claims for gender discrimination and sexual harassment in violation of CFEPA against her supervisor. The court dismissed the claims for gender discrimination and sexual harassment under CFEPA, finding that there was no individual liability for those claims, as discussed above. The court likewise dismissed the aider and abettor claim under subsection (5), finding that one cannot aid and abet his own wrongful conduct. The court noted that the dictionary defines "abettor" as "a person who abets (incites or encourages) *an offender.*" *Id.* at 282. The court noted "it is a term of art meaning to *assist the perpetrator* of the crime while sharing the requisite intent." *Id.* at 282. Finally, the court went on to note that:

> "To apply the aiding and abetting provision of CFEPA against an employee who was the sole perpetrator of the alleged harassment would produce an illogical result. 'Such an application creates a strange and confusing circularity where the person who has directly perpetrated the harassment only becomes liable through the employer whose liability in turn hinges on the conduct of the direct perpetrator.'"

*Bolick v. Alea Group Holdings, Ltd.*, 278 F.Supp.2d 278, 282 (D. Conn. 2003); *see also, Bates v. City of Bristol*, 2018 WL 1472523 at *7 (D. Conn. Mar. 26, 2018) (dismissing aiding and abetting claim where alleged harasser could not aid and abet himself); *Denault v. Community Mental Health Affiliates*, 2017 WL 1240435 at *5 (Conn. Super. Jan. 25, 2017) (same). Accordingly, Plaintiffs' attempt to add an aiding and abetting claim against Defendant Fontes (proposed Count Seven) would be subject to dismissal, and therefore futile.

### D. *Plaintiffs' Castro's and Eltorai's Retaliation Claims Against Defendant Fontes are Time Barred.*

Likewise, Plaintiffs' proposed amendment adding a count against all Defendants under CFEPA for retaliation (proposed Count Six) is also futile, as these claims are time barred.

Prior to amendment in 2019, the CFEPA required that claims be brought within 180 days of the occurrence of the alleged discriminatory event. This was changed by the legislature in 2019 so that claims arising after October 1, 2019 would have a 300-day statutory filing period applied,

while those occurring before that date would be considered only under the previous 180-day limitations restriction. See Conn. Gen. Stat. § 46a-82(f)[11]. With the sole exception of one allegation by Plaintiff Reinhart and one allegation by Plaintiff Lori-Ann Oliver, both pertaining to a conference in Orlando, Florida in October 2019, all of the claims of by all Plaintiffs took place prior to October, 2019 and so fell within the 180-day limitations period rule – including the retaliation claims that Plaintiffs Castro and Eltorai attempt to assert in their proposed Second Amended Complaint (new proposed Count Six).[12] Insofar as these allegations arose prior to October 2019 and were not filed with the CHRO within 180 days, they are time barred.

Subsection (4) of 46a-60(b) provides in relevant part that it shall be a discriminatory practice: "(4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because such person has opposed any discriminatory practice or because such person has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84." Plaintiff Eltorai complains about her removal from the ICU in August 2019 (Amended Complaint at ¶ 143.) While Plaintiff Eltorai complains of alleged retaliation after October 1, 2019, none of those allegations are against Defendant Fontes. (Amended Complaint ¶¶ at 161-164.) Plaintiff Castro complains about Defendant Fontes telling her she could not use an unapproved trip to Peru to fulfill her fellowship requirements, in July and August 2019. (Amended Complaint at ¶ 119.)

---

[11] Conn. Gen. Stat. § 46a-82(f) provides in relevant part that: "Any complaint filed pursuant to this section shall be filed within one hundred and eighty days after the alleged act of discrimination, except that any complaint by a person....claiming to be aggrieved by a violation of section 46a-60...that occurred on or after October 1, 2019, shall be filed not later than three hundred days after the date of the alleged act of discrimination."

[12] Additionally, any claim for retaliation would fail as Plaintiffs fail to show any protected activity or adverse employment action, as set forth in detail in Defendant Yale University's Motion to Dismiss [Doc. No. 53] and YNNH's Motion to Dismiss [Doc. No. 51].

As it is apparent on the face of the pleadings that these claims were not brought to the CHRO within 180 days as required under CFEPA, these claims against Defendant Fontes are time barred. *See Miller v. Ethan Allen Global, Inc.*, Civ. No. 3:10-CV-1701 (JCH), 2011 WL 3704806 (D.Conn. Aug 23, 2011)(employee cannot recover for employer's acts that occurred prior to the deadline for filing under § 46a-82(f); but noting exceptions for waiver and equitable tolling); *Alvarez v. City of Middletown*, 2018 WL 1785544 at * 9, n.2 (Conn. Super. March 16, 2018) (finding that any cause of action arising from conduct occurring before the § 46a-82(f) prescribed period for filing was time barred); *Nelson v. City of Bridgeport*, 2012 WL 4902812 at * 6 (Conn. Super. Sept. 27, 2012) (same); *Tosado v. State*, 2007 WL 969392 (Conn. Super. March 15, 2007) at * 2 (courts can properly decline to consider allegations that occurred more than 180 days before the date that the plaintiff filed a complaint with the CHRO); *Kahn v. Fairfield University*, 357 F.Supp.2d 496, 503 (D.Conn. 2005) (finding CFEPA claims time barred).

### III. CONCLUSION

For all of the foregoing reasons, Defendant Fontes requests that this Court deny Plaintiffs' Motion to Amend the Complaint [Doc. 54].

THE DEFENDANT

By:   /s/ Aimee J. Wood
      Robert B. Mitchell (ct02662)
      Margaret M. Sheahan (ct05862)
      Reese B. Mitchell (ct30226)
      Aimee J. Wood (ct18702)
      Mitchell & Sheahan, P.C.
      999 Oronoque Lane, Suite 203
      Stratford, CT 06614
      203-873-0240
      203-873-0235 (fax)
      awood@mitchellandsheahan.com
      Counsel for Manuel L. Fontes, M.D.

## **CERTIFICATION**

I hereby certify that on the date noted above, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be served by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

THE DEFENDANT

By: */s/ Aimee J. Wood*
Robert B. Mitchell (ct02662)
Margaret M. Sheahan (ct05862)
Reese B. Mitchell (ct30226)
Aimee J. Wood (ct18702)
Mitchell & Sheahan, P.C.
999 Oronoque Lane, Suite 203
Stratford, CT 06614
203-873-0240
203-873-0235 (fax)
awood@mitchellandsheahan.com
Counsel for Manuel L. Fontes, M.D.