UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D., ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D. and ELIZABETH REINHART, M.D.,<br>    Plaintiffs,<br><br>v.<br><br>YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., and MANUEL FONTES, M.D., in his individual and professional capacities,<br>    Defendants. | Civil Action No. 3:20-CV-00330 (JBA)<br><br><br><br><br><br>JULY 7, 2020 |

**DEFENDANT YALE NEW HAVEN HOSPITAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a) and the Local Rules of this Court, Defendant Yale New Haven Hospital, Inc. ("YNHH") hereby respectfully opposes the Motion for Leave to File a Second Amended Complaint ("Motion for Leave") filed by Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D. (collectively, "Plaintiffs") on June 22, 2020.

Plaintiffs' Motion for Leave to add claims under the Connecticut Fair Employment Practices Act ("CFEPA") must be denied because: (1) the Connecticut Commission on Human Rights and Opportunities ("CHRO") has not released jurisdiction over Plaintiffs' CFEPA claims against YNHH; and (2) even if it had, the proposed amendment to the complaint would be futile, as the CFEPA claims are time-barred.[1]

---

[1] Plaintiffs' Motion for Leave must also be denied because Plaintiffs cannot sustain CFEPA claims against YNHH.

1

I.      **Brief Relevant Background**

Plaintiffs Boules, Eltorai, and both Olivers are professor employees of Yale University with medical privileges only as attending physicians at YNHH. (Am. Compl., ¶¶ 21, 23-25). Plaintiff Castro is a pediatric anesthesiology fellow employed by YNHH. (Am. Compl., ¶ 22). Plaintiff Reinhart is an anesthesiology resident employed by YNHH. (Am. Compl., ¶ 26).

On December 5, 2019, the United States Equal Employment Opportunity Commission ("EEOC") received charges of discrimination, including sexual harassment, from Plaintiffs Boules and Reinhart, and charges of discrimination, including sexual harassment, and retaliation from Plaintiffs Castro and Eltorai. *See* Motion for Leave, Exhibit ("Ex.") A. On December 5, 2019, the EEOC received charges of discrimination, including sexual harassment, from both Oliver Plaintiffs. *See id.* Not a single one of the EEOC charges included, or even referenced, any allegations under the CFEPA. *See id.* At that time, none of the plaintiffs filed any complaint with the CHRO.

Only <u>after</u> filing their initial complaint in this Court on March 12, 2020—raising the same factual allegations as those in the instant proposed amendment—<u>on May 1, 2020</u>, Plaintiffs filed CHRO complaints, alleging, under the CFEPA, discrimination in the form of sexual

---

Plaintiff Eltorai does not allege in support of her CFEPA pregnancy discrimination claim that she encountered any adverse employment action. (Am. Compl., ¶¶ 127-28, 130-31); *see Buster v. City of Wallingford*, 557 F. Supp. 2d 294, 299 (D. Conn. 2008) (a "remark [to the plaintiff] and its effects," including that the remark "took an emotional toll" on her did not constitute an adverse action under the CFEPA). In addition, Plaintiffs Eltorai and Castro do not allege in support of their CFEPA retaliation claims engagement in any protected activity or any adverse employment action. (Am. Compl., ¶¶ 113, 117-18, 132, 136, 143, 208); *see Delgado v. City of Stamford*, No. 3:11-cv-01735-VAB, 2015 U.S. Dist. LEXIS 148038, *68 (D. Conn. Nov. 2, 2015) ("Complaints presenting general allegations of harassment unrelated to protected class are not protected activity under . . . CFEPA."); *Worster v. Carlson Wagon Lit Travel, Inc.*, 353 F. Supp. 2d 257, 271 (D. Conn. 2005) (transfer was not adverse action under CFEPA). Moreover, none of the Plaintiffs can sustain a claim of sexual harassment under the CFEPA. (Am. Compl., ¶¶ 98-99, 101, 104-06, 111, 113, 116, 149-50, 152-53, 155-58, 169, 172, 176-77, 179-80, 182-83, 186, 190-93, 196-97, 199, 202, 211); *see Saliga v. Chemtura Corp.*, No. 12-cv-832 (VAB), 2015 U.S. Dist. LEXIS 133135, *35, *37 (D. Conn. Sept. 30, 2015) (finding no hostile work environment under the CFEPA, where the plaintiff sustained comments, a hug, a kiss, and an arm around her shoulder over the course of a year).

harassment (all Plaintiffs), pregnancy discrimination (in the case of Plaintiff Eltorai), and retaliation (in the case of Plaintiffs Castro and Eltorai). *See* Motion for Leave, Ex. B, at 4[2] (Plaintiffs' May 1, 2020 Letter to the CHRO). It was not until May 13, 2020 that the CHRO informed YNHH that Plaintiffs had brought CFEPA claims against it. *See* Motion for Leave, Ex. B, at 1-2 (CHRO's May 13, 2020 Letter to YNHH).

After Plaintiffs requested that the CHRO release its jurisdiction over all CFEPA claims, on June 11, 2020, the CHRO issued releases of jurisdiction, but only as to Plaintiffs' CFEPA claims *against Yale University*. *See* Motion for Leave, Ex. B, at 4 (Plaintiffs' May 1, 2020 request for CHRO to release jurisdiction); Ex. D (CHRO's releases of jurisdiction as to Yale University). While Plaintiffs requested releases of jurisdiction of their CFEPA claims against YNHH on July 2, 2020, to date, the CHRO has not released its jurisdiction over those claims.

## II.   Legal Analysis

"Leave [to amend a complaint] may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Here, Plaintiffs' proposed second amendment is an impermissible attempt to bring CFEPA claims against YNHH, which the CHRO still has jurisdiction over, and which, in any event, are untimely. As such, good reason exists to deny the Motion for Leave.

**A.   Plaintiffs Cannot Amend Their Amended Complaint to Add CFEPA Claims Against YNHH Because the CHRO Has Not Released Jurisdiction of These Claims.**

Plaintiffs cannot file a second amended complaint, at least not yet, because the CHRO

---

[2] The page numbers cited herein are the page numbers in the header of the document that were assigned by the e-filing system upon filing.

has not released jurisdiction over those claims as to YNHH.

As Plaintiffs acknowledge several times in their Motion for Leave, the Court previously gave them permission to amend their complaint to add CFEPA claims, but only after the CHRO's release of jurisdiction. *See* Motion for Leave at 6 (quoting from the parties' pre-motion conference with the Court, and stating that "Plaintiffs were authorized by" the Court to amend their complaint "to reflect the CHRO charges that will have at some point garnered a release of jurisdiction") (internal quotation marks and citation, ellipses, and brackets omitted); 8 ("the Court has already endorsed the idea that Plaintiffs would file a second or supplemental complaint that includes claims under the CFEPA once the CHRO releases jurisdiction over those claims"); and 10 ("the Court has already endorsed the filing of the SAC once the Plaintiffs receive their release of jurisdiction from the CHRO"). The very documents that Plaintiffs submit in support of their Motion for Leave demonstrate that the CHRO has only released jurisdiction with respect to Yale University, *not* YNHH. *See* Motion for Leave, Ex. D (Releases of Jurisdiction, identifying the only Respondent as Yale University, captioning the Releases with case numbers pertaining to charges brought against Yale University only, and serving Yale University's counsel). For these reasons, Plaintiffs should not be granted leave to file a second amended complaint to add CFEPA claims against YNHH.

**B.      Even if the CHRO Had Released Jurisdiction of the CFEPA Claims Against YNHH, Plaintiffs' Proposed Amendment to Add Those Claims Is Futile.**

**1.      Plaintiffs' CHRO Complaints Should Be Deemed Filed in May 2020.**

Even if the CHRO had released its jurisdiction of CFEPA claims against YNHH, which it has not done, Plaintiffs' proposed amendment to add those claims against YNHH is futile

4

because these claims have not been timely asserted. Accordingly, Plaintiffs should not be allowed to file a second amended complaint adding these claims.

It is undisputed that the CHRO only received the complaints that Plaintiffs attach as evidence of their CHRO complaints in May 2020. *See* Motion for Leave, Exs. B and C. It is also undisputed that YNHH did not receive these CHRO complaints until May 2020. *See* Motion for Leave, Ex. B. While Plaintiffs filed their respective charges with the EEOC in December 2019, the filing of those EEOC charges is not equivalent to filing with the CHRO.

While the current EEOC-CHRO work-sharing agreement states: "The EEOC's receipt of charges on the [Fair Employment Practices Agency's] behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purpose of . . . Title VII.," there is no similar provision for the purpose of CFEPA claims. *See* Ex. 1 (EEOC-CHRO current work-sharing agreement). The U.S. District Court for the District of Connecticut has itself found that a plaintiff "need[s] to only file with the CHRO to commence a complaint with the EEOC," but "the inverse is" not "true." *See Edwards v. William Raveis Real Estate, Inc.*, No. 08-cv-1907 (JCH), 2009 U.S. Dist. LEXIS 42400, *8 (D. Conn. May 18, 2009). In other words, "a filing with the EEOC does not preserve a claim" under the CFEPA "with the CHRO." *Id.* at *6-7, *9. The Second Circuit has found no exception – "CFEPA claims must initially go through the CHRO." *Fried v. LVI Servs.*, 557 Fed. Appx. 61, 63 (2d Cir. 2014). Accordingly, the date that Plaintiffs filed their CHRO complaints cannot be deemed to be the date of their EEOC filings.

Plaintiffs' arguments to the contrary are not compelling. Plaintiffs argue that "each Plaintiff's EEOC Charge stated on its Charge of Discrimination form that it was being filed with the Connecticut Commission on Human Rights and EEOC." Motion for Leave at 6 (internal

5

quotation marks and citation omitted).  But courts have found that a "filing with the EEOC" cannot be considered "tantamount to filing with the CHRO," despite a request in the EEOC submission "that the complaint be sent to the CHRO."  *Paris-Purtle v. State*, No. X10UWYCV146025212, 2015 Conn. Super. LEXIS 537, *14 (Mar. 11, 2015).

Moreover, neither of the cases that Plaintiffs cite in support of their proposition that their CFEPA claims were timely filed with the CHRO addresses the procedural issue at hand, *i.e.*, whether a filing with the EEOC counts as a filing of CFEPA claims with the CHRO.  *See* Motion for Leave at 9 (citing *Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06-cv-1420 (AHN), 2008 U.S. Dist. LEXIS 98328 (D. Conn. Dec. 4, 2008), and *Chouhan v. Univ. of Connecticut Health Center*, No. 96-cv-2439S, 2013 Conn. Super. LEXIS 2555 (Nov. 5, 2013)).  The issue in *Lyddy* was whether the plaintiffs' addition of "new claims to the complaint" was time-barred because they had not asserted them "within the ninety-day period following the CHRO's release of jurisdiction."  *Lyddy*, No. 3:06-cv-1420 (AHN), 2008 U.S. Dist. LEXIS 98328, at *9.  The present issue, however, is not whether Plaintiffs' addition of CFEPA claims is within the ninety-day period after a release of jurisdiction (which here has not even been issued), but whether those claims should be deemed filed when the EEOC charges were filed.  In *Chouhan*, the plaintiff did not raise a retaliation claim before the CHRO, he later brought a claim of retaliation in federal court, and the federal court found that his claim was reasonably related to the CHRO filing for purposes of exhaustion because "the agency had adequate notice to investigate the underlying discriminatory acts at issue" at the time of the CHRO complaint.  *See Chouhan*, No. 96-cv-2439S, 2013 Conn. Super. LEXIS 2555, at *11.  *Chouhan* is inapposite, however, because, while YNHH learned of Plaintiffs' Title VII claims before the EEOC in December

6

2019, YNHH was not placed on notice of Plaintiffs' CFEPA claims until May 2020 and thus did not have "adequate notice to investigate" these claims. *See id.* Notably, claims under Title VII and the CFEPA are different, and YNHH is entitled to receive proper notice of claims against it.

Therefore, as Plaintiffs' EEOC charges do not satisfy the requirement of filing their CFEPA claims with the CHRO, and Plaintiffs did not file their CHRO complaints until May 2020, their CHRO complaints should be deemed filed in May 2020. *See Edwards*, No. 08-cv-1907 (JCH), 2009 U.S. Dist. LEXIS 42400, at *5, *10 (dismissing CFEPA claims, where plaintiff "assert[ed] that because she filed a charge with the EEOC, she satisfied her obligations under CFEPA because the EEOC and CHRO have a work-sharing agreement"); *Cenac v. Dep't of Mental Health and Addiction Servs.*, No. MMXCV186020531, 2018 Conn Super. LEXIS 1823, *20 (Aug. 13, 2018) (dismissing CFEPA claims, where the plaintiff claimed "that he was relieved of the obligation of filing his CFEPA claims with the CHRO by filing a complaint instead with the EEOC," because the work-sharing agreement contains "no mechanism for plaintiffs to exhaust CFEPA claims through the EEOC").

### 2. Plaintiffs' CFEPA Claims Are Untimely, Making Any Proposed Amendment to Include Those Claims Futile.

Any attempt by Plaintiffs to file a second amended complaint, raising CFEPA claims, should be rejected as futile because those claims, first brought in May 2020, are time-barred.

Under Connecticut law, a CHRO complaint "shall be filed within one hundred and eighty days after the alleged act of discrimination, except that any complaint by a person . . . claiming to be aggrieved by a violation of section 46a-60 . . . that occurred on or after October 1, 2019, shall be filed not later than three hundred days after the date of the alleged act of discrimination."

7

Conn. Gen. Stat. § 46a-82(f). Since Plaintiffs did not raise claims within 180 days, as applicable to all Plaintiffs here, their claims are untimely and would be dismissed even if an amendment was allowed.

The last unlawful act alleged by Plaintiff Castro took place on August 31, 2019. *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶ 123. As such, her complaint was due to the CHRO 180 days later, or by February 27, 2020. Conn. Gen. Stat. § 46a-82(f). As she did not file it until at least two months later, her CFEPA claims are untimely.

Plaintiff Boules does not make any allegations from after "mid-September 2019." *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶ 106. Her 180-day deadline to file any CFEPA claim based on those allegations, then, passed in mid-March 2020. Conn. Gen. Stat. § 46a-82(f). Again, as she did not file her complaint with the CHRO until May 2020, her CFEPA claims are untimely.

All but one of Plaintiff Eltorai's allegations are from between September 2018 and August 2019. *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶¶ 127-28, 130-32, 134, 136, 139, 143-44, 149-50, 152-53, 155-58. Even assuming the last of these alleged incidents took place on the last day of August 2019, her complaint was due to the CHRO 180 days later, or by February 27, 2020. Conn. Gen. Stat. § 46a-82(f). She did not file her complaint until at least two months later, however, making her CFEPA claims untimely.

Plaintiff Jodi-Ann Oliver's latest allegation is from an unidentified day in April 2019. *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶¶ 179-80, 182. Even assuming this allegation occurred on the last day of April 2019, her CFEPA claims were due to the CHRO by October 27, 2019. Conn. Gen. Stat. § 46a-82(f). As she did not file her CHRO

8

complaint until *six months later*, her CFEPA claims are time-barred.

Plaintiff Lori-Ann Oliver's primary allegation is from April 2019. *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶¶ 179, 182. Therefore, at best, she had 180 days from the end of April 2019, or until October 27, 2019, to bring any CFEPA claim based on this allegation. Conn. Gen. Stat. § 46a-82(f). She did not bring her CFEPA claims until six months later; therefore, her CFEPA claims have not been timely raised.

Except for a single purported event, Plaintiff Reinhart's allegations are all from some unidentified time period before May 2019 until some unidentified day in July 2019. *See* Motion for Leave, Ex. E (Proposed Second Amended Complaint), at ¶¶ 190-93, 196-97, 199, 202. At best then, she had until January 27, 2020 to bring CFEPA claims based on those allegations. Conn. Gen. Stat. § 46a-82(f). By not bringing her CFEPA claims for another three months, her claims are time-barred.

For all the above-discussed reasons, Plaintiffs did not meet their 180-day filing deadlines to bring CFEPA claims. Any second amended complaint to add such claims now, therefore, would be futile.

### III.   Conclusion

For the foregoing reasons, YNHH respectfully requests that the Court deny Plaintiffs' Motion for Leave.

DEFENDANT,
YALE NEW HAVEN HOSPITAL, INC.


By: */s/ Sarah R. Skubas*
Sarah R. Skubas (ct 28327)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
sarah.skubas@jacksonlewis.com

## CERTIFICATION OF SERVICE

I hereby certify that on July 7, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                /s/ *Sarah R. Skubas*
                                                Sarah R. Skubas