**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D, ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., AND ELIZABETH REINHART, M.D. | : : : : : | CIVIL ACTION NO. 3:20-cv-00330-JBA |
| PLAINTIFFS | : : : | |
| v. | : : | |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., AND MANUEL LOPES FONTES, M.D. | : : : : : | |
| DEFENDANTS | : | JULY 13, 2020 |

## YALE UNIVERSITY'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO FILE A SECOND AMENDED COMPLAINT

The defendant, Yale University, hereby objects to the plaintiffs' June 22, 2020 Motion for Leave to Amend to File a Second Amended Complaint. (Doc. Entry No. 54.) The plaintiffs have requested leave to amend their complaint to assert claims against Yale University under the Connecticut Fair Employment Practices Act ("CFEPA"). The Court lacks subject matter jurisdiction over the proposed CFEPA claims because the decision by the Commission on Human Rights and Opportunities ("CHRO") to release jurisdiction was inappropriate, and therefore, the claims are not properly before this Court. Further, even if the Court could exercise jurisdiction, the proposed CFEPA claims are time-barred. Accordingly, the plaintiffs' Motion for Leave to file a Second Amended Complaint should be denied.

**DONAHUE, DURHAM & NOONAN, P.C.**
Concept Park • 741 boston post road
Guilford, Connecticut 06437
Tel: (203) 458-9168 • Fax: (203) 458-4424
Juris No. 415438

I.   **FACTUAL BACKGROUND**

   *a. Procedural History*

This action arises from allegations that the co-defendant, Dr. Fontes, sexually harassed the plaintiffs during the course of their employment.[1]  In their March 12, 2020 Complaint, the plaintiffs alleged that Yale University discriminated against them on the basis of their gender in violation of Title IX.  Drs. Castro and Eltorai also asserted retaliation claims against Yale University pursuant to Title IX.

On May 29, 2020, the plaintiffs amended their complaint to add discrimination claims under Title VII, as well as additional factual detail regarding Dr. Fontes' alleged misconduct.  (Doc. Entry No. 44.)  Drs. Castro and Eltorai also added gender-based retaliation claims under Title VII.  On June 19, 2020, Yale University filed a motion to dismiss the plaintiffs' Amended Complaint, which is currently pending.  (Doc. Entry No. 54.)  That motion, if granted, will dispose of all Title VII and Title IX discrimination and retaliation claims against Yale University.

On June 22, 2020, the plaintiffs sought leave to file a Second Amended Complaint to assert gender-based discrimination claims against Yale University under CFEPA.[2]  (Doc. Entry No. 54.)  Drs. Castro and Eltorai have also requested leave to allege gender-based retaliation in violation of the CFEPA.

---

[1] Although the plaintiffs claim they were employed by both Yale University and Yale New Haven Hospital, Drs. Castro and Reinhart are employed by Yale New Haven Hospital, and the other plaintiffs are employed by Yale University.

[2] The plaintiffs have not identified the specific subsections of the CFEPA which they claim have been violated.

### b. The Plaintiffs' EEOC Fillings

Prior to initiating the present action, on December 4, 2019, Drs. Castro, Reinhart, Boules, and Eltorai each filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Yale University discriminated against them in violation of Title VII.  Drs. Castro and Eltorai additionally asserted claims for retaliation under Title VII.  On December 5, 2019, Drs. Jodi-Ann Oliver and Lori-Ann Oliver each filed a charge of discrimination with the EEOC.  Like the other plaintiffs, they too alleged that Yale University discriminated against them on the basis of their gender in violation of Title VII.  At that time, none of the plaintiffs filed a complaint with the CHRO, and not a single one of the EEOC charges included, or even referenced, any allegations under the CFEPA.  On May 1, 2020, the EEOC issued notices of right to sue with respect to all plaintiffs' Title VII claims, after which the plaintiffs filed their May 29, 2020 Amended Complaint in the instant action to add claims against Yale University for violation of Title VII.  The notices of right to sue issued by the EEOC did not make any reference to the filing of claims under the CFEPA.[3]  (Ex. A.)

### c. The Plaintiffs' CHRO Filings

Although the plaintiffs filed charges of discrimination with the EEOC in December, 2019, they did not file complaints with the CHRO until May 1, 2020, five months later.  It was not until May 13, 2020 that the CHRO informed Yale University that the plaintiffs had brought CFEPA claims against it.  In their May 1, 2020 CHRO complaints, all plaintiffs asserted claims for gender-based discrimination and retaliation in violation of the CFEPA.  Dr. Eltorai also

---

[3] Nor would that have been appropriate given that the CHRO, not the EEOC, exercises jurisdiction over CFEPA claims.

alleged pregnancy discrimination. Contrary to the plaintiffs' position, the plaintiffs did not – and indeed could not have – cross-filed their CFEPA claims with the CHRO in December, 2019 when they filed their charges of discrimination with the EEOC. As explained in detail below, the current worksharing agreement between the EEOC and CHRO does not allow plaintiffs to exhaust their CFEPA claims through the EEOC. Even if the worksharing agreement permitted that, the plaintiffs' EEOC charges did not reference claims under the CFEPA, and therefore neither the CHRO nor the EEOC was on notice of those claims in December, 2019. And the defendants most certainly were not made aware of those claims in December, 2019.

On May 14, 2020, a representative of the CHRO emailed counsel for Yale University to inquire whether the University consented to a release of jurisdiction. (Ex. A.) By return email on May 21st, counsel for Yale University advised that the University did *not* consent, and confirmed its deadline to submit an answer. (Ex. B.) Notwithstanding Yale University's position, the CHRO released jurisdiction over the claims twenty-one days later, and approximately one month before the University's answer was due. Although Conn. Gen. Stat. § 46a-101(b) provides that the CHRO may release jurisdiction at the request of the plaintiffs if the claims have been pending for 180 days or a case assessment has been conducted, neither of those prerequisites for releasing jurisdiction was met in this case; when the CHRO released jurisdiction on June 11, 2020, the plaintiffs' claims had been pending for just 41 days and a case assessment review had not been conducted.

## II.     LEGAL STANDARD

"[A] court may deny leave to amend if the proposed amendment would be futile." Bentley v. Greensky Trade Credit, LLC, 156 F. Supp. 3d 274, at *2 (D. Conn. 2015) (Bolden,

J.). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis[,] including if it destroyed the Court's subject matter jurisdiction, failed to state a claim, or asserted claims which are time-barred by the relevant statutes of limitation." Fed. Ins. Co. v. Speedboat Racing Ltd., 2017 U.S. Dist. LEXIS 9115, at *4 (D. Conn. Jan. 23, 2017) (Haight, J.). See also, Donovan v. American Skandia Life Assurance Corp., 217 F.R.D. 325, 325 (S.D.N.Y. 2003) (Pollack, J.) ("Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied"); Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V., 2005 U.S. Dist. LEXIS 19788, at *4 (S.D.N.Y. Sept. 8, 2005) (Freeman, J.) ("Where a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility").

"In considering whether a proposed amendment would be futile, the Court conducts an inquiry that is comparable to the analysis that governs resolution of a motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." United States Regional Economic Development Authority, LLC v. Gerry D. Matthews & Matthews Commer. Properties, LLC, 2017 U.S. Dist. LEXIS 198506, at *11 (D. Conn. Dec. 4, 2017) (Haight, J.). "Accordingly, [the plaintiffs] must plead sufficient facts to state a claim to relief that is plausible on its face." Id., citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (Miner, J.).

III. **ARGUMENT**

   a. *The Court Lacks Subject Matter Jurisdiction Over the Plaintiffs' Proposed CFEPA Claims Because the CHRO Improperly Released Jurisdiction.*

It is axiomatic that "[e]mployees who believe that an employer has violated the CFEPA must, by statute, first pursue administrative remedies with the CHRO." Grande v. Hartford Board of Education, 2020 U.S. Dist. LEXIS 3415, at *8 (D. Conn. Jan. 7, 2020) (Dooley, J.). See also, Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 195 (D. Conn. 2001) (Burns, J.) ("CFEPA require[s] exhaustion of administrative remedies against the parties named in the complaint. To fail to do so is fatal under [the] statute"). The unambiguous language of the statute itself makes this clear. Conn. Gen. Stat. § 46a-101(a) provides that "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the [CHRO] in accordance with the provisions of this section." Pursuant to Conn. Gen. Stat. § 46a-101(b), a release of jurisdiction from the CHRO may be jointly requested by the complainant and the respondent "at any time from the date of filing the complaint," or by the complainant alone "if the complaint is still pending after the expiration of one hundred eighty days from the date of its filing or after a case assessment review . . . whichever is earlier."

As noted above, the plaintiffs filed complaints with the CHRO on May 1, 2020 alleging violations of the CFEPA. Although the plaintiffs contend that the EEOC charges were cross-filed with the CHRO in December, 2019, that is simply incorrect; the "dual filing" provision of the current worksharing agreement between the EEOC and CHRO does not allow the plaintiffs to exhaust their CFEPA claims by filing complaints with the EEOC. The U.S. District Court for the District of Connecticut has found that while a plaintiff "need[s] to only file with the CHRO to commence a complaint with the EEOC," "the inverse is" not "true." See, Edwards v. William Raveis Real Estate, 2009 U.S. Dist. LEXIS 42400, *8 (D. Conn. May 18, 2009) (Hall, J.). In other words, "a filing with the EEOC does not preserve a claim" under

6

the CFEPA "with the CHRO." Id., at *6-7, *9. See also, Cenac v. Dept. of Mental Health & Addiction Services, 2018 Conn. Super. LEXIS 1823 (Super. Aug. 13, 2018) (Aurigemma, J.) ("The EEOC worksharing agreement allows federal Title VII complaints to be exhausted through the CHRO process—but there is no mechanism for plaintiffs to exhaust CFEPA claims through the EEOC"); Paris-Purtle v. State, 2015 Conn. Super. LEXIS 537 (Mar. 11, 2015) (Dooley, J.) ("Filing with the EEOC, even if permitted under the work sharing agreement, could not and did not satisfy the [Connecticut] statutes"). The Second Circuit has found no exception to this rule, holding that "CFEPA claims must initially go through the CHRO." Fried v. LVI Servs., 557 Fed. Appx. 61, 63 (2d Cir. 2014).

Even if the worksharing agreement allowed for cross-filing of CFEPA claims – and it does not – the present plaintiffs could not possibly have cross-filed their CFEPA claims with the CHRO because they did not include the CFEPA claims in their EEOC charges, and thus, neither the EEOC nor the CHRO were on notice of those claims in December, 2019. Accordingly, the date that the plaintiffs filed their CHRO complaints cannot be deemed to be the date of their EEOC filings.

The plaintiffs' arguments to the contrary are unavailing for several reasons. First, it is of no moment that the plaintiffs' EEOC charges indicated that the claims would be filed with both the EEOC and CHRO, because the courts have unequivocally found that a "filing with the EEOC" cannot be considered "tantamount to filing with the CHRO," despite a request in the EEOC submission "that the complaint be sent to the CHRO." Paris-Purtle v. State, 2015 Conn. Super. LEXIS 537, at *14.

Second, the relation back doctrine is wholly inapplicable here because it does not permit state law claims which require exhaustion through the CHRO to relate back to federal

7

claims asserted in an EEOC charge. Courts in the Second Circuit have held that "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC [or the CHRO] investigation which can reasonably be expected to grow out of the charge that was made." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Since the CHRO, not the EEOC, has jurisdiction to investigate alleged CFEPA violations, CFEPA claims could not possibly be said to "fall within the scope" of the EEOC's investigation. Id. If the Court were to apply the relation back doctrine as the plaintiffs urge, it would allow them to side-step the requirement that they exhaust their administrative remedies with the CHRO before filing a lawsuit. Surely that is not the intent of the doctrine, especially in light of the fact that the worksharing agreement does not permit plaintiffs to exhaust their CFEPA claims by filing a complaint through the EEOC. See, Edwards, 2009 U.S. Dist. LEXIS 42400, at *8.

Further, as Judge Weise made clear in Chouhan v. University of Connecticut Health Center, 2013 Conn. Super. LEXIS 2555, at *6 (Super. Nov. 5, 2013) (Weise, J.) – a case which the plaintiffs erroneously claim supports their position that the relation back doctrine applies in this context – the doctrine only applies to conduct that occurred *subsequent* to a CHRO or EEOC filing. Judge Weise explained that courts have jurisdiction to hear CFEPA claims under only two circumstances: (1) if they are "included in a CHRO complaint, or (2) based on conduct *subsequent* to a CHRO complaint that can be deemed 'reasonably related' to the CHRO filing." (Emphasis added.) Id. Consistent with that principle, the plaintiff in Chouhan sought to assert a retaliation claim against his employer for seeking legal redress, which he had not previously filed with the CHRO because it arose *after* he initiated his lawsuit. Id., at *9. The present plaintiffs, however, do not ask the Court to consider any conduct that occurred

*subsequent* to their EEOC or CHRO filings as the plaintiff in Chouhan requested. In fact, no such subsequent conduct could have occurred because Dr. Fontes has been out of work since December 2019, due to health concerns. Instead, they ask the Court to consider conduct that allegedly occurred between 2017 and October, 2019, well before they filed their complaints with the EEOC or CHRO. Thus, Chouhan is not only readily distinguishable on its facts, but demonstrates that the relation back doctrine is entirely inapplicable here.

Lyddy v. Bridgeport Bd. of Educ., the only other case cited by the plaintiffs, is also inapposite. The issue in that case was whether the plaintiffs' newly added claims were time-barred because they had not asserted them "within the ninety-day period following the CHRO's release of jurisdiction." Lyddy v. Bridgeport Bd. of Educ., 2008 U.S. Dist. LEXIS 98328, at *8 (D. Conn. Dec. 4, 2008). The present issue, however, is not whether the plaintiffs' addition of CFEPA claims falls within the ninety-day period after the release of jurisdiction, but whether those claims should be deemed filed when the EEOC charges were initiated.

In short, the plaintiffs have failed to identify *any* authority which demonstrates that they filed their CHRO complaints in December, 2019. Their CHRO complaints were not filed until May, 2020. Given that the plaintiffs filed their complaints with the CHRO on May 1, 2020, the CHRO was not authorized to release jurisdiction on June 11, 2020. Conn. Gen. Stat. § 46a-101(b) clearly provides that the CHRO may, at the request of the plaintiffs, release jurisdiction only if (1) the claims have been pending for 180 days; or (2) a case assessment has been conducted.[4] Neither of those prerequisites had been met when the CHRO released

---

[4] An earlier release of jurisdiction may be appropriate if both parties consent. Here, however, Yale University stated in writing that it did not consent to the release of jurisdiction.

9

jurisdiction on June 11, 2020; at that time, the plaintiffs' complaints had been pending for only 41 days, and a case assessment review had not been conducted. In fact, Yale University's answer was not yet due. Therefore, it was inappropriate for the CHRO to release jurisdiction on June 11, 2020.

Conn. Gen. Stat. § 46a-101(a) specifically provides that a plaintiff cannot initiate a lawsuit unless she has received a release of jurisdiction from the CHRO "in accordance with the provisions of this section." Since the CHRO's decision to release jurisdiction was in contravention of the relevant statutory provisions – and thus the plaintiffs did not obtain a valid release "in accordance with" § 46a-101 – this Court lacks subject matter jurisdiction over the plaintiffs' CFEPA claims at this time. See, Desardouin v. United Parcel Service, Inc., 285 F. Supp. 2d 153, 159 n. 7 (D. Conn. 2003) (Hall, J.)

### b. *The Plaintiffs' Proposed CFEPA Claims are Time-Barred Because They Were Not Filed With the CHRO Within 180 days of the Alleged Misconduct.*

Pursuant to Conn. Gen. Stat. § 46a-82(f), a CHRO complaint "shall be filed within one hundred and eighty days after the alleged act of discrimination, except that any complaint by a person . . . claiming to be aggrieved by a violation of section 46a-60 . . . that occurred on or after October 1, 2019, shall be filed not later than three hundred days after the date of the alleged act of discrimination." Since the plaintiffs failed to file complaints with the CHRO within 180 days – the statute of limitations applicable to all plaintiffs – their CFEPA claims are all time-barred.

The last unlawful act alleged on the part of Dr. Castro is said to have occurred on August 31, 2019, and therefore, she was required to file a complaint with the CHRO within

180 days, or by February 27, 2020. (Proposed Second Amended Complaint, at ¶ 123.) As she did not file it until May 1, 2020, her CFEPA claims are untimely.

Dr. Eltorai alleges that the most recent incident of alleged misconduct occurred in August, 2019. (Id., at ¶ 158.) Like Dr. Castro, she was required to exhaust her administrative remedies with the CHRO by February, 2020, and thus, her CFEPA claims are also untimely.

Dr. Boules claims that the last incident of alleged misconduct occurred in "mid-September 2019," and therefore her deadline to file a complaint with the CHRO expired in mid-March 2020. (Id., at ¶ 106.) She missed that deadline by a month and a half.

The most recent incident of inappropriate conduct claimed by both Dr. Jodi-Ann Oliver and Dr. Lori-Ann Oliver occurred on an unidentified day in April, 2019, and therefore their 180-day filing deadline passed in October, 2019, six months prior to their CHRO filings. (Id., at ¶¶ 179-183.)

Except for a single alleged incident, Dr. Reinhart claims that Dr. Fontes sexually harassed her between May, 2019 and July, 2019, and thus she had to file a complaint with the CHRO by January, 2020 to preserve her claims with respect to the latter time period. (Id., at ¶¶ 190-202.) Since Dr. Reinhart failed to file her complaint until May 1, 2020, her claims are time-barred. Further, the single alleged incident of sexual harassment that fell within the statute of limitations cannot possibly be considered "sufficiently severe or pervasive to alter the conditions of [her] employment." Hoag v. Cellco Partnership, 2007 U.S. Dist. LEXIS 73026, at *22 (D. Conn. Sep. 27, 2007) (Underhill, J.). Indeed, courts in the Second Circuit have held that "[n]o reasonable person could have believed that [a] single incident of sexually inappropriate behavior by a co-worker could amount to sexual harassment." Chenette v. Kenneth Cole Productions, 345 F. App'x 615, 619 (2d Cir. 2009) (Winter, J.). See

also, Brodsky v. Trumbull Board of Education, 2009 U.S. Dist. LEXIS 8799, at *6 (D. Conn. Jan. 30, 2009) (Dorsey, J.) (finding that one incident of male student touching a female student's breasts and buttocks, and other incidents of name-calling, insults, and physical harassment, were "not sufficiently pervasive or severe from an objective standpoint").

Additionally, the conduct that Dr. Reinhart has alleged – linking arms – does not, on its face, constitute sexually charged behavior. See e.g., Lucas v. South Nassau Communities Hospital, 54 F. Supp. 2d 141, 147 (E.D.N.Y. 1998) (Seybert, J.) (holding that the sexual misconduct alleged, including touching the plaintiff's back or shoulder briefly on five to seven unidentified occasions, did not constitute sufficiently severe conduct that it altered the conditions of the plaintiff's employment); Buddle v. Heublein, Inc., 613 F. Supp. 491, 492 (S.D.N.Y. 1985) (Stewart, J.) (defendant's off-color jokes and touching of plaintiff's knee and shoulder did not constitute sexual harassment, but were "only a reflection of his bumptious personality"); Lamar v. Nynex Service Co., 891 F. Supp. 184, 185 (S.D.N.Y. 1995) (Knapp, J.) (supervisor's touching of plaintiff's hand while observing that she "looked really hot," combined with vulgar sexual remarks on four other occasions was "too mild and innocuous to constitute sexual harassment as a matter of law"); Gregg v. New York State Dept. of Taxation & Finance, 1999 U.S. Dist. LEXIS 5415, at *1 (S.D.N.Y. Apr. 15, 1999) (Mukasey, J.) (four minor instances of offensive touching, including a "pat[] on the behind," was not sufficiently severe or pervasive to alter the conditions of plaintiff's employment). The plaintiffs' proposed CFEPA claims are therefore futile and will not survive a motion to dismiss.

### IV. CONCLUSION

For all of the foregoing reasons, the plaintiffs' proposed Second Amended Complaint is futile. Accordingly, the Court should deny their Motion for Leave to Amend.

                                      **THE DEFENDANT,**
                                      **YALE UNIVERSITY**

By: /s/
    PATRICK M. NOONAN – CT00189
    KRISTIANNA L. SCIARRA – CT30223
    DONAHUE, DURHAM & NOONAN, P.C.
    Concept Park
    741 Boston Post Road, Suite 306
    Guilford, CT  06437
    Telephone:  (203) 458-9168
    Fax:            (203) 458-4424
    Email:  pnoonan@ddnctlaw.com
             ksciarra@ddnctlaw.com

## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                               /s/
                                                         Patrick M. Noonan