UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIA CASTRO, M.D., et al | ) | CIVIL ACTION NO: |
| Plaintiff, | ) | 3:20-cv-00330 (JBA) |
| v. | ) | |
| YALE UNIVERSITY, et al | ) | |
| Defendant. | ) | July 23, 2020 |

**DEFENDANT MANUEL FONTES, M.D.'S REPLY TO PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO ALL DEFENDANTS' MOTION TO DISMISS**

Pursuant to Local Rule 7(d), Defendant Manual Fontes, M.D. ("Defendant" or "Defendant Fontes") hereby submits this Reply to Plaintiffs' Omnibus Memorandum of Law in Opposition to All Defendants' Motion to Dismiss dated July 10, 2020 [Doc. No. 61] ("Plaintiffs' Opposition") to the extent directed to Defendant Fontes.

Relevant Procedural History

The operative complaint ("Complaint") is the Amended Complaint dated May 29, 2020 [Doc No. 44], alleging violations of Title IX and Title VII against the Yale Defendants (First through Fourth Counts), and state-law claims of assault, battery, and invasion of privacy against Defendant Fontes (Fifth through Seventh Counts). Defendant Fontes has moved to Dismiss the state-law claims set forth in the Fifth, Sixth and Seventh Counts of the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(c), requesting this Court to decline to exercise supplemental jurisdiction over those claims and pointing out why any proposed amendment would be futile. After Defendant Fontes filed his Motion to Dismiss, Plaintiffs filed a Motion to Amend the Complaint for a second time in order to

1

add claims under the Connecticut Fair Employment Practices Act ("CFEPA") against all Defendants. [Doc No. 54]. Defendant Fontes filed a Memorandum in Opposition to the Motion to Amend on July 7, 2020 [Doc. No.57], again pointing out why amendment would be futile – to wit, Plaintiffs are unable to state a timely, legally recognizable cause of action against Defendant under CFEPA.[1] Defendant Yale New Haven Hospital, Inc. ("YNNH") also filed an Opposition to the Motion to Amend on July 7, 2020 [Doc. No. 59], and Yale University filed an Opposition to the Motion to Amend on July 13, 2020 [Doc. No. 62].

Plaintiffs' Omnibus Opposition to Motions to Dismiss

Plaintiffs filed their Omnibus Opposition to all of the Defendants' Motions to Dismiss on July 10, 2020. Only a portion of it (pages 31-36) is addressed to Defendant Fontes' Motion to Dismiss [Doc No. 50]. Rather than addressing in any real detail the compelling grounds for declining to exercise jurisdiction over the state-law claims, Plaintiffs' Opposition relies primarily on their pending Motion to Amend their Complaint in order to add CFEPA claims against all Defendants[2]. Plaintiffs assert that even if the Court were to decline to exercise jurisdiction over

---

[1] Plaintiffs cannot properly state a claim under CFEPA against Defendant Fontes for a number of reasons: there is no individual supervisor liability under CFEPA, with the possible exception of aiding and abetting or retaliation; however, Plaintiffs fail to state a claim against Defendant Fontes for aiding and abetting under precedent in this District; and only two of the Plaintiffs assert claims for retaliation – both of which are clearly time-barred and which otherwise fail to state a claim.

[2] Plaintiffs do not address in any real detail the compelling grounds for this Court to decline to exercise jurisdiction over the state-law claims against Defendant Fontes. In pages 8-11 of Defendant's Memorandum, Defendant examined the specific allegations and the specific claims and anticipated types of proof, which show that while Defendant Fontes may be a factual actor with respect to the Federal claims, the state-law claims against Defendant Fontes are, in fact, separate and distinct from the Federal claims asserted against the Yale Defendants, and that compelling reasons exist to decline jurisdiction. Plaintiffs do not address this analysis in any detail, other than to assert that their Title IX and Title VII claims arose from the tortious acts that they accuse Defendant Fontes of committing. (Plaintiffs' Opposition at 31.) While part of Plaintiffs' claims may have arisen from the tortious acts they allege in the Fifth through Seventh Counts, it is not the case that all of their claims so arise. For example, as pointed out in Defendant's Memorandum, Plaintiffs include assertions against other faculty members, as well as allegations of retaliation and pregnancy discrimination which do not arise from the allegations in the state-law claims of assault, battery, and invasion of privacy, that are asserted against Defendant Fontes. Additionally, Plaintiffs' attempt to summarily diminish the caselaw cited in Defendant's Memorandum as "inapposite" ignores that these cases are examples of the Court exercising its discretion to decline jurisdiction in line with principles of economy, convenience and fairness – principles that favor declining to exercise supplemental jurisdiction here.

the currently pled state-law claims against Defendant Fontes, "Fontes will be a defendant in this action regardless pursuant to CFEPA." (Plaintiffs' Opposition at 33.). This presumptuous and conclusory assertion assumes that Plaintiffs' Motion to Amend will be granted and that the CFEPA claims will survive dismissal through future motion practice – a faulty and unpersuasive assumption, as the proposed CFEPA claims are futile and unlikely to survive dismissal, as pointed out at length in Defendant's Memorandum of Law in Support of Motion to Dismiss [Doc. No. 50-1] ("Defendant's Memorandum"); in Defendant Fontes' Memorandum in Opposition to Plaintiffs' Motion to Amend [Doc. No. 57]; and in the Yale Defendants' Memoranda in Opposition to Motion to Amend [Doc. Nos. 59 and 62].

Defendant's Memorandum in support of dismissal [Doc. No 50-1] pointed out that amendment to add CFEPA claims would be futile for a number of reasons, including that: (1) they are time-barred; (2) there is no individual supervisor liability under subsections (1), (7), and (8) of § 46a-60(b) of CFEPA; and that Plaintiffs fail to state a claim for aider and abettor liability. Plaintiffs' Opposition ignores the bulk of this: they do not contest the fact that there is no individual supervisor liability under CFEPA under subsections (1), (7), and (8) of 46a-60(b)[3]. They do not address that under precedent in this District, they cannot state a claim for aiding and abetting against Defendant Fontes under subsection (5) of 46a-60(b). Moreover, as noted by the CHRO, Plaintiffs did not include aiding and abetting allegations in their charges brought before the CHRO. *See* Exhibits A, B, and C submitted herewith.

---

[3] And notably, in their Reply to Defendant's Opposition to Plaintiffs' Motion to Amend, Plaintiffs concede that Defendant Fontes is not individually liable for Plaintiffs' gender discrimination claims. *See id* at note 7 ("Plaintiffs do not contest that Fontes is not individually liable for Plaintiffs' CFEPA gender discrimination claims"), leaving one to question why their proposed Second Amended Complaint asserts such a claim against Defendant Fontes in Count Five [Doc. No. 56-5].

On July 13, 2020, the CHRO issued Case Assessment Reviews for the charges brought by Plaintiffs Boules, Jodi-Ann Oliver, and Lori-Ann Oliver, finding that all three failed to state a claim as there is no individual supervisor liability for the asserted claims with the exception of retaliation[4] or of aiding and abetting, and that they failed to state a claim for either exception. *See* Exhibits A, B, and C[5]. The CHRO noted: "Connecticut law does not impose liability on an individual for discriminatory employment practices. The exception to this is if that individual is alleged to have retaliated against a complainant based on their prior opposition to discrimination or if they have aided and abetted the discrimination of another. Neither of those exceptions apply here." *See id* at Exhibits A, B, and C[6]. The CHRO went on to note: "As for the allegations of aiding and abetting, those allegations are not specifically made in the complaint. Even if they were, the Respondent was acting as the Complainant's supervisor and is therefore an agent of Yale New Haven Hospital. Given that, his actions are properly attributable to the employer rather than to him as an individual. As there are no allegations that could create liability for Dr. Fontes in his

---

[4] The only two Plaintiffs claiming retaliation are Dr. Eltorai and Dr. Castro. Notably, all of their allegations of retaliation that are directed to Defendant Fontes occurred more than 180 days before their May 1, 2020 filing with the CHRO, and are therefore time-barred. Nor does Plaintiffs' attempt to argue the continuing violation doctrine save these claims. Even were that doctrine applicable, which it is not, Plaintiffs themselves acknowledge that it requires at least one act to be timely filed. *See* Plaintiffs' Opposition at p. 16 ("The continuing violation doctrine, therefore, enables a 'plaintiff [to] bring claims for discriminatory acts that would have been barred by the statute of limitations as long as an act contributing to that hostile environment took place within the statutory time period.'" (citing *McGullam v. Cedar Graphics, Inc*., 609 F.3d 70, 75 (2d Cir. 2010)).

[5] Defendant has not yet received Case Assessment Reviews for the charges brought by Plaintiffs Castro, Reinhart and Eltorai. While Defendant did receive Releases of Jurisdiction for those charges on July 21, 2020 (*see* attached Affidavit of Aimee J. Wood at ¶ 6), such Releases are improper as 180 days has not passed since May 1, 2020; Defendant Fontes has not consented to an earlier Release of Jurisdiction; and the Case Assessment Reviews have not been completed. See Conn. Gen. Stat. § 46a-100(b) ("The complainant and the respondent, by themselves or their attorneys, may jointly request that the complainant receive a release from the commission at any time from the date of filing the complaint. The complainant or the complainant's attorney may request a release from the commission if the complaint is still pending after the expiration of one hundred eighty days from the date of its filing or after a case assessment review…whichever is earlier….")

[6] To the extent that Plaintiffs argue that the "file date" noted in the Case Assessment Reviews is somehow binding, they should also then accept the decision of the CHRO finding that they fail to state a claim and their claims should therefore be dismissed. Defendant Fontes acknowledges that the CHRO Case Assessment Reviews are not binding on this Court; Defendant raises these points to underscore the hypocrisy of Plaintiffs' argument.

individual capacity, the complaint must be dismissed for failure to state a claim for which relief can be granted." *See id* at Exhibits A, B, and C[7].

While Plaintiffs do not address these points in their Opposition, they do attempt to address the timeliness issue by claiming that their charges filed with the CHRO on or about May 1, 2020, which were not served on Defendant Fontes until May 13, 2020, relate back to the their filing of Title VII (not CFEPA) claims with the EEOC; but Plaintiffs' argument is completely unavailing in light of clear precedent in this District, and Plaintiffs offer no on-point caselaw to the contrary.

Plaintiffs ignore the clear language of the relevant Worksharing Agreement that limits initiation of charges by the EEOC to Title VII and concurrent charges. (*See* Defendant's Memorandum, Doc. No. 50-1 at pp. 16-17). Plaintiffs instead carve out one excerpt from the Worksharing Agreement to support their argument: "[i]n order to facilitate the assertion of employment rights, the EEOC and FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." However, this language has specifically been considered by this District and found ***not*** to be sufficient to allow for filing of a CFEPA claim with the EEOC. Nor do Plaintiffs point to any statutory authority which would allow for filing of a CFEPA claim with the EEOC.

---

[7] While not raised in their Omnibus Opposition, Plaintiffs do cite to two cases in their Reply to Defendant's Opposition to Plaintiffs' Motion to Amend [Doc. No. 63], which they argue supports a claim for aiding and abetting against Defendant Fontes. However, neither of those are applicable here. The *Jones* decision does not appear to have considered this issue, as the issue there was whether individual liability exists under subsection (5) of the statute governing aiding and abetting. *Jones v. Chevrolet*, 166 F.Supp.2d 647, 651 (D.Conn. 2001). In *Hampton v. Diageo North America*, Civ. No. 3:04-cv-346 (PCD), 2008 WL 350630 (D.Conn. Feb. 7, 2008), the Court distinguished the facts before it from the *Bolick* decision. *Hampton* involved an age discrimination case where the Court allowed the aiding and abetting claim to survive a motion to dismiss on two alternative grounds: first, because a fact-finder could conclude that the supervisor's actions assisted the employer in implementing an organizational preference for younger workers; and alternatively, because to the extent the supervisor was not the sole decision maker with respect to the non-selection of plaintiffs for the jobs to which they applied, he was acting in concert with others. Neither of these grounds distinguishing the *Bolick* holding applies here.

The Court in *Edwards v. William Raveis Real Estate, Inc*., Civ. No. 08-cv-1907(JCH), 2009 WL 1407233 (D.Conn, May 19, 2009) (copy attached to Defendant's Memorandum) considered this language from the Worksharing Agreement:

> In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purpose of Section 706(c) and (e)(1) of Title VII…

The Court, in construing this language, stated that "the second sentence limits that first sentence to include only filings related to Title VII claims. This reading, that automatic dual-filing is limited to Title VII claims, can only be understood in the context of the remaining paragraphs of Section II of the agreement. Paragraph B instructs CFEPA to 'take all charges alleging a violation of Title VII, the ADEA, the EPA or the ADA where both the FEPA and the EEOC have mutual jurisdiction…'…Thus, paragraph B suggests that the CHRO may receive ADEA claims on behalf of the CHRO **but it does not read that the EEOC may accept ADEA claims on behalf of the CHRO** as the plaintiff suggests." *Id*. at \*3. (Emphasis added.) Tellingly, Plaintiffs cite to no caselaw interpreting the Worksharing Agreement to allow for filing of CFEPA claims with the EEOC.

The allegations of Plaintiffs' operative complaint make clear that compelling reasons exist for this Court to decline supplemental jurisdiction over the state-law claims against Defendant Fontes. And, any future amendment would be futile. For all of the foregoing reasons, Defendant Fontes requests that this Court decline to exercise supplemental jurisdiction over the state-law claims against him, and dismiss the Fifth, Sixth and Seventh Counts of the Complaint.

THE DEFENDANT

By: */s/ Aimee J. Wood*
Robert B. Mitchell (ct02662)
Reese B. Mitchell (ct30226)
Aimee J. Wood (ct18702)
Mitchell & Sheahan, P.C.
999 Oronoque Lane, Suite 203
Stratford, CT 06614
203-873-0240
203-873-0235 (fax)
awood@mitchellandsheahan.com
Counsel for Manuel L. Fontes, M.D.

## **CERTIFICATION**

I hereby certify that on the date noted above, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be served by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Aimee J. Wood*
Aimee J. Wood (ct18702)