# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

COLLEEN CRANDELL, D.O.,

           Plaintiff,

    -against-                                   99 Civ. 2347 (LAK)

NEW YORK COLLEGE OF OSTEOPATHIC
MEDICINE, et al.,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff, an osteopathic physician, has leveled claims of sexual harassment and gender discrimination under various federal, state and local statutes against (1) New York College of Osteopathic Medicine ("NYCOM"), the institution at which she received her medical education, (2) New York Institute of Technology, Inc., the school of which NYCOM allegedly is a branch, and (3) St. Barnabas Hospital, where plaintiff was employed as an intern at the time the complaint was filed. The complaint contains six claims for relief as follows:

       1.     Hostile work environment sexual harassment in violation of Title IX of the Civil Rights Act of 1964, as amended, as against all defendants.

       2.     Gender discrimination by St. Barnabas in violation of Title VII.

       3.     Hostile work environment sexual harassment in violation of the New York State Human Rights Law ("NYSHRL") as against all defendants.

       4.     Gender discrimination by St. Barnabas in violation of the NYSHRL.

       5.     Hostile work environment sexual harassment in violation of the New York City Human Rights Law ("NYCHRL") as against all defendants.

       6.     Gender discrimination by St. Barnabas in violation of the NYCHRL.

St. Barnabas moves to dismiss the complaint as against it or for other relief. Crandell has filed no papers in opposition to the motion although the time for doing so has expired. The motion is granted for the following reasons:

      a.      The Title IX claim, the first claim for relief, is deficient. First, the anti-discrimination provision of Title IX applies only to educational institutions receiving federal funding. 20 U.S.C. § 1681(a); *Nat'l Coll. Ath. Ass'n v. Smith,* 119 S.Ct. 924, 928 (1999). The complaint does not allege that St. Barnabas is such an institution. Even if it did, it makes clear that the bulk of Crandell's claims against St. Barnabas relate to her treatment during the period of her employment as an intern. (Cpt ¶¶ 25 (first) -27) Given the existence in Title VII of comprehensive remedies for employment discrimination, this Court is persuaded that an employee (as opposed to a student) has no claim under Title IX. Any other conclusion would "create an avenue of relief for employees of federally funded educational institutions which differs significantly from the path afforded to other employees." *Burrell v. City Univ. of New York,* 995 F. Supp. 398, 410 (S.D.N.Y. 1998). Accordingly, the first claim for relief fails to state a claim upon which relief may be granted.[1]

      b.      The second claim for relief, which is brought under Title VII, requires as a statutory prerequisite that the plaintiff have received a "right to sue letter" from the EEOC. *E.g., Nurse v. City of New York,* 739 F. Supp. 811 (S.D.N.Y. 1990); 42 U.S.C. § 2000e-5(f)(1). Crandell, however, admits that she has not received a right to sue letter from the EEOC. (*See* Cpt ¶ 2) Accordingly, this claim fails to state a cause of action.

      c.      The remaining claims for relief against St. Barnabas all are based on state law. The complaint fails to allege any basis of subject matter jurisdiction over them other than supplemental jurisdiction premised on the pendency of the federal claims that must be dismissed for the reasons stated above. The federal claims being dismissed before trial, the Court declines to exercise supplemental jurisdiction over the state claims against St. Barnabas. *See* 28 U.S.C. § 1367(c)(3).

      For the foregoing reasons, the motion of defendant St. Barnabas Hospital, Inc. to dismiss the complaint as to it is granted. The first and second claims for relief are dismissed on the merits. The remaining claims are dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: June 30, 1999

It is ORDERED that counsel to whom this Order is sent is responsible for faxing a copy to all counsel and retaining verification of such in the case file. Do not fax such verification to Chambers.

                                            Lewis A. Kaplan
                                            United States District Judge

Copies mailed 6/30
Chambers of Judge Kaplan

---

[1] The Court recognizes that plaintiff asserts that she was harassed at St. Barnabas where she was in that hospital as a fourth year medical student (Cpt ¶ 24) and that this aspect of her claim is not subject to the objection that recognizing a cause of action in her favor would circumvent the Title VII remedies for employment discrimination. In view of the failure to allege that St. Barnabas is subject to Title IX, however, there is no basis for retaining this claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLLEEN CRANDELL, D.O.,

                Plaintiff,

-against-

NEW YORK COLLEGE OF OSTEOPATHIC MEDICINE,
et.al.,

                Defendants.
-----------------------------------------------------------------X



99 CIVIL 2347 (LAK)

JUDGMENT

    Defendant St Barnabas having moved to dismiss the complaint, and the matter having come before the Honorable Lewis A Kaplan, United States District Judge, and the Court, on June 30, 1999 having issued its Order granting defendant St Barnabas' motion to dismiss as to it and dismissing the first and second claims for relief on the merits and dismissing the remaining claims for lack of subject matter jurisdiction, it is,

    **ORDERED, ADJUDGED AND DECREED**, That for the reasons stated in the Court's Order dated June 30, 1999, defendant St Barnabas' motion to dismiss is granted; the first and second claims are dismissed on the merits and the remaining claims are dismissed for lack of subject matter jurisdiction.

DATED: New York, New York
            June 30, 1999

                                              JAMES M PARKISON

                                              Clerk of Court

(By)             Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____