2019 WL 6770096
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

LEGO A/S and Lego Systems, Inc., Plaintiffs,
v.
BEST-LOCK CONSTRUCTION TOYS, INC., and Best-Lock Limited, Hong-Kong, Defendants.
Best-Lock Construction Toys, Inc., Best-Lock Limited, Hong-Kong, and Best-Lock Group Limited, Counterclaim Plaintiffs,
v.
Lego A/S and Lego Systems, Inc., Counterclaim Defendants.

3:11-cv-01586 (CSH)
|
Signed 12/12/2019

**Attorneys and Law Firms**

Catherine Dugan O'Connor, Day Pitney LLP, Stamford, CT, Elizabeth Ann Alquist, Elizabeth P. Retersdorf, Sunita Paknikar, Woo Sin Sean Park, Day Pitney LLP, Hartford, CT, for Plaintiff/Counterclaim Defendant Lego A/S.

Catherine Dugan O'Connor, Day Pitney LLP, Stamford, CT, Elizabeth Ann Alquist, Elizabeth P. Retersdorf, Eric J. TeVelde, Woo Sin Sean Park, Sunita Paknikar, Day Pitney LLP, Hartford, CT, for Plaintiff/Counterclaim Defendants Lego Systems, Inc.

Dena M. Castricone, North Haven, CT, Michael J. Donnelly, Murtha Cullina LLP, Hartford, CT, Andy I. Corea, Murtha Cullina, New Haven, CT, for Defendants/Counterclaim Plaintiffs.

## MEMORANDUM AND ORDER

HAIGHT, Senior District Judge:

*1 On December 2, 2019, Murtha Cullina LLP—the last counsel standing for Defendants Best-Lock Construction Toys, Inc., Best-Lock Limited, Hong-Kong, and Counter Claimant Best-Lock Group Limited (collectively "Best-Lock")—moved to withdraw its appearance through motions filed by Attorneys Donnelly, Corea and Castricone. *See* Docs. 197, 198, 199. Attorneys Corea and Donnelly, in their virtually identical filings, represent that good cause exists for Murtha Cullina to cease its representation of Best-Lock due to an "irreparable breakdown of communication" between counsel and Best-Lock. *See* Docs. 199, 197. Separately, Attorney Donnelly also filed a motion to withdraw appearance on behalf of his former colleague Attorney Castricone, who evidently "resigned from Murtha Cullina LLP in February 2019" but "inadvertently neglected to file a motion to withdraw [as Best-Lock's counsel] at the time of her resignation." *See* Doc. 198. In all three motions for withdrawal, Murtha Cullina represents that it provided actual notice to Best-Lock, both electronically and via air mail, cautioning Best-Lock that its "failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against [Best-Lock]."[1] *See* Docs. 197, 198, 199.

If Murtha Cullina's motions to withdraw are granted, Best-Lock will find itself unrepresented on the eve of trial, which is scheduled to commence on January 21, 2020. *See* Doc. 196.

## DISCUSSION

District courts have "a great deal of discretion" in deciding motions for withdrawal of counsel. *See Yachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). Pursuant to Local Rule 7(e), "[w]ithdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw." D. Conn. L. Civ. R. 7(e). Even "[i]n cases where the party has failed to engage other counsel or file a personal appearance," the court may still grant counsel's motion to withdraw if "good cause" for withdrawal exists and counsel has given appropriate "notice" to the party.[2] *See id.*; *see also* D. Conn. R. Prof. Cond. 1.16(b)(7) (permitting a lawyer to withdraw from representation where, among other reasons, "good cause for withdrawal

exists"); *Eaton v. Coca-Cola Co.*, 640 F. Supp. 2d 203, 206 (D. Conn. 2009) (noting that "court looks to the Rules of Professional Conduct ... to determine whether withdrawal is permissive or mandatory" and that Rule 1.16(a) allows permissive withdrawal where there is "good cause").

**\*2** "Good cause" for withdrawal might exist where counsel asserts that there has been "an irreparable breakdown in [the] attorney-client relationship." *See Westchester Fire Ins. Co. v. Enviroguard, LLC*, No. 3:13-CV-1620, 2014 WL 2881507, at \*2 (D. Conn. June 25, 2014) (granting counsel's motion to withdraw where "an irreparable breakdown" of the attorney-client relationship "impeded" counsel's ability to "properly defend" the party and forced counsel to pay the party's "out-of-pocket costs"); *Eaton*, 640 F. Supp. 2d at 206–07 (finding that there was "good cause" for withdrawal where counsel's relationship with the party was "irrevocably broken" and the party threatened to "report" counsel "to a disciplinary authority"); *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 550 F. Supp. 2d 298, 302 (D. Conn. 2008) (granting counsel's motion to withdraw where the client filed a malpractice action against counsel and counsel could "no longer communicate directly with their client"). Counsel's assertion that its relationship with the party has irreparably broken down cannot be conclusory but should be supported by specific facts. *See Hunte v. Anders*, No. 3:05-cv-1017, 2009 WL 3273291, at \*5 (D. Conn. Oct. 8, 2009) (denying counsel's request to withdraw where counsel provided "no factual basis" for the assertion that "the attorney-client relationship has broken down and the break down [was] irreconcilable").

Even if counsel asserts that good cause exists, district courts may also consider whether granting withdrawal would disrupt "the prosecution of the suit" and delay the proceedings. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000); *accord Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (noting that, in ruling upon motions to withdraw, courts consider both "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding"). Accordingly, "a district court has wide latitude to deny a counsel's motion to withdraw ... on the eve of trial." *See Whiting*, 187 F.3d at 321; *Vachula*, 199 F.R.D. at 458 (concluding that counsel's withdrawal on the eve of trial was "inappropriate," despite plaintiff being "a difficult client," because such withdrawal would prejudice both parties and "disrupt the proceedings"). *But see Farmer*, 60 F. Supp. 3d at 444 (allowing counsel to withdraw on the eve of trial where the court was satisfied that good cause existed and withdrawal "[would] not disrupt the proceeding to the point where denial would be warranted.").

In the instant case, because Murtha Cullina has made no "showing that other counsel has appeared" on behalf of Best-Lock, Murtha Cullina must establish that "good cause" exists for its withdrawal and that Best-Lock received appropriate notice explaining the implications of counsel's withdrawal on Best-Lock's defense in this action. *See* D. Conn. L. Civ. R. 7(e); D. Conn. R. Prof. Cond. 1.16(b)(7). Although Murtha Cullina appears to have provided Best-Lock with appropriate notice,[3] the Court is not convinced that counsel's conclusory reference to "an irreparable breakdown" of its relationship with Best-Lock is sufficient for the finding of good cause. *See Hunte*, 2009 WL 3273291, at \*5. As of this writing, Best-Lock and its officers have not responded to their attorneys' notice of withdrawal. Because Murtha Cullina provides no specific facts explaining why its relationship with Best-Lock has irreparably broken down, the Court cannot decisively conclude whether counsel should be permitted to withdraw. *Cf. Eaton*, 640 F. Supp. 2d at 206–07 (alleging specific facts showing that counsel's relationship with the party was "irrevocably broken," such as the fact that the party threatened to "report" counsel "to a disciplinary authority"). Indeed, given that Best-Lock has yet to appoint a successor counsel, it is possible that Best-Lock disagrees with Murtha Cullina's representations and disputes counsel's assertion that withdrawal is warranted—especially in light of the timing of Murtha Cullina's request to withdraw. It significant that Murtha Cullina seeks to be relieved from its representation of Best-Lock on the eve of trial and merely two weeks before the Joint Trial Memorandum deadline. *See* Doc. 196. Best-Lock's quest for a successor counsel, necessitated by Murtha Cullina's withdrawal, would further delay this 8-year litigation and prejudice Best-Lock and Plaintiffs alike, particularly in light of the impeding pre-trial deadlines. *See, e.g., Vachula*, 199 F.R.D. at 458 (concluding that counsel's withdrawal on the eve of trial was "inappropriate," despite plaintiff being "a difficult client," because such withdrawal would prejudice both parties and "disrupt the proceedings"). With these considerations in mind, the Court finds that it would be just to give Best-Lock an opportunity to respond regarding whether it would be appropriate for Murtha Cullina to withdraw from its representation at this stage of the litigation.

**\*3** Accordingly, while the Court finds it appropriate to release Attorney Castricone from her representation of Best-Lock due to her resignation from Murtha Cullina, the Court reserves decision on the remaining motions by counsel pending response from Best-Lock. Best-Lock

must file its response and declaration of intentions no later than January 13, 2020. This is a complex case, and questions of legal representation must be resolved before the case can go forward. Consequently, pending the resolution of whether Murtha Cullina should be permitted to withdraw as counsel, all scheduling deadlines in this matter are vacated and all proceedings are stayed. Staying the proceedings would serve the interests of justice and would allow Best-Lock an opportunity to retain a successor counsel.

In view of the provisions of this Order, Plaintiffs' Emergency Motion for Telephonic Status Conference (Doc. 200) is denied as moot.

**CONCLUSION**

Motion to withdraw appearance of Attorney Castricone as counsel for Best-Lock, (Doc. 198), is therefore GRANTED. The Court reserves decision on motions to withdraw appearance of Attorneys Donnelly and Corea, (Docs. 197, 199), pending response from Best-Lock, which shall be filed no later than **January 13, 2020**. Pending the resolution of these motions, all scheduling deadlines in this matter (*see* Doc. 196) are VACATED, and all proceedings are STAYED.

Plaintiffs' Emergency Motion for Telephonic Status Conference (Doc. 200) is DENIED AS MOOT.

It is **SO ORDERED**.

**All Citations**

Slip Copy, 2019 WL 6770096

**Footnotes**

1   Separately, Attorneys Donnelly and Corea in their motions to withdraw suggest that "it is unclear" whether the stay on discovery, which the Court imposed by Order dated January 18, 2017, "has been lifted." *See* Docs. 197, 199. The Court disagrees and believes that the text of the January 18, 2017 Order made it clear that "discovery will be stayed *pending* this Court's resolution of Lego's pending Motion for Partial Summary Judgment." *See* Doc. 143 (emphasis added). Thus, the stay on discovery has been lifted as of July 25, 2019—the date on which the Court has ruled on Lego's Motion for Partial Summary Judgment. *See* Doc. 195.

2   Such notice should explain to the party "that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." *See* D. Conn. L. Civ. R. 7(e).

3   *See* Docs. 197, 198, 199; D. Conn. L. Civ. R. 7(e).

**End of Document**                                      © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 13333471
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

Darwin Fernando LUNA, Plaintiff,
v.
John David MOFFITT, et al., Defendants.

CASE NO. 3:09-cv-857(RNC)
|
Signed 06/02/2011

**Attorneys and Law Firms**

Peter D. Goselin, The Law Office of Peter Goselin, Hartford, CT, for Plaintiff.

Frank J. Kolb, Jr., Kolb & Crisci, East Haven, CT, for Defendants.

### RULING ON MOTION TO WITHDRAW APPEARANCE

Donna F. Martinez, United States Magistrate Judge

*1 The plaintiff, Darwin Fernando Luna, is a housepainter who previously worked for the defendants. He alleges that between June 2006 and December 2008, he regularly worked in excess of forty hours per week but was not paid overtime, in violation of the federal Fair Labor Standards Act and Connecticut overtime laws. He also alleges violations of minimum wage requirements. Discovery has closed and the case is trial ready. Pending before the court is the Motion to Withdraw Appearance filed by the defendants' counsel, Robert M. Singer, doc. #71.

A hearing was held in open court on May 10, 2011, at which the court heard from the attorneys and the individual defendants. In open court, Attorney Singer explained that his relationship with the defendants had deteriorated. In response, the individual defendants indicated they wished to terminate the services of Mr. Singer.

During the course of that hearing, defendants' counsel requested an *ex parte* hearing with the undersigned to explain more fully the reasons for his motion. With consent of the plaintiff, the court conducted a portion of the hearing *ex parte* and heard further from Attorney Singer and the individual defendants, Mr. and Mrs. Moffitt.[1] After the hearing, the court received written *ex parte* submissions from both Attorney Singer and the individual defendants. Those submissions will be docketed today under seal, and the *ex parte* portion of the hearing has also been sealed.

Local Rule of Civil Procedure 7(e) provides that motions to withdraw may be granted by the court upon a showing of "good cause." D. Conn. L. Civ. R. 7(e). Codes of Professional Conduct, such as the Connecticut Rules of Professional Conduct and the Model Code, provide guidance for the court as to whether "good cause" to withdraw exists. See Whiting v. Lacara, 187 F.3d 317, 321 (1999). Rule 1.16(a)(3) of the Connecticut Rules of Professional Conduct provides that counsel is required to withdraw if "the lawyer is discharged."

"The court has a great deal of discretion in deciding a motion for withdrawal of counsel." Vachula v. GE Capital Corp., 199 F.R.D. 454, 457 (D. Conn. 2000) (citing Whiting, 187 F.3d at 320.) When a motion to withdraw is filed on the eve of trial, a court may deny the motion if it determines that the withdrawal will significantly disrupt proceedings. See, e.g., Vachula, 199 F.R.D. at 459.

The plaintiff opposes the motion. He states that the motion to withdraw was filed on the eve of trial and that counsel's withdrawal will delay the trial. Such delay might prejudice the plaintiff's ability to call his witnesses, he argues, some of whom are transient workers. Plaintiff argues that this is a relatively simple case relating to unpaid wages which has already lingered for over two years.

The court recognizes the plaintiff's concerns, but based on the defendants' statement that they wish to discharge their attorney, Attorney Singer's withdrawal is mandatory under Rule 1.16(a)(3).[2] Good cause having been shown, Attorney Singer's Motion to Withdraw Appearance, doc. #71, is GRANTED. The defendants are hereby ordered to appear through new counsel or file *pro se* appearances on or before **July 8, 2011**. The defendants are notified that their failure to file a *pro se* appearance or appear through new counsel[3] on or before June 20, 2011, as required by this order, may result in a default being entered against them. See D. Conn. L. Civ. R. 7(e). **Attorney Singer is ordered to serve the defendants with a copy of this order by personal service or certified mail on or**

before June 10, 2011.

*2 SO ORDERED at Hartford, Connecticut this 2nd day of June, 2011.

**All Citations**

Slip Copy, 2011 WL 13333471

### Footnotes

1. The third defendant is Coastline Painters, LLC. The court understands one or both of the individual defendants to be the principal(s) of the LLC.

2. The court need not reach any of the other grounds advanced in support of the motion for withdrawal. Moreover, the court does not rely on any *ex parte* statements or submissions in granting the motion.

3. Although individuals may represent themselves *pro se*, a corporate entity such as defendant Coastline Painters, LLC may not appear *pro se* and must be represented by counsel. Therefore, if counsel does not enter an appearance for defendant Coastline Painters, LLC, that defendant will be defaulted.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

Westchester Fire Ins. Co. v. Enviroguard, LLC, Not Reported in F.Supp.3d (2014)

2014 WL 2881507

2014 WL 2881507
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff,
v.
ENVIROGUARD, LLC; Clean Air Consultants, LLC; Silvermine Equities, LLC; Mark Costantini; Lisa Costantini; Mario Marini; and Michelle Marini, Defendants.

Civil Action No. 3:13 CV–1620 (CSH).
|
Signed June 25, 2014.

**Attorneys and Law Firms**

Michael Anthony Savino, Cozen O'Connor, New York, NY, for Plaintiff.

Stephen P. Wright, Goldman, Gruder & Woods, LLC, Trumbull, CT, for Defendants.

*ORDER RE MOTION FOR WITHDRAWAL OF APPEARANCE [DOC. 23]*

HAIGHT, Senior District Judge:

### I. *INTRODUCTION*

*1 Plaintiff Westchester Fire Insurance Company brings the present action against defendants Enviroguard, LLC; Clean Air Consultants, LLC; Silvermine Equities, LLC; Mark Costantini; Lisa Costantini; Mario Marini; and Michelle Marini, seeking to recover amounts owed under an indemnity agreement dated October 15, 2010. After the action commenced, Enviroguard, LLC ("Enviroguard") and individual defendants Mark Costantini and Lisa Costantini filed Chapter 7 petitions in bankruptcy in the United States Bankruptcy Court of the District of Connecticut. *See* Doc. 13 ("Notice of Bankruptcy" of Enviroguard, LLC—petition filed September 6, 2013) & Doc. 15 ("Notice of Bankruptcy" of Lisa Costantini and Mark Costantini—petition filed January 29, 2014). Pursuant to 11 U.S.C. § 362(a), the action was automatically stayed against the three defendant debtors upon the filing of their bankruptcy petitions.

Pending before the Court is Attorney Stephen P. Wright's motion for leave to withdraw his appearance as counsel of record for defendants Mario Marini and Michelle Marini (herein the "Marini Defendants") pursuant to Local Rule 7(e) of Civil Procedure. Doc. 23. Wright states that "good cause exists for the granting of this motion" in that "there has been an irreparable breakdown in the attorney-client relationship and a breach of the retention agreement between counsel and the Defendants." *Id.*, p. 1.

In support of his motion to withdraw, Wright also cites Connecticut Rule of Professional Conduct 1. 16, which provides that counsel may withdraw his representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.' " *Id.*, p. 1. Wright contends that the Marini Defendants' "inability to maintain the relationship with counsel" places him "in a precarious position of not being able to properly defend" them and/or of "having to spend considerable time and out-of-pocket costs if he is not permitted to withdraw." *Id.*, p. 2. Because the litigation is in its early stages, "with substantial discovery" yet to be completed by both parties, Wright maintains that his withdrawal should be permitted at this time. *Id.*

### II. *DISCUSSION*

In general, the court "has a great deal of discretion in deciding a motion for withdrawal of counsel." *Yachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D.Conn.2000) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999)). Pursuant to Local Rule 7(e) of Civil Procedure, "[w]ithdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a

showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw." D. Conn. L. Civ. R. 7(e). However, "[i]n cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." *Id.*

*2 "As a first step in considering counsel's request, the court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court ... to determine whether withdrawal is permissive or mandatory given the facts presented."[1] *Eaton v. Coca–Cola Co.,* 640 F.Supp.2d 203, 206 (D.Conn.2009) (quoting *Yachula,* 199 F.R.D. at 457). Pursuant to Connecticut's Rules of Professional Conduct and the case law applying those Rules in this District, when there has been "an irreparable breakdown in [the] attorney-client relationship," withdrawal of representation is often "warranted," and in circumstances of conflict of interest, even "required." *CP Solutions PTE, Ltd. v. General Elec. Co.,* 550 F.Supp.2d 298, 302 (D.Conn.2008) (granting counsel's motion to withdraw in circumstances where counsel could "no longer communicate directly with their client;" citing, *inter alia,* Conn. R. Prof'l Conduct 1.16(a)(1), 1.16(b)(4), & 1.7(a)). *See also Eaton v. Coca–Cola Co.,* 640 F.Supp.2d 203, 206 (D.Conn.2009) (finding "good cause" for counsel to withdraw where counsel's relationship with client was "irrevocably broken;" citing Conn. R. Prof'l Conduct 1.16(b)).

In the case at bar, Wright represents that the breakdown of his attorney-client relationship with the Marini Defendants has impeded his ability to "properly defend" them. Doc. 23, p. 2. He further asserts that they have broken the terms of their retention agreement with him. *Id.,* p. 1. He argues that if he is not allowed to withdraw, representation of the Marini Defendants will become unreasonably difficult, causing him to expend "considerable time" and pay "out-of-pocket costs" on their behalf, especially where "substantial discovery" has yet to be completed. *Id.,* p. 1–2. Wright has warned the Marini Defendants that, due to "an irreparable breakdown" in their relationship, he seeks to withdraw his appearance on their behalf in this action. *Id.,* p. 1. To that end, he mailed to them a copy of his present motion by "certified mail" on May 30, 2014. *Id.,* p. 3 ("Certification").

More than three weeks have elapsed and there is no indication that the Marini Defendants have responded in any way. They have not objected to Wright's motion. Moreover, no replacement or additional counsel has entered an appearance on their behalf. They have also failed to inform the Court of a desire or intention to proceed *pro se.*

Under these circumstances, the Court finds that good cause exists for permissible withdrawal pursuant to Rule 1.16(b) of the Connecticut Rules of Professional Conduct. *See* Conn. R. Prof'l Conduct 1.16(b)(5)-(6) (allowing withdrawal where "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw" and representation of the client "will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client").

*3 Therefore, pursuant to D. Conn. L. Civ. R. 7(e), the Court hereby informs the Marini Defendants that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of Wright's motion to withdraw [Doc. 13] and "may result in a ... default being entered" against them. D. Conn. L. Civ. R. 7(e).

### III. *CONCLUSION*

In light of the irreparably broken relationship between counsel Stephen P. Wright and his clients, Defendants Mario Marini and Michelle Marini, the Court hereby declares that it will grant Wright's motion to withdraw his Appearance [Doc. 23] on **July 25, 2014.** On or before the close of business on that date, each Marini Defendant must either: (1) secure new counsel and direct that counsel to enter an appearance on his and/or her behalf or (2) file a *pro se* appearance (*i.e.,* appear himself and/or herself) in this action. Failure of either Marini Defendant to comply with this Order may result in a default being entered against him or her.

The Clerk is directed to mail a copy of this Order to the Marini Defendants by certified mail at the following address: 40 Sturbridge Lane, Trumbull, CT 06611.

It is SO ORDERED.

**All Citations**

Westchester Fire Ins. Co. v. Enviroguard, LLC, Not Reported in F.Supp.3d (2014)
2014 WL 2881507

Not Reported in F.Supp.3d, 2014 WL 2881507

## Footnotes

[1] Local Rule 83.2(a)(1) of Civil Procedure for the District of Connecticut adopts the Rules of Professional Conduct, "as approved by the Judges of the Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut." D. Conn. L. Civ. R. 83.2(a)(1). *See also Haye v. Ashcroft,* No. Civ.A. 3:01CV414 (CFD), 2004 WL 1936204, at *2 n. 3 (D.Conn. Aug. 27, 2004).

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.