**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------------------ X

MIA CASTRO, M.D., HEIDI BOULES, M.D., :
ASHLEY ELTORAI, M.D., JODI-ANN   :
OLIVER, M.D., LORI-ANN OLIVER, M.D. and :
ELIZABETH REINHART, M.D.,    :  Civil Action No. 3:20-CV-00330 (JBA)
              :
       Plaintiffs,   :
   v.          :
              :
YALE UNIVERSITY, YALE NEW HAVEN  :
HOSPITAL, INC., and MANUEL LOPES FONTES, :
M.D., in his individual and professional capacities, :
              :
       Defendants.  :

------------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW APPEARANCES FILED BY MITCHELL & SHEAHAN, P.C., COUNSEL FOR DEFENDANT MANUEL LOPES FONTES, M.D.

**WIGDOR LLP**

Douglas H. Wigdor
Michael J. Willemin
Parisis G. Filippatos
Tanvir H. Rahman
(All admitted *pro hac vice*)

85 Fifth Avenue
New York, NY 1003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845

dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
pfilippatos@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiffs*

**MADSEN, PRESTLEY & PARENTEAU, LLC**

Todd D. Steigman (CT 26875)

402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794

tsteigman@mppjustice.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ...........................................................................................1

RELEVANT BACKGROUND ............................................................................................2

ARGUMENT .......................................................................................................................3

I.      Legal Standard ........................................................................................................3

II.     The Mitchell Firm Has Not Complied With This District's Local Rule Governing
        Withdrawals of Appearances .................................................................................4

        A.      There is No Indication That Defendant Fontes Has Obtained New Counsel
                or Is Electing to Proceed *Pro Se* .............................................................4

        B.      The Mitchell Firm has Not Established Good Cause and Even If It Did,
                That Would Be Insufficient Here..............................................................5

III.    Permitting the Mitchell Firm to Withdraw Would Needlessly Delay this
        Litigation, Unduly Prejudicing Plaintiffs............................................................8

IV.     If Fontes Agrees to Locate Successor Counsel Within 15 Days of the Court's
        Disposition of This Motion—Or If He Elects to Proceed *Pro Se*—Plaintiffs Will
        Withdraw Their Opposition to the Mitchell Firm's Motion to Withdraw ..........9

CONCLUSION....................................................................................................................9

## TABLE OF AUTHORITIES

Cases

*Barton v. District of Columbia*,
    209 F.R.D. 274 (D.D.C. 2002)....................................................................................... 8

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
    No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011)........................ 3, 9

*Broccoli v. Dollar Tree Stores, Inc.*,
    No. 03 Civ. 830 (MRK), 2004 WL 1837905 (D. Conn. Aug. 11, 2004)................................... 9

*Byrd v. D.C.*,
    271 F. Supp. 2d 174 (D.D.C. 2003) ................................................................................. 8

*Competitive Techs., Inc. v. Marcovitch*,
    No. 07 Civ. 1327 (PCD), 2008 WL 11381470 (D. Conn. Aug. 25, 2008) ................................ 7

*Halo Tech Holdings, Inc. v. Cooper*,
    No. 07 Civ. 489 (AHN), 2008 WL 11377686 (D. Conn. Sept. 24, 2008) ................................ 4

*Hunte v. Anders*,
    No. 05 Civ. 1017(JBA), 2009 WL 3273291 (D. Conn. Oct. 8, 2009)....................................... 6

*In re Meyers*,
    120 B.R. 751 (Bankr. S.D.N.Y. 1990) .......................................................................... 6

*Lego A/S v. Best-Lock Constr. Toys, Inc.*,
    No. 11 Civ. 01586 (CSH), 2019 WL 6770096 (D. Conn. Dec. 12, 2019)................................ 6

*Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*,
    No. 13 Civ. 01629 (LGS), 2013 WL 4780045 (S.D.N.Y. July 8, 2013) ........................... 3, 8, 9

*Luna v. Moffitt*,
    No. 09 Civ. 857 (RNC), 2011 WL 13333471 (D. Conn. June 2, 2011) ................................... 4

*Rophaiel v. Alken Murray Corp.*,
    No. 94 Civ. 9064 (CSH), 1996 WL 306457 (S.D.N.Y. June 7, 1996) ..................................... 6

*Sawant v. Ramsey*,
    No. 07 Civ. 980 (VLB), 2009 WL 10688162 (D. Conn. June 19, 2009) .................................. 7

*Westchester Fire Ins. Co. v. Enviroguard, LLC*,
    No. 13 Civ. 1620 (CSH), 2014 WL 2881507 (D. Conn. June 25, 2014)................................... 7

*Whiting v. Lacara*,
   187 F.3d 317 (2d Cir. 1999)............................................................................... 3, 4, 8, 9

*Wofsey, Certilman, Haft, Lebow & Balin v. Hatt*,
   No. 85 Civ. 5927 (CSH), 1988 WL 103368 (S.D.N.Y. Sept. 23, 1988) ..................................... 9

Other Authorities

D. Conn. L. Civ. R. 7(e)................................................................................................ 4, 5, 9

Plaintiffs Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver,

M.D., Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D. ("Plaintiffs"), respectfully submit

this memorandum of law in opposition to the Motion to Withdraw Appearances filed by Mitchell

& Sheahan, P.C. (the "Mitchell Firm"), counsel for Defendant Manuel Lopes Fontes, M.D.

("Fontes").  See Dkt. No. 79.  For the reasons that follow, Plaintiffs conditionally oppose the

Mitchell Firm's motion, but will withdraw their opposition to the extent Fontes agrees to retain

successor counsel or notice a *pro se* appearance within 15 days of the Court's disposition of this

motion.  If Fontes fails to do so, Plaintiffs respectfully request that the Mitchell Firm's motion be

denied in its entirety.

## PRELIMINARY STATEMENT

The six Plaintiffs in this case are all highly accomplished female professionals.  All are

medical doctors at Yale University and Yale New Haven Hospital who, over the course of

several years, were terrorized at work by their supervisor, Defendant Fontes.  Each Plaintiff

recounts, in graphic detail, their harrowing experiences of being sexually harassed by Fontes,

whose unlawful conduct against these women included forced kissing, grabbing, coercive

hugging, uninvited touching, and/or unwanted sexual propositioning.  All six Plaintiffs allege

tort claims of battery, assault and invasion of privacy against Fontes.  Two Plaintiffs further

allege that they faced unlawful retaliation after opposing Fontes's unlawful behavior.

Now, over seven months after this case was commenced and while the parties, after

engaging in heavy pre-discovery motion practice, are finally making disclosures to each other,

the Mitchell Firm moves to withdraw from this case.  Plaintiffs conditionally oppose the motion

for three reasons.  First, the Mitchell Firm—which filed presumably supporting documentation

under seal—have, as far as Plaintiffs can ascertain, failed to comply with this District's local

rules by failing to provide sufficient notice to Defendant Fontes, or to show that other counsel

has appeared or that Fontes has elected to proceed without counsel, and has thus failed to

establish good cause for their withdrawal.  Second, the Mitchell Firm has provided scant factual

basis to justify its withdrawal.  Third, this lawsuit—filed over seven months ago—would be

unnecessarily delayed, and effectively stayed, should the Mitchell Firm be permitted to withdraw

at this juncture.

However, Plaintiffs will withdraw their opposition if Fontes agrees to obtain successor

counsel within 15 days of the Court's disposition of this motion or, alternatively, enter an

appearance *pro se*.  Absent satisfying one of these conditions, Plaintiffs oppose and request that

the Court deny the Mitchell Firm's motion to withdraw.

## **RELEVANT BACKGROUND**

Plaintiffs initiated this lawsuit on March 12, 2020.  Dkt. No. 1. Although it is common

for an employer to represent its employees, particularly managerial employees alleged to have

engaged in wrongdoing, in employment law cases, in this case, Fontes, who is still employed by

Yale University, for reasons unclear, retained separate counsel; accordingly, on March 13, 2020,

attorneys from the Mitchell Firm noticed appearances in the case.  Dkt. Nos. 8-9.

The Michell Firm, on behalf of Dr. Fontes, has filed a motion to dismiss Dr. Fontes from

this action, which has been fully briefed and is *sub judice*.  See Dkt. Nos. 50, 61, 69, 69-1.

Likewise, Plaintiff's motion for leave to file a Second Amended Complaint, which the Mitchell

Firm on behalf of Dr. Fontes has opposed, is also fully briefed and *sub judice*.  See Dkt. Nos. 54-

57, 59, 62-67, 71.

Recently, on September 28, 2020, the Mitchell Firm requested a 30-day extension to respond or object to Plaintiffs' discovery requests, which Plaintiffs did not oppose. Ex. 1.[1]  On October 1, 2020, after Plaintiffs had consented to the extension, the Mitchell Firm made the present motion to withdraw its appearances in the case.  Dkt. No. 79.  And, on October 21, 2020, the Mitchell Firm, on behalf of Defendant Fontes, filed a second request for an extension of time to respond to Plaintiffs' discovery requests, this time seeking a deadline of *45 days after* the Court rules on the instant motion to respond.  Dkt. No. 84.

## ARGUMENT

### I.    LEGAL STANDARD

"District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal."  Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).  "When considering whether to grant a motion to be relieved as counsel, 'district courts analyze two factors: [1] the reasons for withdrawal and [2] the impact of the withdrawal on the timing of the proceeding.'"  Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc., No. 13 Civ. 01629 (LGS), 2013 WL 4780045, at *2 (S.D.N.Y. July 8, 2013) (quoting Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)); Whiting, 187 F.3d at 320 ("[D]istrict courts typically consider whether 'the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" (citation, internal quotation marks, and alteration omitted)).

In this District, withdrawals are governed by Local Rule 7(e), which states:

> Withdrawals of appearances may be accomplished only upon motion, ***which normally will not be granted except upon a showing that other counsel has appeared or that the party whose***

---

[1]     All exhibits and paragraphs of the Declaration of Tanvir H. Rahman ("Rahman Decl.") are referred to herein respectively as "Ex. __" and "¶ __".

> ***counsel seeks to withdraw may and has elected to proceed
> without counsel***, and that the party has received actual notice of
> the motion to withdraw.  In cases where the party has failed to
> engage other counsel or file a personal appearance, where good
> cause exists for permitting the withdrawal by the appearing
> counsel, the Court may grant the motion to withdraw the
> appearance after notice to the party that failure to either engage
> successor counsel or file a personal appearance will result in the
> granting of the motion to withdraw and may result in a dismissal or
> default being entered against the party.

D. Conn. L. Civ. R. 7(e) (emphasis added).  "Codes of Professional Conduct, such as the

Connecticut Rules of Professional Conduct and the Model Code, provide guidance for the court

as to whether 'good cause' to withdraw exists."  Luna v. Moffitt, No. 09 Civ. 857 (RNC), 2011

WL 13333471, at *1 (D. Conn. June 2, 2011) (quoting Whiting, 187 F.3d at 321).

## II.     THE MITCHELL FIRM HAS NOT COMPLIED WITH THIS DISTRICT'S LOCAL RULE GOVERNING WITHDRAWALS OF APPEARANCES

### A.     There Is No Indication That Defendant Fontes Has Obtained New Counsel or Is Electing to Proceed *Pro Se*

The Mitchell Firm's motion to withdraw should be denied on the straightforward basis

that it fails to comply with this the local rule governing such motions.  "[A] court in this district

normally will not grant a motion to withdraw unless a party has received actual notice of the

motion to withdraw and has obtained new counsel, or has elected to proceed pro se."  Halo Tech

Holdings, Inc. v. Cooper, No. 07 Civ. 489 (AHN), 2008 WL 11377686, at *1 (D. Conn. Sept. 24,

2008).

Here, the affidavit submitted in support of the Mitchell Firm's motion indicates that

Defendant Fontes has been advised that Firm intends to withdraw.  Dkt. No. 79-2, at ¶ 7.

However, the Firm has not indicated—at least not in the portions of its submissions that are

unsealed—whether Fontes has or will imminently obtain new counsel or whether he instead intends to proceed *pro se*.[2]  That failure violates this District's local rule.

### B.     The Mitchell Firm Has Not Established Good Cause and Even If It Did, That Would Be Insufficient Here

The District's local rule also provides that a motion to withdraw may be granted where "good cause exists for permitting the withdrawal by the appearing counsel . . . after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party." D. Conn. L. Civ. R. 7(e).  In other words, under the rule, *even if* the Mitchell Firm could establish good cause for withdrawal—and it cannot—withdrawal would still be inappropriate here because the Mitchell Firm, based on the submissions Plaintiffs have been able to review, has not provided notice to Fontes regarding his options were the Mitchell Firm's motion granted.

And at any rate, the Mitchell Firm has not established good cause to withdraw.  The Mitchell Firm suggests that good cause exists here because "there has been an irreparable breakdown in the attorney-client relationship."  Dkt. No. 79-1, at p. 3 (quotation marks and citation omitted).  Furthermore, the largely redacted affidavit submitted in support of the Mitchell Firm's motion suggests that the breakdown stems from Fontes's unidentified "health issues" as well as his failure to "comply with his obligations to the Firm and the financial hardship attendant to such failure."  Dkt. No. 79-2, at ¶¶ 3, 5; id. at ¶ 8 ("[C]ontinued representation under these circumstances will result in an unreasonable financial burden on the

---

[2]      Plaintiffs' counsel has requested to view an unredacted copy of the Mitchell Firm's filings in support of its motion to withdraw in order to determine whether good cause for the withdrawal request exists, and has even agreed that such a disclosure would not be regarded as a blanket waiver of the attorney-client privilege.  The Mitchell Firm, however, has not agreed to Plaintiffs' counsel's request.  Rahman Decl. at ¶ 3.

Firm."). But the Mitchell Firm provides no support for these vague assertions. And even if it had, this justification, without more, is insufficient to justify withdrawal. Indeed, courts routinely find "that nonpayment of fees alone is insufficient cause for the withdrawal." Rophaiel v. Alken Murray Corp., No. 94 Civ. 9064 (CSH), 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996) (denying a motion to withdraw and explaining that the law firm moving to withdraw "failed to convince [the Court] that its clients are truly unable to fulfill those payment obligations") (quoting In re Meyers, 120 B.R. 751, 752 (Bankr. S.D.N.Y. 1990) (collecting cases)). And if Fontes cannot proceed in defending himself in this action for "health" reasons, that is something that should be properly and candidly disclosed to the parties and the Court so that an appropriate solution can be reached, and not used as a nebulous basis for Fontes's counsel to withdraw from its agreed upon representation of Fontes.

The Court should not accept the Mitchell Firm's mere say-so, as a case cited in the *Mitchell Firm's* memorandum of law makes clear. Dkt. No. 79-1, at p. 3. See Lego A/S v. Best-Lock Constr. Toys, Inc., No. 11 Civ. 01586 (CSH), 2019 WL 6770096, at *2 (D. Conn. Dec. 12, 2019) ("[T]he Court is not convinced that counsel's conclusory reference to 'an irreparable breakdown' of its relationship with Best-Lock is sufficient for the finding of good cause." (quoting Hunte v. Anders, No. 05 Civ. 1017(JBA), 2009 WL 3273291, at *5 (D. Conn. Oct. 8, 2009))). Here, the Mitchell Firm provides scant factual basis for its motion. That is striking. Courts in this Circuit routinely deny motions to withdraw where the movant fails to provide *some* factual basis for withdrawal. See e.g., Lego A/S, 2019 WL 6770096, at *2; Hunte, 2009 WL 3273291, at *5 (denying counsel's motion to withdraw where counsel stated, with "no factual basis for th[e] assertion," that "the attorney-client relationship ha[d] broken down and the breakdown is irreconcilable"). Here, the Mitchell Firm has provided no such basis.

Moreover, the cases the Mitchell Firm cites in support of its motion are unavailing.  In

Competitive Techs., Inc. v. Marcovitch, No. 07 Civ. 1327 (PCD), 2008 WL 11381470, at *1 (D.

Conn. Aug. 25, 2008), an attorney seeking withdrawal asserted, unlike here, that the client had

"discharged him, had failed to pay him, and that, with their consent, [the attorney] was filing *pro*

*se* appearances on behalf of individual clients."  Id.  Considering the information available to

Plaintiffs here, none of those circumstances are present.  In another case the Mitchell Firm cites,

Westchester Fire Ins. Co. v. Enviroguard, LLC, No. 13 Civ. 1620 (CSH), 2014 WL 2881507, at

*2 (D. Conn. June 25, 2014), the court granted a motion to withdraw where, unlike here, the

attorney moving to withdraw specified the reason for the "breakdown of his attorney-client

relationship" with his clients, including the fact that the clients "broke[] the terms of their

retention agreement with him" and that he would be forced to expend "considerable time" and

"out-of-pocket costs" on their behalf.  Id.  Furthermore, in that case, over "three weeks" elapsed

and there was "no indication that the [clients] ha[d] responded in any way."  Id.  Here, because

much of the Mitchell Firm's supporting documentation has been filed under seal, Plaintiffs

remain unaware as to the circumstances regarding the Firm's attempted withdrawal.  In short, the

Firm has failed to establish that it satisfied its obligations to Fontes prior to withdrawal and, at

any rate, has failed to establish good cause for withdrawing from this action.  Finally, even

assuming the Mitchell Firm had satisfied the notice requirements and good cause, the Court

retains discretion to order counsel to continue representation.  Sawant v. Ramsey, No. 07 Civ.

980 (VLB), 2009 WL 10688162, at *1 (D. Conn. June 19, 2009).  The Court should order the

Firm to do so here unless arrangements are made to expeditiously find Defendant Fontes

successor counsel or Fontes notices a *pro se* appearance, particularly given that the parties are

engaged in discovery and that dispositive motion practice is *sub judice*.

7

**III.   PERMITTING THE MITCHELL FIRM TO WITHDRAW WOULD
NEEDLESSLY DELAY THIS LITIGATION, UNDULY PREJUDICING
PLAINTIFFS**

The Court should also reject the Firm's motion because it would delay and disrupt these

proceedings.  Whiting, 187 F.3d at 320.  To grant withdrawal from the case "at this sensitive

stage would bring the litigation to a grinding halt and force the postponement of important

deadlines to afford the [Defendant Fontes] sufficient time to prepare [his] case *pro se* or until

[he] retains new counsel."  Byrd v. D.C., 271 F. Supp. 2d 174, 177 (D.D.C. 2003) (citing Barton

v. District of Columbia, 209 F.R.D. 274, 277–78 (D.D.C. 2002)).  The Court should not abide.

As indicated above, this case was commenced over seven months ago, has gone through

significant motion (including dispositive motion) practice and the parties are fully engaged in the

exchange of discovery.   Recently, on September 28, 2020, Defendant Fontes, through the

Mitchell Firm, requested a 30-day extension to respond or object to Plaintiffs' discovery request,

to which Plaintiffs consented. Ex. 1.  Within days, however, the Mitchell Firm moved to

withdraw from this case, stalling this litigation indefinitely.  Then, to further delay this matter,

just as the extended deadline for Defendant Fontes to respond to Plaintiffs' discovery requests

neared, Defendant Fontes once again moved for an extension to respond (without providing any

reason why there is good cause for such further delay other than the mere existence of the instant

motion), this time seeking an extension of the deadline to *45-days after* the Court makes a

decision as to the instant motion.  See Dkt. No. 84.  It goes without saying how such further and

significant delays will serve only to unduly prejudice Plaintiffs, warranting denial of the Mitchell

Firm's motion.  The Court should minimize the delay caused by the Mitchell Firm's motion,

even if it is granted.  Leviton Mfg. Co., 2013 WL 4780045, at *2 (explaining that when

considering a motion for withdrawal, the Court should consider "the impact of the withdrawal on

the timing of the proceeding.'" (quoting <u>Blue Angel Films, Ltd. v. First Look Studios, Inc.</u>, No.

08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011))).

**IV.     IF FONTES AGREES TO LOCATE SUCCESSOR COUNSEL WITHIN 15 DAYS OF THE COURT'S DISPOSITION OF THIS MOTION—OR IF HE ELECTS TO PROCEED *PRO SE*—PLAINTIFFS WILL WITHDRAW THEIR OPPOSITION TO THE MITCHELL FIRM'S MOTION TO WITHDRAW**

Plaintiffs agree to withdraw their opposition to the present motion if successor counsel

for Fontes enters an appearance or if Fontes appears *pro se* within 15 days of the Court's

disposition of this motion.  Doing so would minimize the "disrupt[ion]" caused "by the

withdrawal of counsel." <u>Whiting</u>, 187 F.3d at 320.  Fontes's failure to do one or the other would

invite a motion for default judgment.  D. Conn. L. Civ. R. 7(e); <u>Leviton Mfg. Co.</u>, 2013 WL

4780045, at *2 (ordering that defense counsel "shall enter an appearance in this matter" within

16 days and explaining that if the defendants fail to retain counsel "the Court will entertain a

motion for default judgment"); <u>see also</u> <u>Broccoli v. Dollar Tree Stores, Inc.</u>, No. 03 Civ. 830

(MRK), 2004 WL 1837905, at *1 (D. Conn. Aug. 11, 2004) ("admonish[ing]" the plaintiff,

following counsel's withdrawal, and stating "that he no longer has an attorney representing him

in this action and that if he does not retain replacement counsel immediately or file his own *pro*

*se* appearance with the Clerk of the Court, [the defendant] will be entitled to move to dismiss this

action for failure to appear and/or prosecute); <u>Wofsey, Certilman, Haft, Lebow & Balin v. Hatt</u>,

No. 85 Civ. 5927 (CSH), 1988 WL 103368, at *1 (S.D.N.Y. Sept. 23, 1988) (directing the

defendant to "either retain counsel or file a notice of appearance *pro se* within thirty (30) days of

the date of this Memorandum Opinion and Order"

## CONCLUSION

For the foregoing reasons, the Mitchell Firm's Motion to Withdraw Appearances should

be denied in its entirety absent Defendant Fontes's agreement that (1) successor counsel will

enter an appearance or (2) a *pro se* notice of appearance will be filed Fontes within 15 days of

the Court's disposition of the motion.

Dated: October 22, 2020
      New York, New York

**MADSEN, PRESTLEY & PARENTEAU, LLC**

Todd D. Steigman (CT 26875)

402 Asylum Street
Hartford, CT 06103
Tel: (860) 246-2466
Fax: (860) 246-1794
tsteigman@mppjustice.com

**WIGDOR LLP**

By: _____

Douglas H. Wigdor
(admitted *pro hac vice*)
Michael J. Willemin
(admitted *pro hac vice*)
Parisis G. Filippatos
(admitted *pro hac vice*)
Tanvir H. Rahman
(admitted *pro hac vice*)

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com
mwillemin@wigdorlaw.com
pfilippatos@wigdorlaw.com
trahman@wigdorlaw.com

*Counsel for Plaintiffs*

10