**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------------- X

HEIDI BOULES, M.D., MIA CASTRO, M.D., ASHLEY        :
ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN     :
OLIVER, M.D. and ELIZABETH REINHART, M.D.,          :
                                           :   Index No.: 3:20-cv-00330 (JBA)

                     Plaintiff,        :
                                        :

           v.                    :

                                        :

YALE UNIVERSITY, YALE NEW HAVEN             :
HOSPITAL, INC. and MANUEL LOPES FONTES,      :
M.D, in his individual and professional capacities,   :
                                        :

                   Defendants.       :

-------------------------------------------------------------------- X

## <u>DECLARATION OF TANVIR H. RAHMAN</u>

I, **Tanvir H. Rahman**, pursuant to 28 U.S.C. §1746, declare and state as follows:

       1.      I am an attorney at the law firm Wigdor LLP, counsel for Plaintiffs Heidi Boules,

M.D., Mia Castro, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D.

and Elizabeth Reinhart, M.D. ("Plaintiffs") in the above-captioned matter.  I have full knowledge

of the facts set forth herein and submit this declaration in opposition to the Motion to Withdraw

Appearances filed by Mitchell & Sheahan, P.C. (the "Mitchell Firm"), counsel for Manuel Lopes

Fontes, M.D. (Dkt. No. 79).

       2.      Attached hereto as **Exhibit 1** is a true and accurate copy of the Mitchell Firm's

September 28, 2020 email request for a 30-day extension to respond or object to Plaintiffs'

discovery requests, and Plaintiffs' counsel's response thereto.

       3.      After the Mitchell Firm filed the instant Motion to Withdraw, Plaintiffs' counsel

requested to view an unredacted copy of the Mitchell Firm's filings in support of its motion to

withdraw in order to determine whether good cause for the withdrawal request exists, and agreed

that such disclosure would not be regarded as a blanket waiver of the attorney-client privilege.

The Mitchell Firm, however, did not agree to Plaintiffs' counsel's request.

4.     Attached hereto as **Exhibit 2** are true and accurate copies of the unpublished

decisions in *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF),

2011 WL 672245 (S.D.N.Y. Feb. 17, 2011); *Broccoli v. Dollar Tree Stores, Inc.*, No. 03 Civ. 830

(MRK), 2004 WL 1837905 (D. Conn. Aug. 11, 2004); *Competitive Techs., Inc. v. Marcovitch*,

No. 07 Civ. 1327 (PCD), 2008 WL 11381470 (D. Conn. Aug. 25, 2008); *Halo Tech Holdings,*

*Inc. v. Cooper*, No. 07 Civ. 489 (AHN), 2008 WL 11377686 (D. Conn. Sept. 24, 2008); *Hunte v.*

*Anders*, No. 05 Civ. 1017(JBA), 2009 WL 3273291 (D. Conn. Oct. 8, 2009), *Leviton Mfg. Co. v.*

*Fastmac Performance Upgrades, Inc.*, No. 13 Civ. 01629 (LGS), 2013 WL 4780045 (S.D.N.Y.

July 8, 2013); *Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064 (CSH), 1996 WL 306457

(S.D.N.Y. June 7, 1996); *Sawant v. Ramsey*, No. 07 Civ. 980 (VLB), 2009 WL 10688162 (D.

Conn. June 19, 2009); and *Wofsey, Certilman, Haft, Lebow & Balin v. Hatt*, No. 85 Civ. 5927

(CSH), 1988 WL 103368 (S.D.N.Y. Sept. 23, 1988).

5.     I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge.

Dated:  October 22, 2020
        New York, New York

Tanvir H. Rahman