UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D, ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., AND ELIZABETH REINHART, M.D. | : : : : : | CIVIL ACTION NO. 3:20-cv-00330-JBA |
| PLAINTIFFS | : : | |
| v. | : : | |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., AND MANUEL LOPES FONTES, M.D. | : : : : | FEBRUARY 22, 2021 |
| DEFENDANTS | : | |

## JOINT 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:   March 12, 2020

Date Operative Complaint Filed:  January 4, 2021

Date Complaint Served:   Waiver of Service filed March 20, 2020 as to defendant, Yale University

Date of Defendants' Appearance:   Yale University:  March 30, 2020
Manuel Lopes Fontes, M.D.:  March 13, 2020
Yale New Haven Hospital: April 6, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a telephone conference was held on February 17, 2021. The participants were:

- Tanvir Rahman, Esq. for plaintiffs, Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D.;
- Patrick M. Noonan, Esq. for defendant, Yale University;
- Pro se defendant, Manuel Lopes Fontes, M.D. (Dr. Fontes called in, but stated that he felt unable to participate in the absence of counsel and therefore dropped off the call before any substantive discussion was held.

>   Dr. Fontes was sent this Report before it was filed and invited to propose any changes hereto.);
> - Kasia Preneta, Esq. for defendant, Yale New Haven Hospital.

## I.  CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  JURISDICTION

### A.  Subject Matter Jurisdiction

This Court has subject matter jurisdiction over plaintiffs' federal law claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  The Court has supplemental jurisdiction over plaintiffs' Connecticut Fair Employment Practices Act ("CFEPA") claims and tort claims against Defendant Fontes pursuant to 28 U.S.C. § 1367(a).

### B.  Personal Jurisdiction

Personal jurisdiction is not contested.

## III.  BRIEF DESCRIPTION OF CASE

### A.  Claims of Plaintiffs:

The plaintiffs, Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D., allege that the defendants deprived them of their rights under Title IX, Title VII and the CFEPA.  All six

plaintiffs claim that they were sexually harassed by defendant, Manuel Lopes Fontes, M.D., and that, although they complained of Dr. Fontes' sexual harassment, Yale University and Yale New Haven Hospital failed to investigate and take corrective action, and have fostered an environment in which discriminatory and harassing practices are allowed to persist. Dr. Eltorai also claims that she was subjected to retaliation for her complaint of sexual harassment in violation of Title IX, Title VII, and the CFEPA.[1] In addition, Dr. Eltorai alleges that the defendants discriminated against her based upon her pregnancy and then retaliated against her for registering a pregnancy discrimination complaint.

**B.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

Defendant, Yale University, denies all of the plaintiffs' claims. Yale University did not discriminate against the plaintiffs; they properly followed all of the University's procedures in addressing the allegations made by the plaintiffs.

As noted above, Dr. Fontes did not participate in the conference, stating he was uncomfortable doing so in the absence of counsel. He was invited to propose changes to this Report by its filing. Dr. Fontes replied to the proposed changes of this report by stating that he- as Yale University- also denies all material allegations in the plaintiffs' operative complaint and he will assert defenses to the plaintiffs' false claims as set forth in his Response to the Second Amended Complaint or to be proven at trial. Also consistent with YNHH, Dr. Fontes reserves his right to provide additional or other defenses, or to remove or

---

[1] On February 9, 2021, the Court dismissed Dr. Castro's retaliation and discrimination claims under Title IX and Title VII. The parties have filed a stipulation to the withdrawal of Dr. Castro's retaliation claim under the CFEPA.

withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.

Defendant, Yale New Haven Hospital, denies all material allegations in the plaintiffs' operative complaint and will assert defenses to the plaintiffs' claims as set forth in its Response to the Second Amended Complaint or to be proven at trial. Defendant Yale New Haven Hospital, Inc. reserves the right to add additional or other defenses, or to delete or withdraw defenses, and to add other claims as they become necessary after reasonable opportunity for discovery.

  **C.** **Defenses and Claims of Third-Party Defendants:** N/A

**IV.** **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and were unable to agree to any undisputed facts at this time.

**V.** **CASE MANAGEMENT PLAN**

  **A.** **Initial Disclosures**

The parties request that they be excused from complying with the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("IDPs"). All parties have already exchanged discovery requests and responses, which include information and documents per the IDPs. Consistent with Fed. R. Civ. P. 1, the parties make this request in an effort to arrive at "just, speedy, and inexpensive determination" of this action, in order to avoid making multiple document searches for the same material. Yale University and YNHH agree to produce any insurance agreement under which an insurance business may be liable to satisfy

all or a part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgments.

    **B.**    **Scheduling Conference**

        1.    The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

        2.    The parties prefer that a scheduling conference, if one is required, be conducted by telephone.

    **C.**    **Early Settlement Conference**

        1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2.    The parties do not request an early settlement conference.

        3.    If and when a settlement conference is held, the parties prefer a settlement conference with a Magistrate Judge.

        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

        1.    Plaintiffs should be allowed until February 24, 2021 to file motions to

        join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until March 8, 2021 to file a response to the second amended complaint, or any amended complaint. Motions to join additional parties or to respond to the complaint filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    **E.**    **Discovery**

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case:"

1. The parties anticipate that discovery will be needed on all factual allegations of the operative Complaint and the Plaintiffs' damages claims.

2. The parties have already exchanged initial discovery requests. Written discovery, including ESI, to be completed by June 2, 2021.

3. Discovery will be conducted in phases, with document discovery first followed by fact witness depositions, which in turn will be followed by expert disclosure and depositions of expert witnesses.

4. The information required under Rule 26(a)(1)(A)(iii) will be provided by any party seeking damages before the first deposition of any kind is conducted.

5. The parties anticipate that the plaintiffs will require a total of 10 depositions of fact witnesses and that the defendants will require a total of 8-15

depositions of fact witnesses. The depositions of fact witnesses will commence by June 9, 2021 and be completed by October 1, 2021.

6. The parties do not request permission to serve more than 25 interrogatories upon each plaintiff or each defendant.

7. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than October 15, 2021. Depositions of any such experts will be completed no later than December 22, 2021.

8. In the event Plaintiffs designate any trial experts, Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) no later than January 31, 2022. Depositions of such experts will be completed no later than March 1, 2022.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

    a. Plaintiffs shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiffs' possession, custody or control, for the time period commencing two years

        prior to the filing of the Complaint and continuing through and including the date of trial.

    b.    Defendants shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the operative Complaint, that are in Defendants' possession, custody or control, for the time period commencing two years prior to the filing of the original Complaint and continuing through and including the date of trial.[2]

10.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

    a.    If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

---

[2] Plaintiffs will also be seeking, and hereby put Defendants on notice of their intent to seek, documents and information concerning or relating to the allegations of the operative complaint in Defendants' possession, custody, or control for the time period commencing January 1, 2015 to the present and not merely from two years prior to the filing of the original complaint.

F.   **OTHER SCHEDULING ISSUES**

Not applicable.

G.   **SUMMARY JUDGMENT MOTIONS**

Summary judgment motions, which must comply with Local Rule 56, will be filed no later than 60 days after the completion of all discovery.

H.   **JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

VI.   **TRIAL READINESS**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiffs, Mia Castro, M.D., Heidi Boules, M.D.,
Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D.,
Lori-Ann Oliver, M.D. and Elizabeth Reinhart, M.D.**

By: /s/ Tanvir Rahman, Esq.               Date: February 22, 2021
Tanvir Rahman, Esq.
WIGDOR LLP
85 Fifth Avenue
New York, NY 10003
trahman@wigdorlaw.com
T: 212-257-6800
F: 212-257-6845

**Defendant, Yale University**

By:/s/Patrick M. Noonan                          Date:  February 22, 2021
Patrick M. Noonan, Esq. (ct00189)
Kristianna L. Tyler, Esq. (ct30223)
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
PNoonan@ddnctlaw.com
T: 203-458-9168
F: 203-458-4424

**Defendant, Manuel Lopes Fontes, M.D.**

By:/s/ Manuel Lopes Fontes, M.D.             Date:  February 22, 2021
Manuel Fontes, MD
2367 Durham Road
Madison, CT 06443
Maf2029@gmail.com
646-208-9442

**Defendant, Yale New Haven Hospital**

By:/s/ Sarah R. Skubas                          Date:  February 22, 2021
Sarah R. Skubas, Esq. (ct28327)
Kasia M. Preneta, Esq. (ct30988)
Jackson Lewis
90 State House Sq., 8th Fl.
Hartford, CT 06103-3708
sarah.skubas@jacksonlewis.com
T: 860-522-0404
F: 860-247-1330