# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D., ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., AND ELIZABETH REINHART, M.D., | CIVIL NO.: 3:20-CV-330 (JBA) |
| Plaintiffs, | |
| v. | |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., AND MANUEL LOPES FONTES, M.D., | |
| Defendants. | MARCH 8, 2021 |

## DEFENDANT YALE NEW HAVEN HOSPITAL, INC.'S
## ANSWER TO SECOND AMENDED COMPLAINT AND SPECIAL DEFENSES

Defendant Yale New Haven Hospital, Inc. ("Defendant"), by and through its attorneys, Jackson Lewis P.C., hereby answers the Second Amended Complaint ("SAC") of Plaintiffs Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D. (collectively, "Plaintiffs"). Any allegation not specifically admitted herein is denied.

## PRELIMINARY STATEMENT

1.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 1 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 1 that Defendant was on notice of these allegations or of any wrongful conduct.

2.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2 and, therefore, leaves Plaintiffs to their proof and denies the same and

any inference in Paragraph 2 that Defendant was on notice of these allegations or of any wrongful conduct.

3.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 3 that Defendant was on notice of these allegations or of any wrongful conduct.

4.     Based on its business records, Defendant admits that Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver are professor employees of Yale University with medical privileges only as attending physicians at Defendant.  Defendant further admits that, at the relevant time, Plaintiff Castro was a pediatric anesthesiology fellow employed by Defendant and that Plaintiff Reinhart is an anesthesiology resident employed by Defendant.  Defendant admits that, based on its business records, Defendant Manuel Fontes, M.D., is a professor employee of Yale University with medical privileges only as an attending physician at Defendant.  Defendant denies the remaining allegations in Paragraph 4 and footnote 1 to Paragraph 4.

5.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 5 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 5.

6.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 6 that Defendant was on notice of these

allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 against Yale University and Dr. Fontes and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 7 that Defendant was on notice of these allegations against Yale University and Dr. Fontes, or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 8 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 9 that Defendant was on notice of these allegations or any wrongful conduct.

10.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 10 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 10.

11.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11 against Yale University and Dr. Fontes and, therefore, leaves Plaintiffs

to their proof and denies the same and any inference in Paragraph 11 that Defendant was on notice of these allegations against Yale University and Dr. Fontes, or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 11.

## ADMINISTRATIVE REQUIREMENTS

12.     Defendant admits that Plaintiffs Boules, Castro, Eltorai, and Reinhart filed charges with the United States Equal Employment Opportunity Commission ("EEOC") but lacks knowledge or information sufficient to admit or deny when they filed these charges and, therefore, leaves Plaintiffs to their proof, and avers that these charges are documents that speak for themselves.  Defendant admits that Plaintiffs Jodi-Ann Oliver and Lori-Ann Oliver filed charges with the EEOC but lacks knowledge or information sufficient to admit or deny when they filed these charges and, therefore, leaves Plaintiffs to their proof and avers that these charges are documents that speak for themselves.  To the extent the allegations in Paragraph 12 do not accurately reflect the contents of Plaintiffs' EEOC charges, they are denied.  Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits that Plaintiffs filed complaints with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and avers that these CHRO complaints are documents that speak for themselves.  To the extent the allegations in Paragraph 13 do not accurately reflect the contents of Plaintiffs' CHRO complaints, they are denied.  Defendant denies the remaining allegations in Paragraph 13, including that these CHRO complaints were timely filed.

14.     Defendant lacks knowledge or information sufficient to admit or deny the date on which Yale University submitted a position statement to the EEOC and the content of the position

statement and, therefore, leaves Plaintiffs to their proof and denies the same and remaining allegations in Paragraph 14.

15.     Defendant admits that the CHRO served it with Plaintiffs' CHRO charges on or about May 13, 2020, and avers that the CHRO charges and the letter are documents that speak for themselves.  To the extent the allegations in Paragraph 15 do not accurately reflect the contents of the charges and the letter, they are denied.  Defendant lacks knowledge or information sufficient to admit or deny what the CHRO asked of Plaintiffs and/or what Plaintiffs did or did not do in response and, therefore, leaves Plaintiffs to their proof.  Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant lacks knowledge or information sufficient to admit or deny when Plaintiffs received Notices of Right to Sue from the EEOC and, therefore, leaves Plaintiffs to their proof and denies the same.

17.     Defendant lacks knowledge or information sufficient to admit or deny when the CHRO issued Releases of Jurisdiction to Plaintiffs as to their CFEPA claims against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same.

18.     Defendant lacks knowledge or information sufficient to admit or deny when the CHRO issued Releases of Jurisdiction to Plaintiffs Boules, Jodi-Ann Oliver and Lori-Ann Oliver as to their CFEPA claims against Dr. Fontes and, therefore, leaves Plaintiffs to their proof and denies the same.

19.     Defendant lacks knowledge or information sufficient to admit or deny when the CHRO issued Releases of Jurisdiction to Plaintiffs Castro, Eltorai, and Reinhart as to their CFEPA claims against Dr. Fontes and, therefore, leaves Plaintiffs to their proof and denies the same.

20.     Defendant lacks knowledge or information sufficient to admit or deny when the CHRO issued Releases of Jurisdiction to Plaintiffs as to their CFEPA claims against Defendant and, therefore, leaves Plaintiffs to their proof and denies the same.

21.     Defendant admits that Plaintiffs moved for leave to amend their amended complaint and avers that Plaintiffs' motion is a document that speaks for itself.  To the extent the allegations in Paragraph 21 do not accurately reflect Plaintiffs' motion, they are denied.  Defendant admits that Plaintiffs' motion for leave to amend their amended complaint was granted on December 31, 2020.  Defendant neither admits nor denies the remaining allegation regarding timeliness in Paragraph 21 because it is a legal conclusion.  To the extent this allegation regarding timeliness is viewed otherwise, it is denied.

22.     Defendant neither admits nor denies the allegations in Paragraph 22 because they are legal conclusions.  To the extent these allegations are viewed otherwise, they are denied.

## JURISDICTION AND VENUE

23.     Defendant neither admits nor denies the allegations in Paragraph 23 regarding jurisdiction because they are legal conclusions.  To the extent these allegations are viewed otherwise, Defendant admits that jurisdiction over Plaintiffs' claims is conferred on this Court by virtue of the fact that Plaintiffs are pursuing an action under the statutes cited, but Defendant denies that Plaintiffs are entitled to any relief under the same.

24.     Defendant neither admits nor denies the allegations in Paragraph 24 regarding venue because they are legal conclusions.  To the extent these allegations are viewed otherwise, Defendant admits that venue is conferred on this Court, but Defendant denies that Plaintiffs are entitled to any relief under the same.

**PARTIES**

25.     Based on its business records, Defendant admits that Plaintiff Boules is a professor employee of Yale University with medical privileges only as an attending physician at Defendant. Defendant lacks knowledge or information sufficient to admit or deny the city and state Plaintiff Boules resides in and leaves Plaintiff Boules to her proof as to that allegation.  Defendant denies that it has ever been Plaintiff Boules' employer and denies the remaining allegations in Paragraph 25.

26.     Based on its business records, Defendant admits that Plaintiff Castro was a pediatric anesthesiology fellow employed by Defendant between July 2019 and July 2020 and that in 2019 she completed her anesthesiology residency while employed by Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the state Plaintiff Castro resides in and leaves Plaintiff Castro to her proof as to that allegation.  Defendant denies the remaining allegations in Paragraph 26.

27.     Based on its business records, Defendant admits that Plaintiff Eltorai is a professor employee of Yale University with medical privileges only as an attending physician at Defendant. Defendant lacks knowledge or information sufficient to admit or deny the city and state Plaintiff Eltorai resides in and leaves Plaintiff Eltorai to her proof as to that allegation.  Defendant denies that it has ever been Plaintiff Eltorai's employer and denies the remaining allegations in Paragraph 27.

28.     Based on its business records, Defendant admits that Plaintiff Jodi-Ann Oliver is a professor employee of Yale University with medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the city and state Plaintiff Jodi-Ann Oliver resides in and leaves Plaintiff Jodi-Ann Oliver to her proof as to

that allegation.  Defendant denies that it has ever been Plaintiff Jodi-Ann Oliver's employer and denies the remaining allegations in Paragraph 28.

29.     Based on its business records, Defendant admits that Plaintiff Lori-Ann Oliver is a professor employee of Yale University with medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the city and state Plaintiff Lori-Ann Oliver resides in and leaves Plaintiff Lori-Ann Oliver to her proof as to that allegation.  Defendant denies that it has ever been Plaintiff Lori-Ann Oliver's employer and denies the remaining allegations in Paragraph 29.

30.     Based on its business records, Defendant admits that Plaintiff Elizabeth Reinhart is an anesthesiology resident employed by Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the city and state Plaintiff Reinhart resides in and leaves Plaintiff Reinhart to her proof as to that allegation.  Defendant denies the remaining allegations in Paragraph 30.

31.     Defendant admits that Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver are employed by Yale University.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 that are directed at Yale University and, therefore, leaves Plaintiffs to their proof and denies the same. Defendant neither admits nor denies the remaining allegations regarding joint employer or employer status because they are legal conclusions.  To the extent these allegations are viewed otherwise, they are denied.

32.     Defendant admits that Plaintiffs Reinhart and Castro entered into employment agreements with Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 that are directed at Yale University, and, therefore, leaves Plaintiffs to their proof and denies the same.  Defendant denies the remaining allegations in Paragraph 32.

33.     Defendant admits that it is a teaching hospital, with medical residency and fellowship programs, located at 20 York Street, New Haven, CT 06510.  Defendant also admits it has a website and avers that its website speaks for itself.  To the extent the allegations in Paragraph 33 regarding statements on Defendant's website do not accurately reflect the contents of the website, they are denied.  Defendant further admits that Plaintiffs Reinhart and Castro signed agreements with Defendant and avers that these agreements are documents that speak for themselves.  To the extent the quoted statements and acknowledgements, and description of terms and conditions of Defendant's employment of Plaintiffs Reinhart and Castro, that are alleged in Paragraph 33 do not accurately reflect the content of the agreements that Plaintiffs Reinhart and Castro signed, they are denied.  Defendant denies the remaining allegations in Paragraph 33.

34.     Defendant admits that Thomas Balcezak, M.D., is Chief Medical Officer at YNHH and a YNHH employee.  Defendant also admits that Plaintiff Castro signed an agreement with Defendant for her fellowship position and avers that this agreement is a document that speaks for itself.  To the extent the allegations in Paragraph 34 do not accurately reflect the content, signatories, and titles of the signatories to Plaintiff Castro's employment agreement, they are denied.  Defendant denies the remaining allegations in Paragraph 34.

35.     Defendant admits that it is a private corporation engaged in the business of providing healthcare.  Defendant also admits that it employs or employed Plaintiffs Castro and Reinhart, controls or controlled the terms and conditions of employment of Plaintiffs Castro and Reinhart and is or was the employer of Plaintiffs Castro and Reinhart.  Defendant neither admits nor denies the allegations in Paragraph 35 regarding receipt of "financial assistance" because it is a legal conclusion.  To the extent this allegation is viewed otherwise, Defendant lacks knowledge or information sufficient to admit or deny allegations as to its receipt of "financial assistance" as

this phrase is undefined, and, therefore, leaves Plaintiffs to their proof and denies the same. Defendant denies that it has ever been Plaintiffs' joint employer and denies the remaining allegations in Paragraph 35.

36.     Defendant admits that it controls or controlled the terms and conditions of employment of Plaintiffs Castro and Reinhart, sets or set the work schedules and hours of Plaintiffs Castro and Reinhart, and assigns or assigned Plaintiffs Castro and Reinhart work and support staff. Defendant admits that its employees provide feedback for "360 evaluations."  Defendant further admits that non-employed physicians must have medical privileges to perform medical services at Defendant.  Defendant denies the remaining allegations in Paragraph 36.

37.     Defendant admits that it required Plaintiffs Castro and Reinhart, and other medical residents and fellows employed by Defendant, to comply with Defendant's rules, regulations, and hospital by-laws, participate in meetings and treat patients.  Defendant also admits that it has the authority to discipline Plaintiffs Castro and Reinhart, and other medical residents and fellows employed by Defendant, including requiring them to undergo remediation procedures.  Defendant denies that it has employed Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, or Lori-Ann Oliver, and denies the remaining allegations in Paragraph 37.

38.     Defendant admits that a Medical Staff Professionalism Committee may review clinical cases, including potentially problematic clinical cases.  Defendant lacks knowledge or information concerning details surrounding Plaintiff Boules' involvement in a case that had been "flagged," if any, by said Committee, and Yale University's involvement in the review of this case (which may be considered privileged), and, therefore, leaves Plaintiffs to their proof and denies the same.  To the extent there is any email memorializing the same, Defendant avers that the email

speaks for itself.  To the extent the allegations in Paragraph 38 do not accurately reflect the contents of any such email, they are denied.  Defendant denies the remaining allegations in Paragraph 38.

39.     Defendant admits that it employs Plaintiff Reinhart and employed Plaintiff Castro. Defendant denies the remaining allegations in Paragraph 39.

40.     Defendant admits that there are medical residency and fellowship programs at Defendant, that Yale University employees with medical privileges perform medical services as attending physicians at Defendant (as do others not affiliated with Yale University), and that Plaintiffs Reinhart and Castro, at the relevant time, worked amongst medical staff employed by Yale University and a number of other employers.  Defendant denies the remaining allegations in Paragraph 40 as phrased.

41.     Based on its business records, Defendant admits that Dr. Fontes is professor employee of Yale University with medical privileges only as an attending physician at Defendant. Defendant lacks knowledge or information sufficient to admit or deny the state Dr. Fontes resides in, and whether he is or was a supervisor at Yale University, and leaves Plaintiffs to their proof as to those allegations.  Defendant neither admits nor denies the allegations in Paragraph 41 regarding whether Dr. Fontes meets a statutory definition of "employer" because they are legal conclusions. To the extent these allegations are viewed otherwise, they are denied.  Defendant denies the remaining allegations in Paragraph 41.

## FACTUAL ALLEGATIONS

### I.     YALE UNIVERSITY'S TROUBLING HISTORY OF PROTECTING MALE DOCTORS ACCUSED OF SEXUAL HARASSMENT

42.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and, therefore, leaves Plaintiffs to their proof and denies the same and

any inference in Paragraph 42 that Defendant was on notice of these allegations or of any wrongful conduct.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 43 that Defendant was on notice of these allegations or of any wrongful conduct.

44.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 44 that Defendant was on notice of these allegations or of any wrongful conduct.

45.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 45 that Defendant was on notice of these allegations or of any wrongful conduct.

46.     Defendant admits that Dr. Michael Simons was professor employee of Yale University with medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 46 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 46 that Defendant was on notice of these allegations or of any wrongful conduct.

47.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 47 that Defendant was on notice of these

allegations or of any wrongful conduct.  Defendant denies that it employed Dr. Simons and denies the remaining allegations in Paragraph 47.

48.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 48 that Defendant was on notice of these allegations or of any wrongful conduct.

49.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 49 that Defendant was on notice of these allegations or of any wrongful conduct.

50.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 50 that Defendant was on notice of these allegations or of any wrongful conduct.

51.     Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 51 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 51 that Defendant was on notice of these allegations or of any wrongful conduct.

52.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 52 that Defendant was on notice of these allegations or of any wrongful conduct.

53.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 53 that Defendant was on notice of these allegations or of any wrongful conduct.

54.     Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 54 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 54 that Defendant was on notice of these allegations or of any wrongful conduct.

55.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 55 that Defendant was on notice of these allegations or of any wrongful conduct.

56.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 56 that Defendant was on notice of these allegations or of any wrongful conduct.

57.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 57 that Defendant was on notice of these allegations or of any wrongful conduct.

58.     Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 58 and, therefore, leaves Plaintiffs to their proof and denies the

same and any inference in Paragraph 58 that Defendant was on notice of these allegations or of any wrongful conduct.

59.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 59 that Defendant was on notice of these allegations or of any wrongful conduct.

60.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 60 that Defendant was on notice of these allegations or of any wrongful conduct.

61.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 61 that Defendant was on notice of these allegations or of any wrongful conduct.

62.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 62 that Defendant was on notice of these allegations or of any wrongful conduct.

63.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 63 that Defendant was on notice of these allegations or of any wrongful conduct.

64.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 64 that Defendant was on notice of these allegations or of any wrongful conduct.

65.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 65 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 65 that Defendant was on notice of these allegations or of any wrongful conduct.

**II.     DR. FONTES'S WELL-DOCUMENTED HISTORY OF SEXUAL HARASSMENT AND INAPPROPRIATE SEXUAL CONDUCT TOWARDS FEMALE SUBORDINATES, WHICH PUT YALE UNIVERSITY AND YNHH ON NOTICE OF HIS PROPENSITY TO PERPETRATE SEXUALLY HARASSING BEHAVIOR**

66.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 66 and, therefore, leaves Plaintiffs to their proof and denies the same.

67.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 67 concerning Dr. Fontes' separation from prior medical institutions and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 67 that Defendant was on notice of these allegations or of any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 67.

68.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 68 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 68 that Defendant was on notice of these allegations or of any wrongful conduct.

69.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 69 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 69 that Defendant was on notice of these allegations or of any wrongful conduct.

70.     Based on its records, Defendant admits that Dr. Fontes was a professor employee of Yale University with medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 70 concerning reasons Dr. Fontes may have left a prior employer and, therefore, leaves Plaintiffs to their proof.  Defendant denies the remaining allegations in Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to admit or deny the allegations concerning non-employees Drs. Schwartz and Hines in Paragraph 71 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 71 that Defendant was on notice of these allegations or of any wrongful conduct.

72.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 72 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 72 that Defendant was on notice of these allegations or of any wrongful conduct.

73.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 73 concerning Dr. Fontes' alleged conduct towards an unidentified person and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 73 that Defendant was on notice of these allegations.  Defendant denies the remaining allegations in Paragraph 73.

74.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 74 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 74 that Defendant was on notice of these allegations or of any wrongful conduct.

75.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 75 that Defendant was on notice of these allegations or of any wrongful conduct.

76.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 76 that Defendant was on notice of these allegations or of any wrongful conduct.

77.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 77 that Defendant was on notice of these allegations or of any wrongful conduct.

78.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 78 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 78 that Defendant was on notice of these allegations or of any wrongful conduct.

79.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79 and, therefore, leaves Plaintiffs to their proof and denies the same and

any inference in Paragraph 79 that Defendant was on notice of these allegations or of any wrongful conduct.

80.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 80 that Defendant was on notice of these allegations or of any wrongful conduct.

81.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 81 that Defendant was on notice of these allegations or of any wrongful conduct.

82.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82 directed at Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 82 that Defendant was on notice of these allegations or of any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 82.

83.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 83 that Defendant was on notice of these allegations or of any wrongful conduct.

84.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 84 that Defendant was on notice of these allegations or of any wrongful conduct.

85. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 85 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 85 that Defendant was on notice of these allegations or of any wrongful conduct.

86. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 86 against Yale University or its employee Dr. Hines, and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 86 that Defendant was on notice of these allegations or of any wrongful conduct. Defendant denies the remaining allegations in Paragraph 86.

87. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 87 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 87 that Defendant was on notice of these allegations or of any wrongful conduct.

88. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 88 against Yale University and its employee Dr. Herrera and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 88 that Defendant was on notice of these allegations or of any wrongful conduct. Defendant denies the remaining allegations in Paragraph 88.

89. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 89 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 89 that Defendant was on notice of these allegations or of any wrongful conduct.

90.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 90 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 90 that Defendant was on notice of these allegations or of any wrongful conduct.

91.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 91 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 91 that Defendant was on notice of these allegations or of any wrongful conduct.

92.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 92 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 92 that Defendant was on notice of these allegations or of any wrongful conduct.

93.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 93 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 93 that Defendant was on notice of these allegations or of any wrongful conduct.

94.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 94 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 94 that Defendant was on notice of these allegations or of any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 94.

95.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 95 against Yale University and, therefore, leaves Plaintiffs to their proof

and denies the same. Defendant denies that it had actual notice and denies the remaining allegations in Paragraph 95.

96. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same. Defendant denies that it was aware or that it had any notice of any wrongful conduct of Dr. Fontes and denies the remaining allegations in Paragraph 96.

97. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 97 that Defendant was on notice of these allegations or of any wrongful conduct and/or failed to take any steps to respond and denies the remaining allegations in Paragraph 97.

### III.   SEXUAL HARASSMENT OF DR. BOULES

98. Based on its business records, Defendant admits that Plaintiff Boules is a professor employee of Yale University with medical privileges only as an attending physician at Defendant. Defendant lacks knowledge or information sufficient to admit or deny the field in which Plaintiff Boules considers herself to specialize in and, therefore, leaves Plaintiffs to their proof and denies the same.

99. Defendant admits that Plaintiff Boules is an employee of Yale University. Defendant lacks knowledge or information sufficient to admit or deny the educational background of Plaintiff Boules, and details about her internship, residency, and/or fellowships, and, therefore, leaves Plaintiffs to their proof. Defendant denies the remaining allegations in Paragraph 99.

100. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff Boules reported to Dr. Fontes, whether she was ever warned by anyone about Dr. Fontes,

and if she was warned what that warning was, and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 100 that Defendant was on notice of these allegations or of any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 100.

101.    Defendant lacks knowledge or information sufficient to admit or deny allegations concerning Dr. Fontes' alleged treatment of Dr. Boules and, therefore, leaves Plaintiffs to their proof and denies the same and any inference that Plaintiff Boules was employed by Defendant or that Defendant was on notice of any alleged allegations or wrongful conduct.

102.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 102 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 102 that Defendant was on notice of these allegations or of any wrongful conduct.

103.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 103 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 103 that Defendant was on notice of these allegations or of any wrongful conduct.

104.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 104 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 104 that Defendant was on notice of these allegations or of any wrongful conduct.

105.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 105 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 105 that Defendant was on notice of these allegations or of any wrongful conduct.

106.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 106 that Defendant was on notice of these allegations or of any wrongful conduct.

107.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 107 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 107 that Defendant was on notice of these allegations or of any wrongful conduct.

108.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 108 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 108 that Defendant was on notice of these allegations or of any wrongful conduct.

109     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 109 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 109 that Defendant was on notice of these allegations or of any wrongful conduct.

110.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 110 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 110 that Defendant was on notice of these allegations or of any wrongful conduct.

111.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 111 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 111 that Defendant was on notice of these allegations or of any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 111.

112.     Defendant admits that it employs Alan Friedman, M.D., in the capacity of Chief Medical Experience Officer.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 112 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same.  Defendant avers that any email Plaintiff Boules may have sent to Dr. Friedman speaks for itself.  To the extent the allegations in Paragraph 112 do not accurately reflect the contents of the emails between Drs. Friedman and Boules, they are denied.  Defendant denies the remaining allegations in Paragraph 112.

113.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 113 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 113 that Defendant was on notice of these allegations or of any wrongful conduct.

## IV.     <u>SEXUAL HARASSMENT OF AND RETALIATION AGAINST DR. CASTRO</u>

114.     Based on its business records, Defendant admits that Plaintiff Castro was a pediatric anesthesiology fellow employed by Defendant from July 2019 to July 2020, and that she was an anesthesiology resident employed by Defendant between 2015 and 2019.  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Castro's educational background and, therefore, leaves Plaintiffs to their proof as to those allegations.

115.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 115 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 115 that Defendant was on notice of these allegations or of any wrongful conduct.

116.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 116 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 116 that Defendant was on notice of these allegations or of any wrongful conduct.

117.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 117 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 117 that Defendant was on notice of these allegations or of any wrongful conduct.

118.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 118 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 118 that Defendant was on notice of these allegations or of any wrongful conduct.

119.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 119 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 119 that Defendant was on notice of these allegations or of any wrongful conduct.

120.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 120 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 120 that Defendant was on notice of these allegations or of any wrongful conduct.

121.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 121 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 121 that Defendant was on notice of these allegations or of any wrongful conduct.

122.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 122 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 122 that Defendant was on notice of these allegations or of any wrongful conduct.

123.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 123 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 123 that Defendant was on notice of these allegations or of any wrongful conduct.

124.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 124 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 124 that Defendant was on notice of these allegations or of any wrongful conduct.

125.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 125 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 125 that Defendant was on notice of these allegations or of any wrongful conduct.

126.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 126 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 126 that Defendant was on notice of these allegations or of any wrongful conduct.

127.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 127 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 127 that Defendant was on notice of these allegations or of any wrongful conduct.

128.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 128 that Defendant was on notice of these allegations or of any wrongful conduct.

129.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 129 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 129 that Defendant was on notice of these allegations or of any wrongful conduct.

## V.    **PREGNANCY DISCRIMINATION, SEXUAL HARASSMENT AND RETALIATION AGAINST DR. ELTORAI**

a.    **Pregnancy Discrimination**

130.    Based on its business records, Defendant admits that Plaintiff Eltorai is a professor employee of Yale University with medical privileges only as an attending physician at Defendant. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's medical specialization, educational background, and details on her medical residency and fellowship and,

therefore, leaves Plaintiffs to their proof as to those allegations.  Defendant denies the remaining allegations in Paragraph 130.

131.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 131 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 131 that Defendant was on notice of these allegations.

132.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 132 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 132 that Defendant was on notice of these allegations or of any wrongful conduct.

133.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 133 that Defendant was on notice of these allegations or of any wrongful conduct.

134.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 134 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 134 that Defendant was on notice of these allegations.

135.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 135 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 135 that Defendant was on notice of these allegations or of any wrongful conduct.

136.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 136 that Defendant was on notice of these allegations or of any wrongful conduct.

137.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 137 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 137 that Defendant was on notice of these allegations.

138.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 138 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 138 that Defendant was on notice of these allegations or of any wrongful conduct.

139.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 139 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 139 that Defendant was on notice of these allegations or of any wrongful conduct.

140.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 140 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 140 that Defendant was on notice of these allegations or of any wrongful conduct.

141.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 141 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 141 that Defendant was on notice of these allegations or of any wrongful conduct.

142.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 142 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 142 that Defendant was on notice of these allegations or of any wrongful conduct.

143.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 143 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 143 that Defendant was on notice of these allegations or of any wrongful conduct.

144.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 144 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 144 that Defendant was on notice of these allegations or of any wrongful conduct.

145.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 145 that Defendant was on notice of these allegations or of any wrongful conduct.

146.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 146 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 146 that Defendant was on notice of these allegations or of any wrongful conduct.

147.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 147 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 147 that Defendant was on notice of these allegations or of any wrongful conduct.

148. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 148 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 148 that Defendant was on notice of these allegations or of any wrongful conduct.

149. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149 concerning alleged privileged information and, therefore, leaves Plaintiffs to their proof.

150. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 150 concerning alleged privileged information and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 150 that Defendant was on notice of these allegations or of any wrongful conduct.

151. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 151 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 151 that Defendant was on notice of these allegations or of any wrongful conduct.

b. **Sexual Harassment and Retaliation**

152. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 152 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 152 that Defendant was on notice of these allegations or of any wrongful conduct.

153. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 153 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 153 that Defendant was on notice of these allegations or of any wrongful conduct.

154.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 154 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 154 that Defendant was on notice of these allegations or of any wrongful conduct.

155.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 155 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 155 that Defendant was on notice of these allegations or of any wrongful conduct.

156.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 156 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 156 that Defendant was on notice of these allegations or of any wrongful conduct.

157.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 157 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 157 that Defendant was on notice of these allegations or of any wrongful conduct.

158.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 158 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 158 that Defendant was on notice of these allegations or of any wrongful conduct.

159.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 159 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 159 that Defendant was on notice of these allegations or of any wrongful conduct.

160.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 160 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 160 that Defendant was on notice of these allegations or of any wrongful conduct.

161.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 161 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 161 that Defendant was on notice of these allegations or of any wrongful conduct.

162.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 162 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 162 that Defendant was on notice of these allegations or of any wrongful conduct.

163.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 163 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 163 that Defendant was on notice of these allegations or of any wrongful conduct.

164.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 164 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 164 that Defendant was on notice of these allegations or of any wrongful conduct.

165.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 165 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 165 that Defendant was on notice of these allegations or of any wrongful conduct.

166.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 166 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 166 that Defendant was on notice of these allegations or of any wrongful conduct.

167.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 167 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 167 that Defendant was on notice of these allegations or of any wrongful conduct.

168.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 168 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 168 that Defendant was on notice of these allegations or of any wrongful conduct.

## VI.    DR. FONTES'S SEXUAL HARASSMENT OF DR. JODI-ANN OLIVER AND DR. LORI-ANN OLIVER

169.    Based on its business records, Defendant admits that Plaintiffs Jodi-Ann Oliver and Lori-Ann Oliver are professor employees of Yale University with medical privileges only as attending physicians at Defendant.  Defendant lacks knowledge or information sufficient to admit

or deny the remaining allegations in Paragraph 169 and, therefore, leaves Plaintiffs to their proof and denies the same.

170.    Based on its business records, Defendant admits that Plaintiff Jodi-Ann Oliver is a professor employee of Yale University and received medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Jodi-Ann Oliver's educational background, details on any medical internship, residency, or fellowship she completed, and, therefore, leaves Plaintiffs to their proof as to those allegations. Defendant denies the remaining allegations in Paragraph 170.

171.    Based on its business records, Defendant admits that Plaintiff Lori-Ann Oliver is a professor employee of Yale University and received medical privileges only as an attending physician at Defendant.  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Lori-Ann Oliver's educational background and details on any medical residency or fellowship she completed, and, therefore, leaves Plaintiffs to their proof as to those allegations. Defendant denies the remaining allegations in Paragraph 171.

172.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 172 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 172 that Defendant was on notice of these allegations or of any wrongful conduct.

173.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 173 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 173 that Defendant was on notice of these allegations or of any wrongful conduct.

174.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 174 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 174 that Defendant was on notice of these allegations or of any wrongful conduct.

175.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 175 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 175 that Defendant was on notice of these allegations or of any wrongful conduct.

176.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 176 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 176 that Defendant was on notice of these allegations or of any wrongful conduct.

177.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 177 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 177 that Defendant was on notice of these allegations or of any wrongful conduct.

178.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 178 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 178 that Defendant was on notice of these allegations or of any wrongful conduct.

179.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 179 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 179 that Defendant was on notice of these allegations or of any wrongful conduct.

180.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 180 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 180 that Defendant was on notice of these allegations or of any wrongful conduct.

181.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 181 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 181 that Defendant was on notice of these allegations or of any wrongful conduct.

182.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 182 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 182 that Defendant was on notice of these allegations or of any wrongful conduct.

183.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 183 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 183 that Defendant was on notice of these allegations or of any wrongful conduct.

184.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 184 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 184 that Defendant was on notice of these allegations or of any wrongful conduct.

185.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 185 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 185 that Defendant was on notice of these allegations or of any wrongful conduct.

186.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 186 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 186 that Defendant was on notice of these allegations or of any wrongful conduct.

187.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 187 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 187 that Defendant was on notice of these allegations or of any wrongful conduct.

188.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 188 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 188 that Defendant was on notice of these allegations or of any wrongful conduct.

189.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 189 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 189 that Defendant was on notice of these allegations or of any wrongful conduct.

190.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 190 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 190 that Defendant was on notice of these allegations or of any wrongful conduct.

191.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 191 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 191 that Defendant was on notice of these allegations or of any wrongful conduct.

192.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 192 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 192 that Defendant was on notice of these allegations or of any wrongful conduct.

## VII.    DR. FONTES'S SEXUAL HARASSMENT OF DR. REINHART

193.    Based on its business records, Defendant admits that Plaintiff Reinhart is an anesthesiology resident employed by Defendant.  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Reinhart's educational background and, therefore, leaves Plaintiffs to their proof as to those allegations.  Defendant denies the remaining allegations in Paragraph 193.

194.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 194 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 194 that Defendant was on notice of these allegations.

195.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 195 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 195 that Defendant was on notice of these allegations or of any wrongful conduct.

196.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 196 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 196 that Defendant was on notice of these allegations or of any wrongful conduct.

197.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 197 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 197 that Defendant was on notice of these allegations or of any wrongful conduct.

198.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 198 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 198 that Defendant was on notice of these allegations or of any wrongful conduct.

199.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 199 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 199 that Defendant was on notice of these allegations or of any wrongful conduct.

200.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 200 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 200 that Defendant was on notice of these allegations or of any wrongful conduct.

201.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 201 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 201 that Defendant was on notice of these allegations or of any wrongful conduct.

202.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 202 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 202 that Defendant was on notice of these allegations or of any wrongful conduct.

203.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 203 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 203 that Defendant was on notice of these allegations or of any wrongful conduct.

204.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 204 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 204 that Defendant was on notice of these allegations or of any wrongful conduct.

205.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 205 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 205 that Defendant was on notice of these allegations or of any wrongful conduct.

206.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 206 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 206 that Defendant was on notice of these allegations or of any wrongful conduct.

207.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 207 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 207 that Defendant was on notice of these allegations or of any wrongful conduct.

208.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 208 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 208 that Defendant was on notice of these allegations or of any wrongful conduct.

209.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 209 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 209 that Defendant was on notice of these allegations or of any wrongful conduct.

210.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 210 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 210 that Defendant was on notice of these allegations or of any wrongful conduct.

211.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 211 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 211 that Defendant was on notice of these allegations or of any wrongful conduct.

212.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 212 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 212 that Defendant was on notice of these allegations or of any wrongful conduct.

213.    Defendant admits that Dr. Friedman serves as its Chief Medical Experience Officer and also serves on a Professionalism Committee.  Defendant denies the remaining allegations in Paragraph 213 as phrased.

214.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 214 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 214 that Defendant was on notice of these allegations or of any wrongful conduct.

215.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 215 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 215 that Defendant was on notice of these allegations or of any wrongful conduct.

216.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 216 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 216 that Defendant was on notice of these allegations or of any wrongful conduct.

217.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 217 and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 217 that Defendant was on notice of these allegations or of any wrongful conduct.

218.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 218 and, therefore, leaves Plaintiffs to their proof and denies the same

and any inference in Paragraph 218 that Defendant was on notice of these allegations or of any wrongful conduct.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of Title IX)
### *Against Yale University and Yale New Haven Hospital*

219.    Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the First Count herein.

220.    Defendant neither admits nor denies the allegations in Paragraph 220 because they are legal conclusions.  To the extent these allegations are viewed otherwise, Defendant admits that Title IX of the Education Amendments Act of 1972 ("Title IX") includes the quoted text but denies that Plaintiffs are entitled to any relief under Title IX.

221.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 221 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 221 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 221.

222.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 222 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 222 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 222.

223.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 223 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 223 that Defendant was on notice of these

allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 223.

224.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 224 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 224 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 224.

225.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 225 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 225 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 225.

226.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 226 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 226 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 226.

227.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 227 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 227 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 227.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title IX)
### *Against Yale University and Yale New Haven Hospital*

228.    Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the Second Count herein.

229.    Defendant denies Plaintiff Castro's allegations in Paragraph 229 because Plaintiff Castro's retaliation claim under Title IX was dismissed. *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104]. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 229 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 229 that Defendant was on notice of these allegations against Yale University or any wrongful conduct. Defendant denies the remaining allegations in Paragraph 229.

230.    Defendant denies Plaintiff Castro's allegations in Paragraph 230 because Plaintiff Castro's retaliation claim under Title IX was dismissed. *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104]. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 230 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 230 that Defendant was on notice of these allegations against Yale University or any wrongful conduct. Defendant denies the remaining allegations in Paragraph 230.

231.    Defendant denies Plaintiff Castro's allegations in Paragraph 231 because Plaintiff Castro's retaliation claim under Title IX was dismissed. *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104]. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 231 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph

47

231 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 231.

232.    Defendant denies Plaintiff Castro's allegations in Paragraph 232 because Plaintiff Castro's retaliation claim under Title IX was dismissed.  *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104].  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 232 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 232 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 232.

233.    Defendant denies Plaintiff Castro's allegations in Paragraph 233 because Plaintiff Castro's retaliation claim under Title IX was dismissed.  *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104].  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 233 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 233 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 233.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of Title VII)**
***Against Yale University and Yale New Haven Hospital***

234.    Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the Third Count herein.

235.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 235 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 235 that Defendant was on notice of these

allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 235.

236.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 236 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 236 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 236.

237.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 237 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 237 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 237.

238.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 238 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 238 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 238.

239.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 239 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 239 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 239.

240.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 240 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 240 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 240.

241.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 241 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 241 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 241.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**
*Against Yale University and Yale New Haven Hospital*

242.    Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the Fourth Count herein.

243.    Defendant denies Plaintiff Castro's allegations in Paragraph 243 because Plaintiff Castro's retaliation claim under Title VII was dismissed.  *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104].  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 243 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 243 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 243.

244.    Defendant denies Plaintiff Castro's allegations in Paragraph 244 because Plaintiff Castro's retaliation claim under Title VII was dismissed.  *See* Order Denying, In Part, and

Granting, In Part, Defendants' Motions to Dismiss [Doc. 104].  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 244 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 244 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 244.

245.    Defendant denies Plaintiff Castro's allegations in Paragraph 245 because Plaintiff Castro's retaliation claim under Title VII was dismissed.  *See* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104].  Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 245 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 245 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 245.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the CFEPA)
### *Against Defendants Yale and Yale New Haven Hospital*

246.    Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the Fifth Count herein.

247.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 247 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 247 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 247.

248.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 248 against Yale University and, therefore, leaves Plaintiffs to their proof

and denies the same and any inference in Paragraph 248 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 248.

249.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 249 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 249 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 249.

250.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 250 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 250 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 250.

251.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 251 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 251 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 251.

252.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 252 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 252 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 252.

253.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 253 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 253 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 253.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the CFEPA)**
***Against All Defendants***

254.     Defendant hereby incorporates its answers to the allegations in the preceding paragraphs as if fully restated in the Sixth Count herein.

255.     Defendant denies Plaintiff Castro's allegations in Paragraph 255 because Plaintiff Castro's CFEPA retaliation claim was dismissed, *see* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104] at 1, 27 (noting that Plaintiffs claim "retaliation in violation of the CFEPA against all three Defendants" and holding "Defendant's motion to dismiss Dr. Castro's retaliation claim is granted"), and because, even if it was not dismissed, Plaintiffs have stipulated to the voluntary dismissal of Plaintiff Castro's CFEPA retaliation claim. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 255 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 255 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 255.

256.     Defendant denies Plaintiff Castro's allegations in Paragraph 256 because Plaintiff Castro's CFEPA retaliation claim was dismissed, *see* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104] at 1, 27 (noting that Plaintiffs claim "retaliation

in violation of the CFEPA against all three Defendants" and holding "Defendant's motion to dismiss Dr. Castro's retaliation claim is granted"), and because, even if it was not dismissed, Plaintiffs have stipulated to the voluntary dismissal of Plaintiff Castro's CFEPA retaliation claim. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 256 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 256 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 256.

257.     Defendant denies Plaintiff Castro's allegations in Paragraph 257 because Plaintiff Castro's CFEPA retaliation claim was dismissed, *see* Order Denying, In Part, and Granting, In Part, Defendants' Motions to Dismiss [Doc. 104] at 1, 27 (noting that Plaintiffs claim "retaliation in violation of the CFEPA against all three Defendants" and holding "Defendant's motion to dismiss Dr. Castro's retaliation claim is granted"), and because, even if it was not dismissed, Plaintiffs have stipulated to the voluntary dismissal of Plaintiff Castro's CFEPA retaliation claim. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff Eltorai's allegations in Paragraph 257 against Yale University and, therefore, leaves Plaintiffs to their proof and denies the same and any inference in Paragraph 257 that Defendant was on notice of these allegations against Yale University or any wrongful conduct.  Defendant denies the remaining allegations in Paragraph 257.

## SEVENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the CFEPA)
### *Against Manuel Lopes Fontes, M.D.*

Defendant does not respond to Count Seven as it is not directed at it.

## EIGHTH CAUSE OF ACTION
### (Assault)
### *Against Manuel Lopes Fontes, M.D.*

Defendant does not respond to Count Eight as it is not directed at it.

## NINTH CAUSE OF ACTION
### (Battery)
### *Against Manuel Lopes Fontes, M.D.*

Defendant does not respond to Count Nine as it is not directed at it.

## TENTH CAUSE OF ACTION
### (Invasion of Privacy)
### *Against Manuel Lopes Fontes, M.D.*

Defendant does not respond to Count Ten as it is not directed at it.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief requested in their Prayer

for Relief.

## SPECIAL AND OTHER DEFENSES[1]

### FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief may be granted as a matter of fact and/or law.

### SECOND DEFENSE

Plaintiffs' claims under CFEPA fail as they are untimely.

### THIRD DEFENSE

Defendant is not liable for actions taken with respect to the employment of Plaintiffs Boules, Eltorai, Jodi-Ann Oliver and Lori-Ann Oliver because Plaintiffs Boules, Eltorai, Jodi-Ann Oliver, and Lori-Ann Oliver are not employees of Defendant.

### FOURTH DEFENSE

Yale University and Defendant are not a joint employer of Plaintiffs.

### FIFTH DEFENSE

All actions taken by Defendant with respect to any Plaintiff were undertaken in good faith and for legitimate business reasons and did not violate any right(s) that may be secured to Plaintiffs under any federal, state or local laws, rules, regulations, guidelines or common law.

### SIXTH DEFENSE

Plaintiffs did not suffer any damages legally attributable to any action by Defendant.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

<u>SEVENTH DEFENSE</u>

Even if Plaintiffs suffered damages legally attributable to any action by Defendant, which they did not, Plaintiffs' claims for damages are barred or reduced by their failure to mitigate their alleged damages.

<u>EIGHTH DEFENSE</u>

Although Defendant denies that any actionable conduct occurred, Plaintiffs unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by Defendant or to otherwise avoid any alleged harm.

<u>NINTH DEFENSE</u>

Defendant would have taken the same action even in the absence of any protected activity.

<u>TENTH DEFENSE</u>

Plaintiffs did not engage in any protected activity.

<u>ELEVENTH DEFENSE</u>

Defendant did not take any adverse employment action against any Plaintiff.

<u>TWELFTH DEFENSE</u>

Defendant was not aware and not on actual notice of any alleged wrongdoing.

<u>THIRTEENTH DEFENSE</u>

Defendant would have taken the same action even in the absence of any protected class.

\* \* \* \*

Defendant reserves the right to amend its answer, to add additional or other defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.


DEFENDANT,
YALE NEW HAVEN HOSPITAL, INC.


By: _____*/s/ Sarah R. Skubas*_____
Sarah R. Skubas (ct28327)
Kasia M. Preneta (ct30988)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel.: (860) 522-0404
Fax: (860) 247-1330
sarah.skubas@jacksonlewis.com
kasia.preneta@jacksonlewis.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on March 8, 2021, a copy of the foregoing Defendant Yale New Haven Hospital, Inc.'s Answer to Second Amended Complaint and Special Defenses was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

<i>/s/ Kasia M. Preneta</i>
Kasia M. Preneta