**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D, ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., AND ELIZABETH REINHART, M.D. | : : : : : | CIVIL ACTION NO. 3:20-cv-00330-JBA |
| PLAINTIFFS | : : | |
| v. | : : | |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., AND MANUEL LOPES FONTES, M.D. | : : : : | |
| DEFENDANTS | : | MARCH 19, 2021 |

**YALE UNIVERSITY'S REPLY TO THE PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE THE SECOND AMENDED COMPLAINT**

The defendant, Yale University, hereby respectfully replies to the plaintiffs' Opposition to Yale University's Motion to Strike the Plaintiffs' Second Amended Complaint ("Opposition Brief"). (Doc. Entry No. 117.) Yale University's Motion to Strike is not baseless as the plaintiffs contend.

**I.     The Allegations of Prior Misconduct by Non-Parties Referenced in Paragraphs 42 Through 61 Should be Stricken.**

As the plaintiffs readily admit in their Opposition Brief, the alleged misconduct by other Yale University employees referenced in Paragraphs 42 through 61 "pre-dated Plaintiffs' employment and involves non-parties." (Opposition Brief, p. 3.) Given that the alleged misconduct occurred <u>before</u> the plaintiffs were employed by either Yale University or Yale New Haven Hospital, and did not involve Dr. Fontes, it cannot possibly be relevant to the plaintiffs'

perception of a hostile work environment during their employment. While the plaintiffs have advanced that unfounded argument in their Opposition Brief, the plaintiffs have not alleged in their Second Amended Complaint – and cannot possibly allege – that the prior misconduct claimed by other University employees in any way contributed to their perception of the hostility of their work environment, and therefore, that prior misconduct has no relevance whatsoever to the present matter.

The plaintiffs' argument that the prior, unrelated sexual misconduct cases are relevant to the Faragher/Ellerth defense is also unavailing.[1] While the plaintiffs claim that to prevail on that defense, Yale University must demonstrate it had no knowledge of the alleged misconduct, that is not accurate – "[t]he Faragher/Ellerth defense has two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Rodriguez v. City of Danbury, 2019 U.S. Dist. LEXIS 170760, at *32 (D. Conn. Sep. 30, 2019) (Chatigny, J.). Even if Yale University were to argue that it had no notice of Dr. Fontes' alleged misconduct, prior misconduct by University employees other than Dr. Fontes has no possible relevance to that defense.

Further, none of the cases cited by the plaintiffs support their position that the prior alleged misconduct is relevant and admissible. Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (Sotomayor, J.), is readily distinguishable because the misconduct reported by employees other than the plaintiff in that case involved Rick Brown, the very individual who

---

[1] Yale University has not yet filed its answer so the plaintiffs' argument is entirely speculative.

the plaintiff claimed had harassed her during her employment. Id., at *150. In addition, unlike the present action, Mr. Brown's alleged misconduct against other employees occurred <u>during</u> the plaintiff's employment, and thus the Court held that his misconduct could have contributed to the plaintiff's perception of a hostile work environment. Id., at *150-151. No similar argument can be made in the present case.

Schwapp v. Town of Avon, 118 F.3d 106 (2d Cir. 1997) (Miner, J.), is also inapposite. Even though the plaintiff did not witness all of the ten racially-hostile incidents he cited in support of his hostile work environment claim, the Court concluded that nine were relevant because they occurred <u>during</u> the plaintiff's employment and could have contributed to his perception of a hostile work environment when he became aware of them. Id., at *111-112. With respect to the only racially-hostile incident that occurred <u>before</u> the plaintiff's employment, the Court acknowledged that it had "limited probative value," though it could be considered on summary judgment. Id., at *112.

Perry v. Ethan Allen, Inc., 115 F.3d 143, 150-151 (2d Cir. 1997) (Kearse, J.), is not just distinguishable from the present case; it actually supports Yale's argument that the evidence of alleged misconduct pre-dating the plaintiffs' employment should be stricken from the Second Amended Complaint. In the first place, the Second Circuit concluded that it was harmless error to exclude evidence that other co-workers had been harassed <u>during</u> the plaintiff's employment at Ethan Allen. See id., at *150. Secondly, and more importantly, the decision held that the trial court had appropriately excluded from evidence the alleged misconduct reported by the plaintiff's co-workers which had occurred 6 months <u>before</u> the plaintiff alleged she became the victim of misconduct, and while she was out of the office on maternity leave, because those incidents "were too remote to have probative value." Id. Thus,

Perry actually supports Yale's argument that the alleged prior misconduct by other University employees is irrelevant to the claims alleged in the present case and should be stricken from the Second Amended Complaint.

Significantly, the plaintiffs have failed to cite a single case which holds that misconduct allegedly committed by non-parties prior to the plaintiffs' employment is relevant to the hostile work environment claims made by the plaintiffs. By contrast, Yale has identified caselaw holding that such misconduct has absolutely no relevance to the claims of the plaintiffs and therefore those allegations should be stricken. See, Mem. Of Law, pp. 5-7. See also, MC1 Healthcare, Inc. v. United Health Group, Inc., 2019 U.S. Dist. LEXIS 76515, at *29-30 (D. Conn. May 7, 2019) (Dooley, J.) ("[t]o prevail on a Rule 12(f) motion to strike, the movant must show (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant"). Even if the alleged prior misconduct were tangentially relevant – and it is not – that evidence would still be inadmissible because it constitutes character evidence under Federal Rule of Evidence 404(b). See, Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). That evidence would also be inadmissible pursuant to Fed. R. Evid. 403 because the prejudicial effect to Yale University would clearly outweigh any conceivable tangential probative value. Accordingly, Paragraphs 42 through 61 should be stricken.

**II.     Paragraphs 62 Through 65, Which Reference an Anonymous Survey Conducted by the Association of American Universities, Should also be Stricken.**

Contrary to the plaintiffs' argument, an anonymous survey which queried Yale University <u>students</u>, not Medical Center employees, as to their perception of sexual assault on the undergraduate campus is unquestionably irrelevant to the hostile work environment claims asserted by the plaintiffs, who are all physician employees, not undergraduate students, of either Yale University or Yale New Haven Hospital.  Without citing any authority at all, the plaintiffs make the conclusory statement in their Opposition Brief that, "in many cases, students would be expected to turn to the same people or entities at Yale as employees, such as Plaintiffs," and therefore the results of the survey are relevant.  (Opposition Brief, p. 4.)  Even if true, the Court cannot consider that information on a motion to strike as the Court is "limited to reviewing the four corners of the [complaint]."  <u>Honeywell International, Inc. v. Buckeye Partners, L.P.</u>, 2020 U.S. Dist. LEXIS 164126, at *58 (N.D.N.Y. Sep. 3, 2020) (Lovric, J.).  Moreover, while the plaintiffs suggest that the avenues for redress for students and employees are similar "in many cases," the plaintiffs do not state that they are the same in <u>this</u> instance, and therefore the plaintiffs have failed to establish that the survey is relevant to the present claims.  (Opposition Brief, p. 4.)  Accordingly, the allegations contained in Paragraphs 62 through 65 should be stricken.

**III.    CONCLUSION**

Since the subject allegations have no possible relevance to the plaintiffs' claims in the present case and therefore "serve no purpose except to inflame the reader," Yale University's Motion to Strike should be granted.  <u>See</u>, <u>e.g.</u>, <u>Impulsive Music v. Pomodoro Grill, Inc.</u>, 2008 U.S. Dist. LEXIS 94148, at *7 (W.D.N.Y. Nov. 19, 2008) (Telesca, J.).

THE DEFENDANT,
YALE UNIVERSITY

By: /s/
PATRICK M. NOONAN – CT00189
KRISTIANNA L. TYLER – CT30223
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone: (203) 458-9168
Fax:         (203) 458-4424
Email: pnoonan@ddnctlaw.com
           ktyler@ddnctlaw.com

**CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan