# EXHIBIT A
## to
## DEFENDANT MANUEL LOPES FONTES'S MOTION TO OPEN DEFAULT

* * * * *

**Affidavit of Manuel Lopes Fontes, M.D.
In Support of his Motion to Open Default**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **HEIDI BOULES, M.D., MIA CASTRO, M.D., ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., and ELIZABETH REINHART, M.D.,** : : : : : | |
| **Plaintiffs,** : : | |
| : | **CIVIL ACTION NO.** |
| **v.** : : | **3:20-CV-00330-JBA** |
| **YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., and MANUEL LOPES FONTES, M.D., in his individual and professional capacities,** : : : : : | |
| **Defendants.** : : | |

**AFFIDAVIT OF MANUEL LOPES FONTES, M.D.
IN SUPPORT OF HIS MOTION TO OPEN DEFAULT**

Personally appeared before me, the undersigned notary public, duly authorized by law to administer oaths, MANUEL LOPES FONTES, M.D., who being duly sworn, deposes and states as follows:

1.

My name is Manuel Lopes Fontes.

2.

I have personal knowledge of the facts contained in this Affidavit, and I am legally competent and can testify as to such facts.

3.

During all times relevant to this lawsuit, I was Division Chief of Cardiac Anesthesiology at Yale New Haven Hospital ("YNNH").

{00593852. }

1

4.

As a result of Plaintiffs' allegations against me, I was removed from my supervisory roles and positions.

5.

I initially retained the law firm of Mitchell & Sheahan, P.C. to represent me in this lawsuit.

6.

However, due to an irreparable breakdown in the attorney-client relationship and financial hardship of my prior counsel, in the Fall of 2020, Mitchell & Sheahan, P.C. withdrew from representing me.

7.

After my prior counsel terminated its representation of me, I immediately and diligently began searching for new legal representation.

8.

That search was hampered and complicated by factors outside of my control.

9.

For example, many law firms in the Connecticut area could not represent me because they have a conflict of interest due to Yale University and/or YNNH being named as co-defendants.

10.

Additionally, I am on disability status with a fixed income.

11.

I am experiencing financial hardships as a result of my disability status, fixed income, and the costs of representation of my prior counsel.

12.

I have a major health problem – a degenerative lumbar disc disease that caused me to become physically disabled after a fourth back surgery occurring on March 5, 2020 – just seven days before Plaintiffs filed this lawsuit against me.

13.

The March 5, 2020 surgery failed, and was complicated by an L5 vertebral facture.

14.

I have not worked since December 2019, and I am officially on long-term disability status.

15.

Although I am undergoing physical therapy and am on pain medications, all medical therapies have failed to correct or otherwise alleviate this health problem.

16.

As a result, I was abroad for two months, from October 2, 2020 to December 12, 2020, seeking nontraditional therapies.

17.

I attempted to file my Notice of Appearance *pro se* in this lawsuit by the Court's December 24, 2020 deadline.

18.

However, that filing was delayed because the courthouse and post office closed early on December 24, 2020, and were closed on December 25, 2020.

19.

On March 25, 2020, I retained local counsel, Frank J. Riccio II of the Law Offices of Frank J. Riccio LLC to serve as my local representation in this lawsuit.

20.

Also on March 25, 2020, I retained Kenneth I. Sokolov and Ray S. Smith, III to serve as my lead counsel in this lawsuit.

21.

Mr. Sokolov and Mr. Smith are partners at the law firm of Smith & Liss, LLC, located in Atlanta, Georgia.

22.

I did not know about the existence or filing of the Second Amended Complaint until late February, 2021.

23.

In early March, 2021, I received an e-mail from counsel for one of the Yale Defendants stating that, *inter alia*, the Defendants had until March 8, 2021 to respond to the Second Amended Complaint, but I did not understand that e-mail or the statements made therein regarding the necessity of responding to the Second Amended Complaint, or doing so by March 8, 2021.

24.

Until I hired my new attorneys, I was not aware that I had to respond to the Second Amended Complaint, and I did not understand the deadline for responding to the Second Amended Complaint or the legal implications of failing to respond and meet that deadline.

25.

I did not know that I was required to respond to the Second Amended Complaint until March 24 or 25, 2021, when my newly retained attorneys informed me of that requirement.

26.

Since hiring my new attorneys, I have worked diligently with them to provide all information needed to attempt to open my default and cure any legal deficiencies occurring while I represented myself, and to present a defense against the allegations asserted against me.

27.

I am prepared to proceed to the merits of this lawsuit as expeditiously as possible.

28.

I deny Plaintiffs' allegations that I sexually harassed, behaved inappropriately towards, discriminated against, or retaliated against them. Further, I had no intent to cause or have harmful or offensive contact with Plaintiffs or to intrude upon the solitude or seclusion of Plaintiffs.

29.

I am not and have never been an employer of any of Plaintiffs.

30.

I take this matter very seriously. This lawsuit and Plaintiffs' allegations against me have caused severe and irreparable damage to my reputation, career, health, and wellness.

**FURTHER AFFIANT SAYETH NOT.**

_____
MANUEL LOPES FONTES, M.D.

SUBSCRIBED AND SWORN BEFORE ME
ON THIS __1__ DAY OF __April__, 2021.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
__10.31.2023__

SHEILA DISOTELL
Notary Public, State of Connecticut
My Commission Expires Oct. 31, 2023