**EXHIBIT B**
**to**
**DEFENDANT MANUEL LOPES FONTES'S**
**MOTION TO OPEN DEFAULT**

**\* \* \* \* \***

**Defendant Manuel Lopes Fontes's Answer and Affirmative**
**Defenses to Plaintiffs' Second Amended Complaint**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEIDI BOULES, M.D., MIA CASTRO, M.D., ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., and ELIZABETH REINHART, M.D., | : : : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | **CIVIL ACTION NO.** |
| | : | **3:20-CV-00330-JBA** |
| YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., and MANUEL LOPES FONTES, M.D., in his individual and professional capacities, | : : : : | |
| **Defendants.** | : : | |

## DEFENDANT MANUEL LOPES FONTES'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Defendant Manual Lopes Fontes, M.D., in his individual and professional capacities ("Fontes"), by and through his undersigned counsel of record, and files this his Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (the "Complaint") filed by Plaintiffs Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart (collectively "Plaintiffs"), stating as follows:

### First Defense

The Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### Second Defense

Plaintiffs' claims under the Connecticut Fair Employment Act, Conn. Gen. Stat. 46a-60 ("CFEPA") are untimely and, therefore, fail as a matter of law.

**Third Defense**

Fontes is not liable for actions taken with respect to the employment of Plaintiffs, as Plaintiffs are not employees of Fontes.

**Fourth Defense**

Fontes is not an employer of Plaintiffs.

**Fifth Defense**

All actions taken by Fontes with respect to Plaintiffs were undertaken in good faith and for legitimate business reasons and did not violate any of Plaintiffs' rights under any federal, state, or local laws.

**Sixth Defense**

Plaintiffs did not suffer any damages attributable to any action or inaction on the part of Fontes.

**Seventh Defense**

Plaintiffs' claims fail due to Plaintiffs' failure to mitigate their alleged damages.

**Eighth Defense**

Plaintiffs did not engage in any protected activity.

**Ninth Defense**

Fontes did not take any adverse employment action against any of Plaintiffs.

**Tenth Defense**

Fontes would have taken the same actions or inactions even in the absence of any protected activity.

**Eleventh Defense**

Plaintiffs claims are barred due to the failure to exhaust their administration remedies.

**Twelfth Defense**

Without waiving any of the previous defenses and expressly relying on each of the defenses, Fontes responds to each numbered paragraph of the Complaint as follows:

**PRELIMINARY STATEMENT**

1.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2.

Fontes is without knowledge or information suffic   ient to form a belief as to the truth of the allegations contained in Paragraph No. 2 of the Complaint, and therefore denies the same and demands strict proof thereof.

3.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 of the Complaint, and therefore denies the same and demands strict proof thereof.

4.

In response to the allegations contained in Paragraph No. 4 of the Complaint, Fontes denies that he sexually harassed Plaintiffs.  Fontes admits that during the relevant time, he was a professor of Yale University with medical privileges as an attending physician at Defendant Yale New Haven Hospital, Inc. ("YNHH").  Fontes is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

5.

Fontes denies the allegations contained in Paragraph No. 5 of the Complaint and demands strict proof thereof.

6.

In response to the allegations contained in Paragraph No. 6 of the Complaint, Fontes denies that he sexually harassed Plaintiffs or otherwise engaged in unlawful behavior.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

7.

Fontes denies the allegations contained in Paragraph No. 7 of the Complaint.

8.

In response to the allegations contained in Paragraph No. 8 of the Complaint, Fontes denies that he engaged in unlawful harassing behavior against Plaintiffs, and denies that he sexually assaulted a female anesthesiology resident.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

9.

In response to the allegations contained in Paragraph No. 9 of the Complaint, Fontes denies that he victimized Plaintiffs or other women.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

10.

Fontes denies the allegations contained in Paragraph No. 10 of the Complaint and demands strict proof thereof.

11.

Fontes denies that he violated the Connecticut Fair Employment Act, Conn. Gen. Stat. 46a-60 ("CFEPA"), denies that he violated Connecticut's common law, and denies that he committed assault, battery, or invasion of privacy. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the same.

## ADMINISTRATIVE REQUIREMENTS

12.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of the Complaint, and therefore denies the same and demands strict proof thereof.

13.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint, and therefore denies the same and demands strict proof thereof.

14.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Complaint, and therefore denies the same and demands strict proof thereof.

15.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Complaint, and therefore denies the same and demands strict proof thereof.

16.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint, and therefore denies the same and demands strict proof thereof.

17.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 of the Complaint, and therefore denies the same and demands strict proof thereof.

18.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Complaint, and therefore denies the same and demands strict proof thereof.

19.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 19 of the Complaint, and therefore denies the same and demands strict proof thereof.

20.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 20 of the Complaint, and therefore denies the same and demands strict proof thereof.

21.

Fontes admits that Plaintiffs moved to amend their amended complaint, and that said motion was granted on December 31, 2020.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

22.

In response to the allegations contained in Paragraph No. 22 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes is without knowledge or information to form a belief as to the truth of said allegations, and therefore denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

23.

In response to the allegations contained in Paragraph No. 23 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes is without knowledge or information to form a belief as to the truth of said allegations, and therefore denies the same and demands strict proof thereof.

24.

In response to the allegations contained in Paragraph No. 24 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a

response is required, Fontes is without knowledge or information to form a belief as to the truth of said allegations, and therefore denies the same and demands strict proof thereof.

25.

In response to the allegations contained in Paragraph No. 25 of the Complaint, Fontes admits that Plaintiff Heidi Boules is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

26.

In response to the allegations contained in Paragraph No. 26 of the Complaint, Fontes admits that Plaintiff Mia Castro is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

27.

In response to the allegations contained in Paragraph No. 27 of the Complaint, Fontes admits that Plaintiff Ashley Eltorai is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

28.

In response to the allegations contained in Paragraph No. 28 of the Complaint, Fontes admits that Plaintiff Jodi-Ann Oliver is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

29.

In response to the allegations contained in Paragraph No. 29 of the Complaint, Fontes admits that Plaintiff Lori-Ann Oliver is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

30.

In response to the allegations contained in Paragraph No. 30 of the Complaint, Fontes admits that Plaintiff Elizabeth Reinhart is a physician and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph, and therefore denies the same and demands strict proof thereof.

31.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Complaint, and therefore denies the same and demands strict proof thereof.

32.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 32 of the Complaint, and therefore denies the same and demands strict proof thereof.

33.

In response to the allegations contained in Paragraph 33 of the Complaint, Fontes admits only that YNHH is a teaching hospital located at 20 York Street, New Haven, CT 06510.  Fontes is without knowledge or information sufficient to form a belief as to the truth the remaining

allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

34.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 34 of the Complaint, and therefore denies the same and demands strict proof thereof.

35.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 35 of the Complaint, and therefore denies the same and demands strict proof thereof.

36.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 36 of the Complaint, and therefore denies the same and demands strict proof thereof.

37.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the Complaint, and therefore denies the same and demands strict proof thereof.

38.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 38 of the Complaint, and therefore denies the same and demands strict proof thereof.

39.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 39 of the Complaint, and therefore denies the same and demands strict proof thereof.

40.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 40 of the Complaint, and therefore denies the same and demands strict proof thereof.

41.

In response to the allegations contained in Paragraph No. 41 of the Complaint, Fontes states that where he is an "employer" under relevant statutes is a legal conclusion, and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegation.  Fontes admits the remaining allegations in said paragraph, as to the relevant time period.  NEED CLIENT CONFIRMATION.

**FACTUAL ALLEGATIONS**

**I.     YALE UNIVERSITY'S TROUBLING HISTORY OF PROTECTING MALE DOCTORS ACCUSED OF SEXUAL HARASSMENT**

42.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42 of the Complaint, and therefore denies the same and demands strict proof thereof.

43.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43 of the Complaint, and therefore denies the same and demands strict proof thereof.

44.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44 of the Complaint, and therefore denies the same and demands strict proof thereof.

45.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint, and therefore denies the same and demands strict proof thereof.

46.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46 of the Complaint, and therefore denies the same and demands strict proof thereof.

47.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 47 of the Complaint, and therefore denies the same and demands strict proof thereof.

48.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48 of the Complaint, and therefore denies the same and demands strict proof thereof.

49.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 of the Complaint, and therefore denies the same and demands strict proof thereof.

50.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 50 of the Complaint, and therefore denies the same and demands strict proof thereof.

51.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 51 of the Complaint, and therefore denies the same and demands strict proof thereof.

52.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 52 of the Complaint, and therefore denies the same and demands strict proof thereof.

53.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Complaint, and therefore denies the same and demands strict proof thereof.

54.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 54 of the Complaint, and therefore denies the same and demands strict proof thereof.

55.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55 of the Complaint, and therefore denies the same and demands strict proof thereof.

56.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 56 of the Complaint, and therefore denies the same and demands strict proof thereof.

57.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 57 of the Complaint, and therefore denies the same and demands strict proof thereof.

58.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 58 of the Complaint, and therefore denies the same and demands strict proof thereof.

59.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 59 of the Complaint, and therefore denies the same and demands strict proof thereof.

60.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 of the Complaint, and therefore denies the same and demands strict proof thereof.

61.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45 of the Complaint, and therefore denies the same and demands strict proof thereof.  Fontes further states that the document referenced in said paragraph speaks for itself, and Fontes does not admit to the authenticity or admissibility of said document.

62.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 62 of the Complaint, and therefore denies the same and demands strict proof thereof.  Fontes further states that the results of the "survey" referenced in said paragraph speak for themselves, and Fontes does not admit to the authenticity or admissibility of said "survey."

63.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 63 of the Complaint, and therefore denies the same and demands strict proof thereof.  Fontes further states that the results of the "survey" referenced in said paragraph speak for themselves, and Fontes does not admit to the authenticity or admissibility of said "survey."

64.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 64 of the Complaint, and therefore denies the same and demands strict proof thereof.  Fontes further states that the results of the "survey" referenced in said paragraph speak for themselves, and Fontes does not admit to the authenticity or admissibility of said "survey."

65.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 65 of the Complaint, and therefore denies the same and demands strict proof thereof.

**II.   DR. FONTES'S WELL-DOCUMENTED HISTORY OF SEXUAL HARASSMENT AND INAPPROPRIATE SEXUAL CONDUCT TOWARDS FEMALE SUBORDINATES, WHICH PUT YALE UNVERSITY AND YNHH ON NOTICE OF HIS PROPENSITY TO PERPETUATE SEXUALLY HARASSING BEHAVIOR**

66.

In response to the allegations contained in Paragraph No. 66 of the Complaint, Fontes admits that he is a doctor and anesthesiologist.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph.

67.

Fontes denies the allegations contained in Paragraph No. 67 of the Complaint, and demands strict proof thereof.

68.

Fontes denies the allegations contained in Paragraph No. 68 of the Complaint, and demands strict proof thereof.

69.

Fontes denies the allegations contained in Paragraph No. 69 of the Complaint, and demands strict proof thereof.

70.

In response to the allegations contained in Paragraph No. 70 of the Complaint, Fontes admits that during the relevant time period, he was a professor employee of Yale University and an attending physician at YNHH.  Fontes denies the remaining allegations in said paragraph.

71.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 71 of the Complaint, and therefore denies the same and demands strict proof thereof.

72.

In response to the allegations contained in Paragraph No. 72 of the Complaint, Fontes denies he sexually harassed or behaved inappropriately towards female subordinates.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

73.

Fontes denies the allegations contained in Paragraph No. 73 of the Complaint, and demands strict proof thereof.

74.

Fontes denies the allegations contained in Paragraph No. 74 of the Complaint, and demands strict proof thereof.

75.

Fontes denies the allegations contained in Paragraph No. 75 of the Complaint, and demands strict proof thereof.

76.

Fontes denies the allegations contained in Paragraph No. 76 of the Complaint, and demands strict proof thereof.

77.

Fontes denies the allegations contained in Paragraph No. 77 of the Complaint, and demands strict proof thereof.

78.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 78 of the Complaint, and therefore denies the same and demands strict proof thereof.

79.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 79 of the Complaint, and therefore denies the same and demands strict proof thereof.

80.

Fontes denies the allegations contained in Paragraph No. 80 of the Complaint, and demands strict proof thereof.

81.

Fontes denies the allegations contained in Paragraph No. 81 of the Complaint, and demands strict proof thereof.

82.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 82 of the Complaint, and therefore denies the same and demands strict proof thereof.

83.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 83 of the Complaint, and therefore denies the same and demands strict proof thereof.

84.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 84 of the Complaint, and therefore denies the same and demands strict proof thereof.

85.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 85 of the Complaint, and therefore denies the same and demands strict proof thereof.

86.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 86 of the Complaint, and therefore denies the same and demands strict proof thereof.

87.

Fontes denies the allegations contained in Paragraph No. 87 of the Complaint, and demands strict proof thereof.

88.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 88 of the Complaint, and therefore denies the same and demands strict proof thereof.

89.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 89 of the Complaint, and therefore denies the same and demands strict proof thereof.

90.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 90 of the Complaint, and therefore denies the same and demands strict proof thereof.

91.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 91 of the Complaint, and therefore denies the same and demands strict proof thereof.

92.

In response to the allegations contained in Paragraph No. 92 of the Complaint, Fontes denies that he victimized or sexually harassed "Dr. Y."   Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

93.

In response to the allegations contained in Paragraph No. 93 of the Complaint, Fontes denies that he sexually assaulted or harassed his female subordinates.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

94.

In response to the allegations contained in Paragraph No. 94 of the Complaint, Fontes denies that he harassed or behaved inappropriately towards female subordinates and staff members.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

95.

In response to the allegations contained in Paragraph No. 95 of the Complaint, Fontes denies that he sexually harassed, assaulted, mistreated, or otherwise behaved inappropriately towards female subordinates and staff members.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

96.

In response to the allegations contained in Paragraph No. 96 of the Complaint, Fontes denies that he sexually harassed, assaulted, mistreated, or otherwise behaved inappropriately towards female subordinates and staff members.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

97.

In response to the allegations contained in Paragraph No. 97 of the Complaint, Fontes denies that he sexually harassed, assaulted, mistreated, or otherwise behaved inappropriately towards female subordinates and staff members.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

III.     **SEXUAL HARASSMENT OF DR. BOULES**

98.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 98 of the Complaint.

99.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 99 of the Complaint.

100.

In response to the allegations contained in Paragraph No. 100 of the Complaint, Fontes admits that during the relevant time period, he worked with Plaintiff Boules.  Fontes is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

101.

Fontes denies the allegations contained in Paragraph No. 101 of the Complaint, and demands strict proof thereof.

102.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 102 of the Complaint, and therefore denies the same and demands strict proof thereof.

103.

In response to the allegations contained in Paragraph No. 103 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

104.

In response to the allegations contained in Paragraph No. 104 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

105.

In response to the allegations contained in Paragraph No. 105 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

106.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 106 of the Complaint, and therefore denies the same and demands strict proof thereof.

107.

In response to the allegations contained in Paragraph No. 107 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

108.

In response to the allegations contained in Paragraph No. 108 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

109.

Fontes denies the allegations contained in Paragraph No. 109 of the Complaint, and demands strict proof thereof.

110.

In response to the allegations contained in Paragraph No. 110 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

111.

In response to the allegations contained in Paragraph No. 111 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

112.

In response to the allegations contained in Paragraph No. 112 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

113.

In response to the allegations contained in Paragraph No. 113 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Boules. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

## IV.    SEXUAL HARASSMENT OF AND RETALIATION AGAINST DR. CASTRO

114.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 114 of the Complaint.

115.

Fontes denies the allegations contained in Paragraph No. 115 of the Complaint, and demands strict proof thereof.

116.

In response to the allegations contained in Paragraph No. 116 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro and "Dr. Y." Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

117.

In response to the allegations contained in Paragraph No. 117 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

118.

In response to the allegations contained in Paragraph No. 118 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

119.

Fontes denies the allegations contained in Paragraph No. 119 of the Complaint.

120.

Fontes denies the allegations contained in Paragraph No. 120 of the Complaint.

121.

In response to the allegations contained in Paragraph No. 121 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

122.

In response to the allegations contained in Paragraph No. 122 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

123.

Fontes denies the allegations contained in Paragraph No. 123 of the Complaint, and demands strict proof thereof.

124.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 124 of the Complaint, and therefore denies the same and demands strict proof thereof.

125.

Fontes denies the allegations contained in Paragraph No. 125 of the Complaint, and demands strict proof thereof.

126.

Fontes denies the allegations contained in Paragraph No. 126 of the Complaint, and demands strict proof thereof.

127.

In response to the allegations contained in Paragraph No. 127 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Castro. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

128.

In response to the allegations contained in Paragraph No. 128 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Castro.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

129.

In response to the allegations contained in Paragraph No. 129 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Castro.  Fontes further denies interfering with Plaintiff Castro's employment, training, or education.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

## V.     PREGNANCY   DISCRIMINATION,   SEXUAL   HARASSMENT   AND RETALIATION AGAINST DR. ELTORAI

### a.     Pregnancy Discrimination

130.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 130 of the Complaint.

131.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 131 of the Complaint, and therefore denies the same.

132.

Fontes denies the allegations contained in Paragraph No. 132 of the Complaint, and demands strict proof thereof.

133.

In response to the allegations contained in Paragraph No. 133 of the Complaint, Fontes denies discriminating against Dr. Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

134.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 134.

135.

In response to the allegations contained in Paragraph No. 135 of the Complaint, Fontes denies discriminating against Dr. Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

136.

In response to the allegations contained in Paragraph No. 136 of the Complaint, Fontes denies discriminating against Dr. Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

137.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 137 of the Complaint, and therefore denies the same and demands strict proof thereof.

138.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 138 of the Complaint, and therefore denies the same and demands strict proof thereof.

139.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 139 of the Complaint, and therefore denies the same and demands strict proof thereof.

140.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 140 of the Complaint, and therefore denies the same and demands strict proof thereof.

141.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 141 of the Complaint, and therefore denies the same and demands strict proof thereof.

142.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 142 of the Complaint, and therefore denies the same and demands strict proof thereof.

143.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 143 of the Complaint, and therefore denies the same and demands strict proof thereof.

144.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 144 of the Complaint, and therefore denies the same and demands strict proof thereof.

145.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 145 of the Complaint, and therefore denies the same and demands strict proof thereof.

146.

Fontes denies the allegations contained in Paragraph No. 146 of the Complaint, and demands strict proof thereof.

147.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 147 of the Complaint, and therefore denies the same and demands strict proof thereof.

148.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 148 of the Complaint, and therefore denies the same and demands strict proof thereof.

149.

In response to the allegations contained in Paragraph No. 149 of the Complaint, Fontes denies discriminating against Dr. Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

150.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 150 of the Complaint, and therefore denies the same and demands strict proof thereof.

151.

In response to the allegations contained in Paragraph No. 51 of the Complaint, Fontes denies discriminating against Dr. Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

**b.     Sexual Harassment and Retaliation**

152.

Fontes denies the allegations contained in Paragraph No. 152 of the Complaint, and demands strict proof thereof.

153.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 153 of the Complaint, and therefore denies the same and demands strict proof thereof.

154.

Fontes denies the allegations contained in Paragraph No. 154 of the Complaint, and demands strict proof thereof.

155.

In response to the allegations contained in Paragraph No. 155 of the Complaint, Fontes denies making the referenced statement.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

156.

In response to the allegations contained in Paragraph No. 156 of the Complaint, Fontes denies taking the actions described therein.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

157.

Fontes denies the allegations contained in Paragraph No. 157 of the Complaint, and demands strict proof thereof.

158.

In response to the allegations contained in Paragraph No. 158 of the Complaint, Fontes denies taking the actions described therein.  Fontes is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

159.

Fontes denies the allegations contained in Paragraph No. 159 of the Complaint, and demands strict proof thereof.

160.

In response to the allegations contained in Paragraph No. 160 of the Complaint, Fontes denies taking the actions described therein.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

161.

Fontes denies the allegations contained in Paragraph No. 161 of the Complaint, and demands strict proof thereof.

162.

Fontes denies the allegations contained in Paragraph No. 162 of the Complaint, and demands strict proof thereof.

163.

In response to the allegations contained in Paragraph No. 163 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

164.

In response to the allegations contained in Paragraph No. 164 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

165.

In response to the allegations contained in Paragraph No. 165 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Eltorai.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

166.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 166 of the Complaint, and therefore denies the same and demands strict proof thereof.

167.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 167 of the Complaint, and therefore denies the same and demands strict proof thereof.

168.

In response to the allegations contained in Paragraph No. 168 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against

Plaintiff Eltorai. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

## VI.   DR. FONTES'S SEXUAL HARASSMENT OF DR. JODI-ANN OLIVER AND DR. LORI-ANN OLIVER.

### 169.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 169 of the Complaint.

### 170.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 170 of the Complaint.

### 171.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 171 of the Complaint.

### 172.

Fontes denies the allegations contained in Paragraph No. 172 of the Complaint, and demands strict proof thereof.

### 173.

Fontes denies the allegations contained in Paragraph No. 173 of the Complaint, and demands strict proof thereof.

### 174.

In response to the allegations contained in Pargaraph No. 173 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

175.

In response to the allegations contained in Paragraph No. 175 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

176.

In response to the allegations contained in Paragraph No. 176 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

177.

In response to the allegations contained in Paragraph No. 177 of the Complaint, Fontes admits that he was made Division Chief/Director of Pediatric Anesthesiology. Fontes denies taking the actions described therein. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

178.

In response to the allegations contained in Paragraph No. 178 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against

Plaintiff Jodi-Ann Oliver.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

179.

In response to the allegations contained in Paragraph No. 179 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Jodi-Ann Oliver.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

180.

In response to the allegations contained in Paragraph No. 180 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

181.

In response to the allegations contained in Paragraph No. 181 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

182.

In response to the allegations contained in Paragraph No. 182 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

183.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 183 of the Complaint, and therefore denies the same and demands strict proof thereof.

184.

In response to the allegations contained in Paragraph No. 184 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

185.

Fontes denies the allegations contained in Paragraph No. 185 of the Complaint, and demands strict proof thereof.

186.

In response to the allegations contained in Paragraph No. 186 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Jodi-Ann Oliver or Plaintiff Lori-Ann Oliver.  Fontes is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

187.

Fontes denies the allegations contained in Paragraph No. 187 of the Complaint, and demands strict proof thereof.

188.

In response to the allegations contained in Paragraph No. 188 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Lori-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

189.

In response to the allegations contained in Paragraph No. 189 of the Complaint, Fontes denies sexually harassing, assaulting, acting inappropriately towards, or retaliating against Plaintiff Lori-Ann Oliver or Plaintiff Jodi-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

190.

In response to the allegations contained in Paragraph No. 190 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Lori-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

191.

In response to the allegations contained in Paragraph No. 191 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Lori-Ann Oliver. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

192.

Fontes denies the allegations contained in Paragraph No. 192 of the Complaint, and demands strict proof thereof.

## VII.   DR. FONTES'S SEXUAL HARASSMENT OF DR. REINHART

193.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 193 of the Complaint.

194.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 194 of the Complaint, and therefore denies the same and demands strict proof thereof.

195.

Fontes denies the allegations contained in Paragraph No. 195 of the Complaint, and demands strict proof thereof.

196.

In response to the allegations contained in Paragraph No. 196 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

197.

Fontes denies the allegations contained in Paragraph No. 197 of the Complaint, and demands strict proof thereof.

198.

In response to the allegations contained in Paragraph No. 198 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart. Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

199.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 199 of the Complaint, and therefore denies the same and demands strict proof thereof.

200.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 200 of the Complaint, and therefore denies the same and demands strict proof thereof.

201.

Fontes denies the allegations contained in Paragraph No. 201 of the Complaint, and demands strict proof thereof.

202.

Fontes denies the allegations contained in Paragraph No. 202 of the Complaint, and demands strict proof thereof.

203.

Fontes denies the allegations contained in Paragraph No. 203 of the Complaint, and demands strict proof thereof.

204.

In response to the allegations contained in Paragraph No. 204 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

205.

In response to the allegations contained in Paragraph No. 205 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

206.

Fontes denies the allegations contained in Paragraph No. 206 of the Complaint, and demands strict proof thereof.

207.

In response to the allegations contained in Paragraph No. 207 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

208.

Fontes is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 208 of the Complaint, and therefore denies the same and demands strict proof thereof.

209.

In response to the allegations contained in Paragraph No. 209 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

210.

In response to the allegations contained in Paragraph No. 210 of the Complaint, Fontes admits that he was appointed as the Vice Chair of Diversity, Equity, and Inclusion.  Fontes further states that the description of said position speaks for itself.

211.

In response to the allegations contained in Paragraph No. 211 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

212.

In response to the allegations contained in Paragraph No. 212 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

213.

In response to the allegations contained in Paragraph No. 213 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

214.

Fontes denies the allegations contained in Paragraph No. 214 of the Complaint, and demands strict proof thereof.

215.

Fontes denies the allegations contained in Paragraph No. 215 of the Complaint, and demands strict proof thereof.

216.

Fontes denies the allegations contained in Paragraph No. 216 of the Complaint, and demands strict proof thereof.

217.

In response to the allegations contained in Paragraph No. 217 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiffs.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

218.

In response to the allegations contained in Paragraph No. 218 of the Complaint, Fontes denies sexually harassing, assaulting, or acting inappropriately towards Plaintiff Reinhart.  Fontes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and therefore denies the same and demands strict proof thereof.

**<u>FIRST CAUSE OF ACTION</u>**
**(Discrimination in Violation of Title IX)**
***Against Yale University and Yale New Haven Hospital***

219.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 219 of the Complaint as if fully set forth herein.

220.

In response to the allegations set forth in Paragraph No. 220 of the Complaint, Fontes states that the text of Title IX of the Education Amendments Act of 1972 ("Title IX") speaks for itself. Fontes denies that he has violated Title IX.

221.

In response to the allegations contained in Paragraph No. 221 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

222.

In response to the allegations contained in Paragraph No. 222 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

223.

In response to the allegations contained in Paragraph No. 223 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

224.

In response to the allegations contained in Paragraph No. 224 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs. The remaining allegations

contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

225.

In response to the allegations contained in Paragraph No. 225 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

226.

In response to the allegations contained in Paragraph No. 226 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

227.

In response to the allegations contained in Paragraph No. 227 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs, and denies that he violated Title IX.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

## **SECOND CAUSE OF ACTION**
### **(Retaliation in Violation of Title IX)**
### ***Against Yale University and Yale New Haven Hospital***

228.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 227 of the Complaint as if fully set forth herein.

229.

In response to the allegations contained in Paragraph No. 229 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

230.

In response to the allegations contained in Paragraph No. 230 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

231.

In response to the allegations contained in Paragraph No. 231 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required. To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

232.

In response to the allegations contained in Paragraph No. 232 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs. The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is

required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

233.

In response to the allegations contained in Paragraph No. 230 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs, and denies that he violated Title IX.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

**THIRD CAUSE OF ACTION**
**(Discrimination in Violation of Title VII)**
*Against Yale University and Yale New Haven Hospital*

234.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 233 of the Complaint as if fully set forth herein.

235.

In response to the allegations contained in Paragraph No. 235 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

236.

In response to the allegations contained in Paragraph No. 236 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

237.

In response to the allegations contained in Paragraph No. 237 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

238.

In response to the allegations contained in Paragraph No. 238 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

239.

In response to the allegations contained in Paragraph No. 239 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

240.

In response to the allegations contained in Paragraph No. 240 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

241.

In response to the allegations contained in Paragraph No. 241 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations

contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
### *Against Yale University and Yale New Haven Hospital*

242.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 241 of the Complaint as if fully set forth herein.

243.

In response to the allegations contained in Paragraph No. 243 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

244.

In response to the allegations contained in Paragraph No. 243 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

245.

In response to the allegations contained in Paragraph No. 243 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is

required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

### FIFTH CAUSE OF ACTION
**(Discrimination in Violation of the CFEPA)**
*Against Defendants Yale and Yale New Haven Hospital*

246.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 245 of the Complaint as if fully set forth herein.

247.

In response to the allegations contained in Paragraph No. 247 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

248.

In response to the allegations contained in Paragraph No. 248 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

249.

In response to the allegations contained in Paragraph No. 249 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

250.

In response to the allegations contained in Paragraph No. 250 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

251.

In response to the allegations contained in Paragraph No. 251 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

252.

In response to the allegations contained in Paragraph No. 252 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

253.

In response to the allegations contained in Paragraph No. 253 of the Complaint, Fontes denies that he sexually harassed or discriminated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies said allegations, and demands strict proof thereof.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of the CFEPA)**
***Against All Defendants***

254.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 253 of the Complaint as if fully set forth herein.

255.

In response to the allegations contained in Paragraph No. 255 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

256.

In response to the allegations contained in Paragraph No. 256 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

257.

In response to the allegations contained in Paragraph No. 257 of the Complaint, Fontes denies that he sexually harassed, discriminated, or retaliated against Plaintiffs.  The remaining allegations contained in said paragraph are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

**SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting in Violation of the CFEPA)**
*Against Manuel Lopes Fontes, M.D.*

258.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 258 of the Complaint as if fully set forth herein.

259.

In response to the allegations contained in Paragraph No. 259 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

260.

In response to the allegations contained in Paragraph No. 260 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

261.

In response to the allegations contained in Paragraph No. 261 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

262.

In response to the allegations contained in Paragraph No. 262 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

## EIGHTH CAUSE OF ACTION
### (Assault)
### *Against Manuel Lopes Fontes, M.D.*

263.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 262 of the Complaint as if fully set forth herein.

264.

Fontes denies the allegations contained in Paragraph No. 264 of the Complaint, and demands strict proof thereof.

265.

In response to the allegations contained in Paragraph No. 265 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

## NINTH CAUSE OF ACTION
### (Battery)
### *Against Manuel Lopes Fontes, M.D.*

266.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 265 of the Complaint as if fully set forth herein.

267.

Fontes denies the allegations contained in Paragraph No. 267 of the Complaint, and demands strict proof thereof.

268.

In response to the allegations contained in Paragraph No. 268 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

## <u>TENTH CAUSE OF ACTION</u>
### (Invasion of Privacy)
### *Against Manuel Lopes Fontes, M.D.*

269.

Fontes reasserts and reincorporates by reference its responses to Paragraphs 1 through 268 of the Complaint as if fully set forth herein.

270.

Fontes denies the allegations contained in Paragraph No. 270 of the Complaint, and demands strict proof thereof.

271.

Fontes denies the allegations contained in Paragraph No. 271 of the Complaint, and demands strict proof thereof.

272.

In response to the allegations contained in Paragraph No. 272 of the Complaint, Fontes states that said allegations are legal conclusions and, therefore, no response is required.  To the extent a response is required, Fontes denies the same, and demands strict proof thereof.

273.

Fontes denies the allegations set forth in the "Prayer for Relief" in the Complaint, and denies that Plaintiffs are entitled to any relief whatsoever from him.

274.

Fontes denies each and every allegation in the Complaint not specifically admitted or otherwise pled herein.

275.

Fontes reserves the right to amend its answer, to add additional or other defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for discovery.

WHEREFORE, having fully responded to each and every allegation contained in the Complaint, Defendant Manuel Lopes Fontes, M.D. respectfully prays as follows:

(a)     That all of Plaintiffs' prayers for relief be denied;

(b)     That the action against Defendant Fontes be dismissed for failure to state a claim;

(c)     That all costs incurred by Defendant Fontes to defend this action be cast upon Plaintiffs; and

(d)     For such other and further relief that is deemed just and proper by this Court.

Respectfully submitted this 1st day of April, 2021.

**SMITH & LISS, LLC**

*/s/ Ray S. Smith, III*
Ray S. Smith, III*
Ga. Bar No. 662555
rsmith@smithliss.com
Kenneth I. Sokolov*
Ga. Bar No. 666460
ksokolov@smithliss.com

Five Concourse Parkway
Suite 2600
Atlanta, Georgia 30328
Telephone:     404-760-6000
Facsimile:     404-760-0225

**LAW OFFICES OF**
**FRANK J. RICCIO LLC**

*/s/ Frank J. Riccio II*
Frank J. Riccio II
Fed Bar #CT 20980
frankriccio@ricciolaw.com

923 East Main Street
Bridgeport, CT 06608
Telephone:     (203) 333-6135
Facsimile:     (203) 333-6190

*Local Counsel for Defendant*
*Manuel Lopes Fontes, M.D.*

*Lead Counsel for Defendant*
*Manuel Lopes Fontes, M.D.*

\* Motions for Admission *Pro Hac Vice*
filed contemporaneously herewith

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 1, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be served by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

_/s/ Frank J. Riccio II_
Frank J. Riccio II
Fed Bar #CT 20980
