UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIA CASTRO, M.D., HEIDI BOULES, M.D., ASHLEY ELTORAI, M.D., JODI-ANN OLIVER, M.D., LORI-ANN OLIVER, M.D., and ELIZABETH REINHART, M.D.,<br>*Plaintiffs*,<br>v.<br>YALE UNIVERSITY, YALE NEW HAVEN HOSPITAL, INC., and MANUEL LOPES FONTES, M.D, in his individual and professional capacities,<br>*Defendants*, | Civil No. 3:20cv330 (JBA)<br><br>May 21, 2021 |

## ORDER GRANTING DEFENDANT YALE UNIVERSITY'S MOTION TO STRIKE

Plaintiffs Heidi Boules, M.D., Mia Castro, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D., bring suit against Yale University ("Yale"), Yale New Haven Hospital, Inc. ("YNNH"), and Manuel Lopes Fontes, M.D. claiming sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Title IX of the Education Amendment Act of 1972, 20 U.S.C. § 1681, and sex discrimination in violation of the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen Stat. § 46a-60, against Yale and YNNH, retaliation in violation of the CFEPA against all three Defendants, aiding and abetting in violation of the CFEPA against Dr. Fontes, and state tort claims of assault, battery, and invasion of privacy against Dr. Fontes under the Court's supplemental jurisdiction. (Second Am. Compl. (SAC) [Doc. # 102] at 53-63.) Defendant Yale moves to strike paragraphs 42 through 65 of Plaintiffs' Second Amended Complaint and Plaintiffs oppose. (Def. Yale's Mot. to Strike [Doc. # 113]; Pls.' Opp. to Def. Yale's Mot.

to Strike [Doc. # 117].) For the reasons that follow, Defendant's Motion to Strike is GRANTED.

## I. Background

Plaintiffs Mia Castro, M.D., Heidi Boules, M.D., Ashley Eltorai, M.D., Jodi-Ann Oliver, M.D., Lori-Ann Oliver, M.D., and Elizabeth Reinhart, M.D., all female doctors in the Yale Department of Anesthesiology and involved with the residency program of YNNH, allege that Dr. Fontes, their supervisor at YNNH and Yale, sexually harassed them by making inappropriate and sexualized comments, forcibly touching and kissing them, and professionally punishing them for speaking out.

Against Yale, Plaintiffs allege six causes of action. Plaintiffs assert that Yale violated Titles VII and IX when it "tolerated, condoned, ratified and/or engaged in the sexually abusive educational environment, or, in the alternative, knew, or should have known, of its existence, yet failed to conduct proper investigations and failed to take remedial action" and "allowed and fostered an environment in which discriminatory and harassing practices that were, and continue to be, sufficiently severe or pervasive to create an environment that is both subjectively and objectively hostile, abusive and retaliatory." (SAC ¶¶ 223-24, 237-38.) Also in violation of Titles VII and IX, Plaintiffs Castro and Eltorai claim that Yale retaliated against them for reporting the harassing behavior, although both of Castro's retaliation claims were dismissed on February 9, 2021. (*Id.* ¶¶ 230, 243; Order Granting in Part and Denying in Part Defs. Fontes, YNHH and Yale's Mots. to Dismiss [Doc. # 104].) Plaintiffs further allege that Yale discriminated and retaliated against Plaintiffs in violation of the Connecticut Fair Employment Practices Act (CFEPA). (SAC ¶¶ 249, 256.)

In its motion, Yale seeks to strike paragraphs 42 through 65 for alleging "irrelevant, immaterial and impertinent" material. *See* Fed. R. Civ. P. 12(f). Yale argues that the allegations, which describe four sexual misconduct cases against faculty

members of non-Anesthesiology Departments of the medical school (and one from the Spanish-Portuguese Department), as well as findings from an Association of American Universities survey regarding the frequency of sexual harassment of Yale students, are irrelevant because neither the individual Plaintiffs nor Defendant Manual Fontes were involved and because "they needlessly identify each Yale University employee accused of sexual misconduct by name." (Yale's Mot. at 5, 9.) Yale erroneously argues that the survey results "queried Yale University undergraduate *students*, not Medical Center employees," (*id.* at 7 (emphasis in original)), when the allegations include survey results of women in the graduate and professional programs at Yale. (SAC ¶ 63.) Plaintiffs argue that Paragraphs 42 through 65 are relevant because they contribute to the establishment of a "hostile, harassing and sexualized workplace environment," which harmed Plaintiffs in violation of Title VII, Title IX, and the CFEPA. (Pls.' Obj. at 3; *see also* SAC ¶¶ 225, 239, 251.)

## II.   Legal Framework

"Whether to grant or deny a motion to strike is vested in the trial court's sound discretion, [but generally] motions to strike are viewed unfavorably and rarely granted." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013) (internal citations omitted). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "If there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion." *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979). However, even if relevant, "portions of a complaint may be stricken where they are scandalous and are set out in needless detail." *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir. 1970); *see also Tucker*,

936 F. Supp. 2d at 16 ("[A] scandalous allegation has been described as one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court.")(internal quotations omitted).

### III.   Discussion

To determine relevancy, the Court begins by framing the issues alleged. *Burger v. Health Ins. Plan of Greater New York*, 684 F. Supp. 46, 52 (S.D.N.Y. 1988). Plaintiffs claim that Yale created a hostile environment in its Department of Anesthesiology by failing to take proper remedial action against harassing behavior that they knew or should have known occurred, thereby tolerating, condoning, or otherwise fostering an environment that caused the Plaintiffs to suffer damages. In determining hostile environment claims, courts are instructed to "consider the totality of the circumstances," including those instances of harassment that the employee may have learned about through second-hand accounts and those that may have occurred prior to an employee's tenure at the job. *Schwapp v. Town of Avon*, 118 F.3d 106, 111-12 (2d Cir. 1997); *see also Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000) ("[A] plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim."); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) ("Evidence of the harassment of women other than [plaintiff], if part of a pervasive or continuing pattern of conduct, was surely relevant to show the existence of a hostile environment [] and could have been found probative of the company's notice of that environment within the period that the district court viewed as relevant."). However, there are no allegations that Plaintiffs had knowledge of these ancillary cases or that they heightened their perception of a hostile environment.

While there may be connections between the responding Yale administrators in these ancillary cases and the case at hand, that remains for development during

discovery and is not captured in these allegations. The survey results that polled students at Yale, including "women in graduate or professional programs," (*id.* ¶ 63), would not be admissible as such unless and until they were shown to have impacted Plaintiffs, Yale administration or the faculty involved in this case. Plaintiffs claimed reports to Aley Menon, a member of the Yale *University-Wide* Committee on Sexual Misconduct, may be such a point of impact but is not alleged as such.

### IV.    Conclusion

Although evidence relates to the circumstances of the events referenced in Paragraphs 42 through 65 may turn out to be probative of Plaintiffs' claims of a hostile environment and Yale's disregard of sexual harassment claims lodged against Dr. Fontes, as pleaded they lack any relationship to Plaintiffs' allegations. Thus, Yale's Motion to Strike [Doc. # 113] is GRANTED.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of May 2021.